2:07CV759 -mht
-Page 2

RECEIVED

### MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

2007 AUG 24  A II: 01

| United States District Court | District | Middle District of Alabama |
|---|---|---|

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| Name (under which you were convicted): Tobie Melissa Kirkland | Docket or Case No.: CR - 0264-MHT |
|---|---|
| Place of Confinement: FCI - Tallahassee Florida | Prisoner No.: 11338-002 |
| UNITED STATES OF AMERICA | Movant (include name under which you were convicted) |

v.    Tobie Melissa Kirkland

### MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: _____

    Middle District of Alabama

    One Church Street

    Montgomery, Alabama  36104

    (b) Criminal docket or case number (if you know): _____

2. (a) Date of the judgment of conviction (if you know): _____

    07/26/2006

    (b) Date of sentencing: _07/26/2006_

3. Length of sentence: _24 months_

4. Nature of crime (all counts): _Probation Violation_

    _____

    _____

    _____

    _____

    _____

5. (a) What was your plea? (Check one)

    (1)   Not guilty ☐        (2)   Guilty ☒        (3)   Nolo contendere (no contest) ☐

    (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to? _____

    NA

    _____

    _____

    _____

6. If you went to trial, what kind of trial did you have? (Check one)    Jury ☐    Judge only ☐

7.  Did you testify at a pretrial hearing, trial, or post-trial hearing?    Yes ☐    No ☒

8.  Did you appeal from the judgment of conviction?    Yes ☐    No ☒

9.  If you did appeal, answer the following:

(a) Name of court: _____

(b) Docket or case number (if you know): _____

(c) Result: _____

(d) Date of result (if you know): _____

(e) Citation to the case (if you know): _____

(f) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

(g) Did you file a petition for certiorari in the United States Supreme Court?    Yes ☐    No ☒

If "Yes," answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

_____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

10. Other than the direct appeals listed above, have you previously filed any other motions,

petitions, or applications concerning this judgment of conviction in any court?

Yes ☐    No ☒

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?    Yes ❏    No ❏X

(7) Result: _____

(8) Date of result (if you know): _____

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?    Yes ❏    No ❏X

(7) Result: _____

(8) Date of result (if you know): _____

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition:        Yes ❏    No ❏X

(2) Second petition:        Yes ❏    No ❏X

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly
why you did not: _____

_____

_____

12. For this motion, state every ground on which you claim that you are being held in violation of the
Constitution, laws, or treaties of the United States. Attach additional pages if you have more
than four grounds. State the <u>facts</u> supporting each ground.

GROUND ONE: __My attorney was ineffective_____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
On 04/16/2006, I was arrested on state charges. In June 2006, I was picked-up
by the U.S. Marshals on a writ and was violated on 07/06/2006. My attorney advised
me that he would be present for my state hearings and would have my charges
ran-concurrently with my federal sentence of 24 months. I was returned to
the custody of Montgomery County. On 10/12/2006, I was also sentenced to
5 years. I remained in custody with the State of Alabama until 05/17/2007.
My attorney was present at this state hearing on the aboved mentioned date.
My attorney is a federal defender.

_____

_____

_____

(b) Direct Appeal of Ground One:
  (1) If you appealed from the judgment of conviction, did you raise this issue?
        Yes ☐    No ☒
  (2) If you did not raise this issue in your direct appeal, explain why: _____

_____

(c) Post-Conviction Proceedings:
  (1) Did you raise this issue in any post-conviction motion, petition, or application?
        Yes ☐   No ☒
  (2) If your answer to Question (c)(1) is "Yes," state:
  Type of motion or petition: _____
  Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

    Yes ❑   No ☒

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ❑   No ❑x

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ❑   No ☒

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or

raise this issue: _____

_____

_____

_____

_____

**GROUND TWO:** __NA_____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(b) **Direct Appeal of Ground Two:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❏    No ❏

    (2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❏    No ❏

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition: _____

    Name and location of the court where the motion or petition was filed: _____

_____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ❏    No ❏

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ❏    No ❏

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ❏    No ❏

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: _____

_____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available):_____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or

raise this issue: _____

_____

_____

_____

_____

**GROUND THREE:** ___NA_____

_____

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(b) **Direct Appeal of Ground Three:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❏   No ❏

    (2) If you did not raise this issue in your direct appeal, explain why: _____

    _____

    _____

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❏   No ❏

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition: _____

    Name and location of the court where the motion or petition was filed: _____

    _____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

    Yes ❑     No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ❑     No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ❑     No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or

raise this issue: _____

_____

_____

_____

_____

_____

**GROUND FOUR:** _NA_____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

(b)  **Direct Appeal of Ground Four:**

  (1) If you appealed from the judgment of conviction, did you raise this issue?

  Yes ❏  No ❏

  (2) If you did not raise this issue in your direct appeal, explain why: _____

  _____

(c) **Post-Conviction Proceedings:**

  (1) Did you raise this issue in any post-conviction motion, petition, or application?

  Yes ❏  No ❏

  (2) If your answer to Question (c)(1) is "Yes," state:

  Type of motion or petition: _____

  Name and location of the court where the motion or petition was filed: _____

  _____

  Docket or case number (if you know): _____

  Date of the court's decision: _____

  Result (attach a copy of the court's opinion or order, if available): _____

  _____

  (3) Did you receive a hearing on your motion, petition, or application?

  Yes ❏  No ❏

  (4) Did you appeal from the denial of your motion, petition, or application?

  Yes ❏  No ❏

  (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

  Yes ❏  No ❏

  (6) If your answer to Question (c)(4) is "Yes," state:

  Name and location of the court where the appeal was filed: _____

  _____

  Docket or case number (if you know): _____

  Date of the court's decision: _____

  Result (attach a copy of the court's opinion or order, if available): _____

  _____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or

raise this issue: _____

_____

_____

_____

_____

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court?

If so, which ground or grounds have not been presented, and state your reasons for not

presenting them: _____NO_____

_____

_____

_____

_____

_____

_____

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court

for the judgment you are challenging?        Yes ☐   No ☒

If "Yes," state the name and location of the court, the docket or case number, the type of

proceeding, and the issues raised. _____

_____

_____

_____

_____

15. Give the name and address, if known, of each attorney who represented you in the following

stages of the judgment you are challenging:

(a) At preliminary hearing: _____

Mr. Kevin Butler    201 Monroe Street Montgomery Alabama 36104

(b) At arraignment and plea: ___same_____

(c) At trial: _____

(d) At sentencing: ___same_____

_____

(e) On appeal: __NA__

(f) In any post-conviction proceeding: __NA__

(g) On appeal from any ruling against you in a post-conviction proceeding: _____
     __NA__

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?     Yes ❑ No ☒

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?     Yes ❑ No ☒

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: _____

(b) Give the date the other sentence was imposed: __NA__

(c) Give the length of the other sentence: __NA__

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?     Yes ❑   No ☒

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*_____

The past year I have been in custody with State of Alabama.  Once I was in Federal Corrections Institution, I was advised to address the court of my situation.  I arrived here at FCI - Tallahassee on 06/27/2007.

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of —

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Page 14

Therefore, movant asks that the Court grant the following relief: _____

_____ Any fees or costs _____

_____

or any other relief to which movant may be entitled.


_____

Signature of Attorney (if any)


I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _August 20_, 2007 _____ (month, date, year).


Executed (signed) on __08/20/2007_____ (date).

*John M. Kirkland*

Signature of Movant


If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion. _____

_____

_____

August 21, 2007


United States of America
Middle District of Alabama
The Clerk of Court
One Chruch Street
Montgomery, Alabama    36104

RECEIVED

2007 AUG 24 A 11: 01

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

Re: Tobie Melissa Kirkland; 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
    Case No: 2:03 - CR - 0264-MHT

Dear Clerk of Court:

On April 18, 2006, I was arrested by Montgomery County for
TOPI and possession of a forged instrument.  I was then
picked up, on a writ, by the U.S. Marshal's to be in your
court July 26, 2006.  On July 26, 2006, I was violated and
sentenced to 24 months.  I was then returned to Montgomery
County for my court appearance.  Mr. Kevin Butler assured
me that my state judge would drop my state charges, since
I had a federal sentence.  On, October 12, 2006, Judge
Thurman Hobbs, Jr. sentenced me to 5 years with the De-
partment of Corrections to run concurrently with my
federal sentence.  Mr. Kevin Butler was present at this
hearing.

I have been incarcerated since April 18, 2006, and was granted
parole on May 17, 2007.  On May 21, 2007, the U.S. Marshal's
picked me up from State custody.  Mr. Kevin Butler was my
federal defender and was ineffective.  I have attached a
motion 2255 to be filed in your court.  Mr. Butler was
ineffective while representing me at my revocation hearing
and my State hearing by not asking your honor to run my
sentences concurrently.

Based on the information enclosed and the information raised
above, I pray that the court will grant me jail credit.


Sincerely,

Tobie M. Kirkland

Tobie M. Kirkland - 11338-002
Federal Corrections Institution
501 Capital Circle N.E.
Tallahassee, Florida  32301


/enclosures

```
TALT6  540*23 *              SENTENCE MONITORING          *      08-15-2007
PAGE 001          *          COMPUTATION DATA             *      06:49:43
                             AS OF 08-15-2007
```

REGNO..: 11338-002 NAME: KIRKLAND, TOBIE MELISSA


```
FBI NO...........: 262801DC1            DATE OF BIRTH: 03-31-1975
ARS1.............: TAL/A-DES
UNIT.............: D UNIT                QUARTERS.....: D01-003L
DETAINERS........: NO                    NOTIFICATIONS: NO
```

PRE-RELEASE PREPARATION DATE: 12-14-2008

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  02-14-2009 VIA GCT REL

----------------------CURRENT JUDGMENT/WARRANT NO: 020 ----------------------

```
COURT OF JURISDICTION...........: ALABAMA, MIDDLE DISTRICT
DOCKET NUMBER...................: 2:03-CR-0264-MHT
JUDGE...........................: THOMPSON
DATE SENTENCED/PROBATION IMPOSED: 04-20-2004
DATE PROBATION REVOKED..........: 07-26-2006
TYPE OF PROBATION REVOKED.......: REG
DATE COMMITTED..................: 05-21-2007
HOW COMMITTED...................: PROBATION VIOL (US OR DC CD)
PROBATION IMPOSED...............: NO
```

```
                FELONY ASSESS  MISDMNR ASSESS  FINES        COSTS
NON-COMMITTED.: $100.00        $00.00          $00.00       $00.00
```

RESTITUTION...: PROPERTY:  NO  SERVICES:  NO       AMOUNT:  $51,786.39

-------------------------CURRENT OBLIGATION NO: 010 -------------------------
OFFENSE CODE....: 156
OFF/CHG: 18:2113(B): BANK THEFT

```
  SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
  SENTENCE IMPOSED/TIME TO SERVE.:  24 MONTHS
  TERM OF SUPERVISION............:   3 YEARS
  WEEKENDS/OVERNIGHTS INVOLVED...: YES
  DATE OF OFFENSE................: 05-11-1999
```

G0002       MORE PAGES TO FOLLOW . . .

```
   TALT6  540*23 *          SENTENCE MONITORING        *      08-15-2007
PAGE 002 OF 002 *          COMPUTATION DATA           *      06:49:43
                            AS OF 08-15-2007

REGNO..: 11338-002 NAME: KIRKLAND, TOBIE MELISSA


------------------------CURRENT COMPUTATION NO: 020 ------------------------

COMPUTATION 020 WAS LAST UPDATED ON 08-14-2007 AT DSC AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 020: 020 010

DATE COMPUTATION BEGAN..........: 05-21-2007
TOTAL TERM IN EFFECT............:   24 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:    2 YEARS
EARLIEST DATE OF OFFENSE........: 05-11-1999

JAIL CREDIT.....................:  FROM DATE      THRU DATE
                                   12-04-2003     12-04-2003

TOTAL PRIOR CREDIT TIME.........: 1
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 94
TOTAL GCT EARNED................: 0
STATUTORY RELEASE DATE PROJECTED: 02-14-2009
SIX MONTH /10% DATE.............: N/A
EXPIRATION FULL TERM DATE.......: 05-19-2009


PROJECTED SATISFACTION DATE.....: 02-14-2009
PROJECTED SATISFACTION METHOD...: GCT REL

REMARKS.......: PROBATION VIOLATOR




G0000        TRANSACTION SUCCESSFULLY COMPLETED
```

```
   TALT6   542*22 *              SENTENCE MONITORING           *        08-15-2007
PAGE 001 OF 001 *                 GOOD TIME DATA               *        06:50:19
                                 AS OF   08-15-2007

REGNO...: 11338-002    NAME: KIRKLAND, TOBIE MELISSA
ARS 1...: TAL A-DES                                    PLRA
COMPUTATION NUMBER..: 020              FUNC..: PRT    ACT DT:
LAST UPDATED:  DATE.: 08-14-2007       FACL..: DSC     CALC: AUTOMATIC
UNIT................: D UNIT           QUARTERS............: D01-003L
DATE COMP BEGINS....: 05-21-2007       COMP STATUS.........: COMPLETE
TOTAL JAIL CREDIT...: 1                TOTAL INOP TIME.....: 0
CURRENT REL DT......: 05-19-2009 TUE   EXPIRES FULL TERM DT: 05-19-2009
PROJ SATISFACT DT...: 02-14-2009 SAT   PROJ SATISF METHOD..: GCT REL
ACTUAL SATISFACT DT.:                  ACTUAL SATISF METHOD:
DAYS REMAINING......:                  FINAL PUBLC LAW DAYS:

------------------------GOOD CONDUCT TIME AMOUNTS------------------------

   START        STOP       MAX POSSIBLE TO    ACTUAL TOTALS    VESTED     VESTED
   DATE         DATE       DIS    FFT        DIS    FFT        AMOUNT     DATE
05-20-2007   05-19-2008    54
05-20-2008   02-14-2009    40

        TOTAL EARNED AMOUNT.........................................:        0
        TOTAL EARNED AND PROJECTED AMOUNT..........................:       94
```

| State of Alabama Unified Judicial System | **CASE ACTION SUMMARY** | Case Number |
|---|---|---|
| Form C-7     Rev  2/79 | **CONTINUATION** | CC 06-1093 |

Style: _Tobie Kirkland etc Ebor Park_

|  | Page Number _____ of _____ Pages |
|---|---|
| **DATE** | **ACTIONS, JUDGMENTS, CASE NOTES** |

Court given and considered the sentencing guidelines worksheet.
Defendant and attorney appeared for sentencing. Court asked if he/she had anything to say
why sentence should not now be pronounced, and Defendant had his/her say.

HOA Enhancements Applicable            (Yes)/ No
Defendant Admits ____2____            State proves _____ priors

**IT IS ORDERED:**   _All counts_

Sentenced to _____5_____ yrs./ split to serve _____ yrs.
_____ reverse split postpone _____ mo./year  Review _____
Concurrent _05 - 751_            Consecutive _____
_____ To be served in Community Corrections

Suspended YES (NO) Supervised / Probation _____ years
End of Split Sentence _____ years supervised probation
_____ DOC to give 60 day notice prior to E.O.S.

ENHANCEMENTS:          $1000 / 2000 Enhancement Fine
              _____ Remit portion completion of SAP
              _____ Driver License suspended / revoked
              _____ $100 DFS fee _____
              _____ years School / _____ years Public Housing
              _____ years Sale under 18

Boot Camp _____ SAP _____ Review upon completion – YES_____ GED _____
Work Release_____ Community Service _____ hrs.  Trash Pickup _____ hrs.
Maintain Employment _____ Aftercare _____ AA/NA _____
OTHER: _____
_____

Restitution $ ~~$500~~ — 0 — _____ Co-Defendant(s)_____
Jointly and Severally liable   Crime Victim $25.00 / $50.00
Court Costs _____ Attorney Fees $150.00/ _____ Fine $ _____
Payment $ _____ Mo/Week  Begin _____ /06 or ½ monies
earned _____ while at DOC

Review / Other _____

Defendant advised right to appeal. Defendant did / did not reserve issue for appeal or
to withdraw the plea.  Defendant to be given credit for time served.  Appeal Bond set
$ _____

                    **TRUMAN M. HOBBS, JR.**
                    **CIRCUIT JUDGE**

```
ACR0372                ALABAMA JUDICIAL INFORMATION SYSTEM        CASE: CC 2006 001093.
OPER: DBH                      CASE ACTION SUMMARY
PAGE:   1                        CIRCUIT  CRIMINAL               RUN DATE: 07/20/20
=====================================================================================
IN THE CIRCUIT COURT OF MONTGOMERY
                                                                           JUDGE: T
STATE  OF  ALABAMA                    VS       RUSH TOBIE MELISSA
                                               2119 FAIRWAY COURT
CASE: CC 2006 001093.00
                                               MONTGOMERY, AL  36116 0000

DOB: 03/31/1975           SEX: F  RACE: B  HT: 5 05  WT: 155   HR: BLK EYES: BR
SSN: 420275686 ALIAS NAMES: TOBIE MELISSA KIRKLAND    HORTON TRACY R.
=====================================================================================
CHARGE01: POSS FORGED INSTR 2N CODE01: CPF2  LIT: POSS FORGED IN TYP: F #: 00
CHARGE02: POSS FORGED INSTR 2N CODE02: CPF2                     TYP: F #: 00
CHARGE03: THEFT OF PROP 1ST     CODE03: TOP1                    TYP: F #: 00
OFFENSE DATE: 12/07/2005                AGENCY/OFFICER: 0030100

DATE WAR/CAP ISS:
DATE      INDICTED: 07/14/2006          DATE ARRESTED: 04/18/2006
DATE     RELEASED:                      DATE    FILED: 07/20/2006
BOND       AMOUNT:     $3,000.00        DATE  HEARING:
                                            SURETIES:
DATE 1:              DESC:
DATE 2: 08/24/2006   DESC: ARRG         TIME: 0000
                                        TIME: 0830 A
TRACKING NOS: GJ 2006 070067 00  /                        /
     DEF/ATY: W Durant              TYPE:
                                                              TYPE:
                        00000                       00000
PROSECUTOR:
=====================================================================================
                                                                      Oct 2
OTH CSE: GJ200607006700 CHK/TICKET NO: 2006F-676        GRAND JURY: 67
COURT REPORTER: ------------- SID NO:        013070370
DEF STATUS: JAIL            DEMAND:                            OPER: DBH
=====================================================================================
DATE      ACTIONS, JUDGEMENTS, AND NOTES
```

Defendant arraigned. Durant
appointed as attorney.
Pre-trial date        9/1?
Trial date            1/?2
Y/O hearing
Defendant pleads not guilty
Discovery given or not given
in open court
                Truman Hobbs, Jr.

8 28 dy   Hold in jail until further notice

| State of Alabama Unified Judicial System | CASE ACTION SUMMARY CONTINUATION | Case Number |
|---|---|---|
| Form C-7     Rev 2/79 | | CC _06-1093_ |

Style: _Tobie M. Rush_                                                                    _TMH_

Page Number _____ of _____ Pages

| DATE | ACTIONS, JUDGMENTS, CASE NOTES |
|---|---|
| 9/28/06 | Y.O.A. GRANTED / DENIED. |

States Motion/Nolle Prosse Count(s) _____ Granted

State's Motion To Dismiss Count(s) _____ Granted

State's Motion to Amend Count _____ to

_____ Granted

The Defendant is before the Court and is represented. The Court on record fully explained all Constitutional rights. The Court is convinced that Defendant comes into court voluntarily and understands all his rights. Exhibit A is signed by Defendant and counsel and the record affirmatively shows colloquy between the Judge and Defendant and that Defendant fully and completely understands he is waiving his Constitutional rights and other effects of a guilty plea and the consequences thereof and the sentence that could be imposed. Upon the conclusion of said colloquy the Court accepts the guilty plea and finds Defendant guilty and enters a judgment of guilt to the charge of

_CPFI II x 2, POPI_

Notice of HOA / Drug / Weapon Enhancements given _____

P.S.I. ORDERED / WAIVED

Sentencing date is _Oct. 12_ , 20_06_ at 8:30 a.m.

**TRUMAN M. HOBBS, JR.**
**CIRCUIT JUDGE**

Federal Corrections Institution
Tobie Kirkland 11338-002
501 Capital Circle N.E.
Tallahassee, Florida 32301



United States of America
Middle District of Alabama
The Clerk of Court
One Church Street
Montgomery, Alabama 36104



# U.S. District Court
## Alabama Middle District (Montgomery)
## CRIMINAL DOCKET FOR CASE #: 2:03-cr-00264-MHT-DRB All Defendants
## Internal Use Only

Case title: USA v. Kirkland

Date Filed: 11/20/2003
Date Terminated: 04/26/2004

---

Assigned to: Judge Myron H.
Thompson
Referred to: Honorable Delores R. Boyd

**Defendant**

**Tobie Melissa Kirkland** (1)
*TERMINATED: 04/26/2004*

represented by **Joseph Peter Van Heest**
Law Office of Joseph P. Van Heest,
LLC
P.O. Box 4026
402 S Decatur St
Montgomery, AL 36103
334-263-3551
Fax: 334-263-3227
Email: jpvanheestcourts@bellsouth.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or*
*Community Defender Appointment*

**Kevin L. Butler**
Federal Defenders
Middle District of Alabama
201 Monroe Street, Suite 407
Montgomery, AL 36104
334-834-2099
Fax: 834-0353
Email: kevin_butler@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or*
*Community Defender Appointment*

**Federal Defender**
Federal Defenders
Middle District of Alabama

201 Monroe Street, Suite 1960
Montgomery, AL 36104
334-834-2099
Fax: 834-0353
Email: ECFCMALM@fd.org
*Designation: Public Defender or*
*Community Defender Appointment*

| **Pending Counts** | **Disposition** |
|---|---|
| 18:2113(b) ROBBERY OF PROPERTY OR MONEY > $100 - NMT $250,000, [*]; NMT 10Y, B; NMT 3Y SUP REL; $100 SA; VWPA; G-LINES<br>(1s) | 5 Years Probation; $100 SA; $18,312.20 Restitution. 7/6/06: REVOKED - 24 Mos Imp; 3 Yrs Sup Rel Restitution $51,786.39 (included additional restitution in the amount of $33,474.19) |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| 18:1344 BANK FRAUD - NMT $1,000,000; [*]; NMT 30Y; B; NMT 5Y SUP REL; G-LINES; VWPA; $100 SA<br>(1) | DISMISSED ON GOVERNMENT'S MOTION |

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
|---|---|
| None | |

---

**Plaintiff**

| **United States of America** | represented by | **Stephen P. Feaga**<br>U.S. Attorney's Office<br>PO Box 197<br>Montgomery, AL 36101-0197<br>334-223-7280<br>Fax: 223-7560<br>Email: steve.feaga@usdoj.gov<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
|---|---|---|

**Tommie Brown Hardwick**
U.S. Attorney's Office
PO Box 197
Montgomery, AL 36101-0197
334-223-7280
Fax: 334-223-7135
Email: tommie.hardwick@usdoj.gov
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/20/2003 | 1 | INDICTMENT as to Tobie Melissa Kirkland (1) count(s) 1 (jct) (Entered: 11/24/2003) |
| 11/20/2003 | | (Court only) **Added Government Attorney Stephen P. Feaga as to Tobie Melissa Kirkland (jct) (Entered: 11/24/2003) |
| 11/20/2003 | | (Court only) **Added party Tobie Melissa Kirkland, US Marshals Service, Montgomery U.S. Probation, U.S. Pretrial, USA Financial Unit (jct) (Entered: 11/24/2003) |
| 11/20/2003 | | Magistrate Judge Delores R. Boyd assigned to case for discovery matters as well as matters subsequently referred by District Judge . (jct) (Entered: 11/24/2003) |
| 11/20/2003 | | (jct) (Entered: 11/24/2003) |
| 11/24/2003 | 2 | Arrest WARRANT issued as to Tobie Melissa Kirkland (jct) (Entered: 11/24/2003) |
| 12/04/2003 | | ARREST of Tobie Melissa Kirkland (sql) (Entered: 12/05/2003) |
| 12/04/2003 | 3 | CJA 23 FINANCIAL AFFIDAVIT by Tobie Melissa Kirkland (sql) (Entered: 12/05/2003) |
| 12/04/2003 | | ORAL ORDER as to Tobie Melissa Kirkland , Appointing Federal Public Defender ( Entered by Mag. Judge Delores R. Boyd ) (sql) (Entered: 12/05/2003) |
| 12/04/2003 | | (Court only) **Added for Tobie Melissa Kirkland Attorney Federal Defender (sql) (Entered: 12/05/2003) |
| 12/04/2003 | | Initial appearance as to Tobie Melissa Kirkland held before Mag. Judge Delores R. Boyd on 12/4/03 (Defendant informed of rights.) (sql) (Entered: 12/05/2003) |
| 12/04/2003 | | ARRAIGNMENT as to Tobie Melissa Kirkland held before Mag. Judge Delores R. Boyd on 12/4/03 Defendant(s) appeared with counsel and after having been advised of Defendant(s') rights, entered a plea of not guilty. [FTR: 2:54 - 3:14 pm] (sql) (Entered: 12/05/2003) |

| 12/04/2003 | | PLEA of Not Guilty: Tobie Melissa Kirkland (1) count(s) 1 ; Court accepts plea. (sql) (Entered: 12/05/2003) |
|---|---|---|
| 12/04/2003 | 4 | Courtroom Deputy's Minutes as to Tobie Melissa Kirkland of initial appearance and arraignment.: (sql) (Entered: 12/05/2003) |
| 12/04/2003 | 5 | ORDER Setting Conditions of Release as to Tobie Melissa Kirkland Bond set to $25,000 non-surety for Tobie Melissa Kirkland. ( Signed by Mag. Judge Delores R. Boyd ) Copies mailed to: deft, Copies furnished to: usa, ptso, uspo, cdo, usm (sql) (Entered: 12/05/2003) |
| 12/04/2003 | 6 | BOND entered by Tobie Melissa Kirkland Bond set to $25,000 non-surety for Tobie Melissa Kirkland. (sql) (Entered: 12/05/2003) |
| 12/08/2003 | 7 | ORDER on Arraignment as to Tobie Melissa Kirkland that all discovery shall be conducted according to this court's standing order on criminal discovery; directing that Discovery by the government is due on or before 12/12/03 for Tobie Melissa Kirkland; Disclosures by the defendant are due by 12/19/03; Pretrial Motions due by 1/7/04 for Tobie Melissa Kirkland ; Pretrial Conference is set for 2:30 p.m.on 1/12/04 for Tobie Melissa Kirkland in U.S. Courthouse before Mag. Judge Delores R. Boyd; that any requested voir dire questions and jury instructions must be field no later than 1/20/04; Jury Trial set for 1/26/04 for Tobie Melissa Kirkland in U.S. Courthouse before Unassigned Judge and government response to pretrial motions due 10 days from motion filing date. ( Signed by Mag. Judge Delores R. Boyd Copies mailed to: Deft, Copies furnished to: USA, USM, USPO, USPTS, FD, SC, SL, YG, HC, WR (ws) (Entered: 12/08/2003) |
| 12/08/2003 | 8 | Arrest WARRANT Returned Executed as to Tobie Melissa Kirkland on 12/4/03 (snc) (Entered: 12/08/2003) |
| 12/08/2003 | 9 | NOTICE of Appearance for Tobie Melissa Kirkland by Attorney Joseph Peter Van Heest (ws) (Entered: 12/08/2003) |
| 01/07/2004 | | Deadline updated as to Tobie Melissa Kirkland, set Pretrial Conference for for 2:30 1/12/04 for Tobie Melissa Kirkland at Courtroom 4A before Mag. Judge Delores R. Boyd in Courtroom 4A (sql) (Entered: 01/07/2004) |
| 01/12/2004 | | Pre-trial conference as to Tobie Melissa Kirkland held before Mag. Judge Delores R. Boyd on 1/12/04 [FTR: 2:56 - 2:58 pm] (sql) (Entered: 01/13/2004) |
| 01/12/2004 | 10 | Courtroom Deputy's Minutes as to Tobie Melissa Kirkland of pre-trial conference.: (sql) (Entered: 01/13/2004) |
| 01/13/2004 | 11 | PRETRIAL CONFERENCE ORDER as to Tobie Melissa Kirkland setting Jury Selection for 1/26/04, before Judge Myron H. Thompson , setting Jury Trial on 1/26/04 before Judge Myron H. Thompson , setting voir dire questions deadline for 1/20/04 , setting Motion in limine Filing deadline for 1/20/04 , setting proposed jury instructions due on 1/20/04 , |

| | | setting Plea Agreement deadline for 1/20/04 ( Signed by Mag. Judge Delores R. Boyd ) Copies mailed to: dft, Copies furnished to: counsel, usa, usm, uspo, uspts, yg, hc (snc) (Entered: 01/13/2004) |
|---|---|---|
| 01/13/2004 | | CASE assigned to Judge Myron H. Thompson (snc) (Entered: 01/13/2004) |
| 01/13/2004 | 12 | NOTICE of Intent to Change Plea by Tobie Melissa Kirkland (snc) (Entered: 01/14/2004) |
| 01/14/2004 | 13 | ORDER as to Tobie Melissa Kirkland referring the defendant to the Magistrate Judge for guilty plea proceedings ( Signed by Judge Myron H. Thompson ) Copies mailed to: dft, Copies furnished to: counsel, usa (snc) (Entered: 01/14/2004) |
| 01/15/2004 | 14 | ORDER as to Tobie Melissa Kirkland setting Change of Plea Hearing for 3:00 1/20/04 before Mag. Judge Delores R. Boyd in Courtroom 4A , directing the Clerk to provide a court reporter, and directing the USM to produce the defendant, if in custody ( Signed by Mag. Judge Delores R. Boyd ) Copies mailed to: dft, Copies furnished to: counsel, usa, usm, uspo, uspts, sl, hc, yg (snc) (Entered: 01/15/2004) |
| 01/16/2004 | 15 | INFORMATION as to Tobie Melissa Kirkland (1) count(s) 1s (sql) (Entered: 01/22/2004) |
| 01/20/2004 | 16 | CONSENT TO ENTER PLEA BEFORE A U. S. MAGISTRATE JUDGE by Tobie Melissa Kirkland and counsel, Joe Van Heest, in a felony case. (sql) (Entered: 01/22/2004) |
| 01/20/2004 | 17 | WAIVER OF INDICTMENT by Tobie Melissa Kirkland (sql) (Entered: 01/22/2004) |
| 01/20/2004 | 18 | Plea Agreement as to Tobie Melissa Kirkland (sql) (Entered: 01/22/2004) |
| 01/20/2004 | | Change of Plea hearing held in order for defendant to change his/her plea to a plea of, Guilty: Tobie Melissa Kirkland (1) count(s) 1s . Court will recommend acceptance of plea. [Dickens - reporter] (sql) (Entered: 01/22/2004) |
| 01/20/2004 | 19 | Courtroom Deputy's Minutes as to Tobie Melissa Kirkland of change of plea hearing.: (sql) (Entered: 01/22/2004) |
| 01/20/2004 | 20 | ORDER as to Tobie Melissa Kirkland releasing defendant pending sentencing as further set out. ( Signed by Mag. Judge Delores R. Boyd ) Copies mailed to: deft, Copies furnished to: usa, ptso, uspo, cdo, usm (sql) (Entered: 01/22/2004) |
| 01/22/2004 | 21 | REPORT AND RECOMMENDATIONS of Mag. Judge Delores R. Boyd as to Tobie Melissa Kirkland Re: Plea of Guilty, Objections due by 2/4/04 [21-1] report and recommendations Copies mailed to: Deft, Copies furnished to: USA, USM, USPO, USPTS, FD, SC, SL (ws) (Entered: 01/22/2004) |

| 02/02/2004 | [22](#) | ORDER as to Tobie Melissa Kirkland accepting the defendant's plea of guilty and adjudicating him guilty , and directing that applicable deadlines be terminated and that applicable motions be denied as moot ( Signed by Judge Myron H. Thompson ) Copies mailed to: dft, Copies furnished to: counsel, usa, usm, uspo, uspts (snc) (Entered: 02/02/2004) |
| 02/02/2004 | [23](#) | ORDER as to Tobie Melissa Kirkland setting Sentencing for 9:00 4/20/04 before Judge Myron H. Thompson in Courtroom 2E , directing counsel to communicate in writing to the PO by 3/29/04 any objections to the PSR, and directing parties to be available for a conference with PO on 3/31/04 at 11:00 a.m., as outlined in order ( Signed by Judge Myron H. Thompson ) Copies mailed to: dft, furnished to: counsel, usa, usm, uspo, uspts, yg, hc (snc) (Entered: 02/02/2004) |
| 04/15/2004 | [24](#) | MOTION for Downward Departure by Tobie Melissa Kirkland. (Van Heest, Joseph) (Entered: 04/15/2004) |
| 04/20/2004 | | Payment Received: as to Tobie Melissa Kirkland $ 100.00 assessment payment; receipt number 101884 (ws, ) (Entered: 04/20/2004) |
| 04/20/2004 | | SENTENCING HEARING held before Judge Myron H. Thompson on 4/20/2004 for defendant Tobie Melissa Kirkland as to count 1s. (Court Reporter Mitchell Reisner.) (snc) (Entered: 04/23/2004) |
| 04/20/2004 | | ORAL ORDER granting defendant's [24](#) Motion for Downward Departure as to Tobie Melissa Kirkland (1). Signed by Judge Myron H. Thompson on 4/20/2004. (snc) (Entered: 04/23/2004) |
| 04/20/2004 | [25](#) | Minute Entry for Sentencing Hearing held before Judge Myron H. Thompson on 4/20/2004 for Tobie Melissa Kirkland (1). Count 1s: 5 Years Probation; $100 SA; $18,312.20 Restitution. (Court Reporter Mitchell Reisner.) (snc) (Entered: 04/23/2004) |
| 04/26/2004 | [26](#) | JUDGMENT as to Tobie Melissa Kirkland (1). Count 1: DISMISSED ON GOVERNMENT'S MOTION; Count 1s: 5 Years Probation, to include 4 months HC; $100 SA; $18,312.20 Restitution . Signed by Judge Myron H. Thompson on 4/26/2004. (snc) (Entered: 04/26/2004) |
| 04/26/2004 | | (Court only) ***Set/Clear Flags as to Tobie Melissa Kirkland, ***Case Terminated as to Tobie Melissa Kirkland (snc) (Entered: 04/26/2004) |
| 06/18/2004 | | (Court only) Payment Received: as to Tobie Melissa Kirkland $ 300.00 rest.payment; receipt number 102690 (ws) (Entered: 06/21/2004) |
| 08/23/2004 | | (Court only) Payment Received: as to Tobie Melissa Kirkland $ 300.00 rest. payment; receipt number 103313 (ws, ) (Entered: 08/23/2004) |
| 11/17/2004 | | (Court only) Payment Received: as to Tobie Melissa Kirkland $ 150.00 rest. payment; receipt number 104465 (ws, ) (Entered: 11/18/2004) |
| 02/14/2005 | | (Court only) Payment Received: as to Tobie Melissa Kirkland $ 160.00 rest. payment, receipt number 105343 (ws, ) (Entered: 02/15/2005) |

| 03/18/2005 | | (Court only) Payment Received: as to Tobie Melissa Kirkland $ 150.00 rest. payment, receipt number 105720 (ws, ) (Entered: 03/21/2005) |
|---|---|---|
| 04/18/2005 | | (Court only) Payment Received: as to Tobie Melissa Kirkland $ 200.00 rest.payment, receipt number 106017 (ws, ) (Entered: 04/19/2005) |
| 06/02/2005 | | (Court only) Payment Received: as to Tobie Melissa Kirkland $ 300.00 rest. payment, receipt number 106522 (ws, ) (Entered: 06/07/2005) |
| 09/16/2005 | 27 | PETITION for Modifying Conditions of Supervision with Consent of the Offender by USPO as to Tobie Melissa Kirkland. (Attachments: # 1)(Wright, Scott) (Entered: 09/16/2005) |
| 09/16/2005 | | (Court only) Payment Received: as to Tobie Melissa Kirkland $ 200.00 rest. payment, receipt number 107691 (ws, ) (Entered: 09/16/2005) |
| 09/19/2005 | 28 | ORDER granting 27 Motion to Modify Conditions of Supervision as to Tobie Melissa Kirkland (1) as follows: The defendant shall serve four (4) consecutive weekends in a jail facility to be designated by the FBOP, as outlined in order. Signed by Judge Myron H. Thompson on 9/19/05. (snc) (Entered: 09/19/2005) |
| 10/18/2005 | | (Court only) Payment Received: as to Tobie Melissa Kirkland $ 300.00 rest. payment, receipt number 108001 (ws, ) (Entered: 10/18/2005) |
| 11/17/2005 | | (Court only) Payment Received: as to Tobie Melissa Kirkland $ 300.00 rest. payment, receipt number 108468 (ws, ) (Entered: 11/18/2005) |
| 11/29/2005 | 29 | NONCOMPLIANCE SUMMARY by United States Probation Officer as to Tobie Melissa Kirkland (filed as directed by the Court) (snc) (Entered: 12/06/2005) |
| 12/06/2005 | 30 | ORDER as to Tobie Melissa Kirkland setting the non-compliance summary, dated 11/28/05, for a Status Conference on 12/21/2005 02:00 PM in Courtroom 2E before Honorable Myron H. Thompson. The defendant and her attorney along with the government and the PO are to be present at the conference. Signed by Judge Myron H. Thompson on 12/6/05. (snc) (Entered: 12/06/2005) |
| 12/09/2005 | 31 | CJA 23 Financial Affidavit by Tobie Melissa Kirkland (snc) (Entered: 12/09/2005) |
| 12/09/2005 | 32 | AMENDED NONCOMPLIANCE SUMMARY by United States Probation as to Tobie Melissa Kirkland (snc) (Entered: 12/09/2005) |
| 12/12/2005 | 33 | ORDER as to Tobie Melissa Kirkland setting Status Conference on the supplemental non-compliance summary for 12/21/2005 02:00 PM in Courtroom 2E before Honorable Myron H. Thompson, and directing the clerk to arrange for the appointment of counsel for defendant Kirkland. Signed by Judge Myron H. Thompson on 12/12/05. (snc) (Entered: 12/12/2005) |

| | | |
|---|---|---|
| 12/20/2005 | | (Court only) ***Set/Clear Flag ("C") as to Tobie Melissa Kirkland (snc) (Entered: 12/20/2005) |
| 12/21/2005 | 34 | NOTICE OF ATTORNEY APPEARANCE Tommie Brown Hardwick appearing for USA. (Hardwick, Tommie) (Entered: 12/21/2005) |
| 12/21/2005 | 35 | Minute Entry for STATUS CONFERENCE held before Judge Myron H. Thompson as to Tobie Melissa Kirkland on 12/21/2005 re 29 noncompliance summary and 32 amended noncompliance summary (Court Reporter Mitchell Reisner.) (snc) (Entered: 12/22/2005) |
| 12/21/2005 | | (Court only) Payment Received: as to Tobie Melissa Kirkland $ 160.00 rest. payment, receipt number 108778 (ws, ) (Entered: 01/05/2006) |
| 12/23/2005 | 36 | ORDER TO SHOW CAUSE as to Tobie Melissa Kirkland re non-compliance summaries 29 and 32 directing the defendant to appear on 2/27/2006 10:00 AM in Courtroom 2E before Honorable Myron H. Thompson to Show Cause why her probation should not be revoked. Signed by Judge Myron H. Thompson on 12/23/05. (snc) (Entered: 12/23/2005) |
| 01/04/2006 | 37 | NOTICE OF ATTORNEY APPEARANCE: Kevin L. Butler appearing for Tobie Melissa Kirkland (Butler, Kevin) (Entered: 01/04/2006) |
| 02/16/2006 | 38 | MOTION to Continue *REVOCATION HEARING (UNOPPOSED)* by Tobie Melissa Kirkland. (Butler, Kevin) (Entered: 02/16/2006) |
| 02/21/2006 | 39 | ORDER as to Tobie Melissa Kirkland (1) granting 38 MOTION to Continue *REVOCATION HEARING (UNOPPOSED)* filed by Tobie Melissa Kirkland, and (2) resetting Revocation Hearing (show cause hearing), now set for 2/27/06, for 4/4/2006 10:00 AM in Courtroom 2E before Honorable Myron H. Thompson. Signed by Judge Myron H. Thompson on 2/21/06. (snc) (Entered: 02/21/2006) |
| 04/04/2006 | 40 | Minute Entry for Show Cause Hearing re: Revocation Issue (Noncompliance Summaries, Doc. 29 & 32 held before Judge Myron H. Thompson as to Tobie Melissa Kirkland on 4/4/2006 (Court Reporter Mitchell Reisner.) (Attachments: # 1 Exhibit List; located in expansion folder with case file) (ag, ) (Entered: 04/04/2006) |
| 04/04/2006 | 41 | ORDER as to Tobie Melissa Kirkland directing that the defendant's term of probation is continued . Signed by Judge Myron H. Thompson on 4/4/06. (snc, ) (Entered: 04/04/2006) |
| 04/25/2006 | 42 | Petition for Revocation of Probation for Tobie Melissa Kirkland (1) on Count 1s and SEALED MOTION for issuance of warrant by United States of America as to Tobie Melissa Kirkland. (snc, ) Modified on 4/28/2006 (snc): notice of USM that detainer lodged with Montgomery County Jail (Entered: 04/25/2006) |
| 04/25/2006 | 43 | Limits of Punishment as to Tobie Melissa Kirkland: (snc) (Entered: 04/25/2006) |

| 04/27/2006 | ●44 | ORDER granting Sealed Motion (incorporated in 42 petition) as to Tobie Melissa Kirkland (1). Signed by Judge Myron H. Thompson on 4/27/06. (snc) Modified on 4/28/2006 (snc): Unsealed pursuant to notice from USM that detainer lodged with Montgomery County Jail (Entered: 04/27/2006) |
|---|---|---|
| 05/04/2006 | ●45 | ORDER as to Tobie Melissa Kirkland setting Probation Revocation Hearing for 5/18/2006 10:00 AM in Courtroom 2FMJ before Honorable Myron H. Thompson, APPOINTING FEDERAL PUBLIC DEFENDER as to Tobie Melissa Kirkland . Signed by Judge Myron H. Thompson on 5/4/2006. (ag, ) (Entered: 05/04/2006) |
| 05/05/2006 | ●46 | MOTION for Writ of Habeas Corpus ad prosequendum by United States of America as to Tobie Melissa Kirkland. (Attachments: # 1 Text of Proposed Order)(Feaga, Stephen) (Entered: 05/05/2006) |
| 05/05/2006 | ●47 | ORDER granting 46 Motion for Writ of Habeas Corpus ad prosequendum as to Tobie Melissa Kirkland (1), directing the Clerk to issue a whcap addressed to Montgomery County Jail for defendant's appearance on 5/18/06, and directing the USM to return said prison to said official when the Court shall have finished with her.. Signed by Judge Delores R. Boyd on 05/5/06. (snc) (Entered: 05/05/2006) |
| 05/08/2006 | ●48 | Writ of Habeas Corpus ad Prosequendum Issued as to Tobie Melissa Kirkland for 5/18/2006 (revocation hearing before Judge Thompson). (ag, ) (Entered: 05/08/2006) |
| 05/09/2006 | ●49 | NOTICE OF ATTORNEY APPEARANCE: Kevin L. Butler appearing for Tobie Melissa Kirkland (Butler, Kevin) (Entered: 05/09/2006) |
| 05/17/2006 | ●50 | ORDER as to Tobie Melissa Kirkland resetting Probation Revocation Hearing (previously set for 5/18/06 @ 10:00 am) to 6/22/2006 10:00 AM in Courtroom 2FMJ before Honorable Myron H. Thompson. Signed by Judge Myron H. Thompson on 5/17/2006. (ag, ) (Entered: 05/17/2006) |
| 05/17/2006 | ●51 | Arrest Warrant Returned Executed in case as to Tobie Melissa Kirkland. Defendant WHCAP Mtgy Co Jail on 5/17/2006. (sql, ) (Entered: 05/18/2006) |
| 06/16/2006 | ●52 | ORDER as to Tobie Melissa Kirkland resetting Final Probation Revocation Hearing now set for 6/22/2006 to 7/6/2006 @ 10:00 AM in Courtroom 2FMJ before Honorable Myron H. Thompson. Signed by Judge Myron H. Thompson on 6/16/2006. (ag, ) (Entered: 06/16/2006) |
| 07/06/2006 | ●53 | Minute Entry for Probation Revocation Hearing as to Tobie Melissa Kirkland held on 7/6/2006 before Judge Myron H. Thompson. (Court Reporter Mitchell Reisner.) (Attachments: # 1 Exhibit List) (ag, ) (Entered: 07/06/2006) |
| 07/06/2006 | ●54 | JUDGMENT ON REVOCATION as to Tobie Melissa Kirkland (1), the term of Probation imposed on 4/20/04 is REVOKED; defendant sentenced to 24 Mos Imp; 3 Yrs Sup Rel Restitution $51,786.39 (included additional |

| | | restitution in the amount of $33,474.19) . Signed by Judge Myron H. Thompson on 7/6/2006. (ag, ) (Entered: 07/06/2006) |
|---|---|---|
| 07/06/2006 | | (Court only) ***Motions terminated as to Tobie Melissa Kirkland: 42 Petition for Revocation of Probation for Tobie Melissa Kirkland (1) on Count 1s pursuant to recovation during 7/6/06 hearing. (ag, ) (Entered: 07/06/2006) |
| 07/26/2006 | 55 | AMENDED JUDGMENT ON REVOCATION as to Tobie Melissa Kirkland (1), the term of Probation imposed on 4/20/04 is REVOKED; defendant sentenced to 24 Mos Imp; 3 Yrs Sup Rel; Restitution $51,786.39 (included additional restitution in the amount of $33,474.19) . Signed by Judge Myron H. Thompson on 7/26/2006. (ag, ) (Entered: 07/26/2006) |
| 07/05/2007 | 56 | Judgment Returned Executed as to Tobie Melissa Kirkland, defendant delivered to FCI Tallahassee, FL on 6/26/07. (ag, ) (Entered: 07/06/2007) |
| 07/05/2007 | 57 | Amended Judgment Returned Executed as to Tobie Melissa Kirkland, defendant delivered to FCI Tallahassee, FL on 6/26/07. (ag, ) (Entered: 07/06/2007) |

AO 245D    (Rev. 12/03) Judgment in a Criminal Case for Revocations
Sheet 1

# UNITED STATES DISTRICT COURT

|  MIDDLE  | District of | ALABAMA |
|---|---|---|

UNITED STATES OF AMERICA
**V.**

TOBIE MELISSA KIRKLAND

**AMENDED JUDGMENT IN A CRIMINAL CASE**
(For **Revocation** of Probation or Supervised Release)

Case Number:        2:03-cr-0264-MHT
                              (WO)

USM Number:        11338-002

Kevin L. Butler
Defendant's Attorney

## THE DEFENDANT:

☐ admitted guilt to violation of condition(s) _____ of the term of supervision.

X  was found in violation of condition(s)  1 of the Petition filed 4/25/06.

The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| 1 | The defendant has committed another, federal, state or local crime | 04-18-2006 |

        The defendant is sentenced as provided in pages 2 through ____6____ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has not violated condition(s) _____ and is discharged as to such violation(s) condition.

        It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Defendant's Soc. Sec. No.:  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

Defendant's Date of Birth:  1975


Defendant's Residence Address:

 Montgomery, Alabama



Defendant's Mailing Address:

 same as above

July 26, 2006
Date of Imposition of Judgment

Signature of Judge


MYRON THOMPSON, UNITED STATES DISTRICT JUDGE
Name and Title of Judge

7/26/2006
Date

Case 2:03-cr-00264-MHT-DRB    Document 55    Filed 07/26/2006    Page 2 of 6

AO 245D    (Rev. 12/03 Judgment in a Criminal Case for Revocations
            Sheet 2— Imprisonment

DEFENDANT:      TOBIE MELISSA KIRKLAND          Judgment — Page ___2___ of ___6___
CASE NUMBER:    2:03-cr-0264-MHT

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of :

24 MONTHS. The term of probation imposed on April 20, 2004, is REVOKED.

☐    The court makes the following recommendations to the Bureau of Prisons:

X    The defendant is remanded to the custody of the United States Marshal.

☐    The defendant shall surrender to the United States Marshal for this district:

   ☐    at _____ ☐ a.m.  ☐ p.m.  on _____ .

   ☐    as notified by the United States Marshal.

☐    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐    before 2 p.m. on _____ .

   ☐    as notified by the United States Marshal.

   ☐    as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

   Defendant delivered on _____ to _____

a _____ with a certified copy of this judgment.

_____
                   UNITED STATES MARSHAL

By _____
                DEPUTY UNITED STATES MARSHAL

AO 245D   (Rev. 12/03) Judgment in a Criminal Case for Revocations
          Sheet 3 — Supervised Release

| | |
|---|---|
| DEFENDANT: TOBIE MELISSA KIRKLAND | Judgment—Page ___3___ of ___6___ |
| CASE NUMBER: 2:03-cr-0264-MHT | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :
THREE YEARS

      The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court.

☐  The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

X  The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☐  The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐  The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐  The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

      If this judgment imposes a fine or restitution, it is be a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

      The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)   the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)   the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)   the defendant shall support his or her dependents and meet other family responsibilities;

5)   the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)   the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)   the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)   the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)   the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)   the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)   as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Case 2:03-cr-00264-MHT-DRB    Document 55    Filed 07/26/2006    Page 4 of 6

AO 245D    (Rev. 12/03) Judgment in a Criminal Case for Revocations
Sheet 3C — Supervised Release

DEFENDANT:    TOBIE MELISSA KIRKLAND
CASE NUMBER:    2:03-cr-0264-MHT

Judgment—Page    4    of    6

## SPECIAL CONDITIONS OF SUPERVISION

1.  The defendant shall participate in a substance abuse treatment program as scheduled by the probation officer.  She shall contribute to the cost of any treatment based on ability to pay and availability of third party payments.

2.  The defendant shall participate in a mental health treatment program as scheduled by the probation officer.  She shall contribute to the cost of any treatment based on her ability to pay and availability of third party payments.

3.  The defendant shall submit to a search of her person, residence, office, and vehicle pursuant to the search policy of this Court.

4.  The defendant shall provide the probation officer any requested financial information.

5.  The defendant shall not incur new credit card accounts or checking accounts unless approved by the probation officer.

6.  The defendant shall pay additional restitution in the amount of $33,474.19 as a result of this probation violation as well as any remaining balance of the restitution due as a result of the original offense in this case.

Case 2:07-cv-00759-MHT-TFM    Document 1-3    Filed 08/24/2007    Page 5 of 6

AO 245D    (Rev. 12/03) Judgment in a Criminal Case for Revocation
Case 2:03-cr-00264-MHT-DRB    Document 55    Filed 07/26/2006    Page 5 of 6
Sheet 5 — Criminal Monetary Penalties

| | | | Judgment — Page __5__ of __6__ |
|---|---|---|---|

DEFENDANT:    TOBIE MELISSA KIRKLAND
CASE NUMBER:    2:03-cr-0264-MHT

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments set forth on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100 | $ | $ 51,786.39 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| Regions Financial Corporation<br>ATTN: L.R. Smith<br>Security Department<br>25 Washington Ave. 2nd FL<br>Montgomery, AL 36104 | | $18,312.20 | |
| A&B Check Cashing<br>2415 East South Boulevard<br>Montgomery AL | | $17,289.74 | |
| Daehan Solutions AL, LLC<br>9101 County Road 26<br>Hope Hull, AL 36043 | | $13,577.25 | |
| Regions Bank<br>25 Washington Ave.<br>Montgomery, AL 36104<br>Re: Chris Hudgins | | $2,607.20 | |
| **TOTALS** | $ _____ | $ 51,786.39 | |

☐ Restitution amount ordered pursuant to plea agreement   $ _____

X The defendant must pay interest on restitution or a fine more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the    ☐ fine    ☐ restitution.

☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245D    (Rev. 12/03) Judgment in a Criminal Case for Revocations
              Sheet 6 — Schedule of Payments

| | |
|---|---|
| DEFENDANT:     TOBIE MELISSA KIRKLAND | Judgment — Page   6   of   6   |
| CASE NUMBER:  2:03-cr-0264MHT | |

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A**   **X**   Lump sum payment of $   51,786.39   due immediately, balance due

      ☐   not later than                , or
      ☐   in accordance with   ☐ C,   ☐ D,   ☐ E, or   ☐ F below); or

**B**   ☐   Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

**C**   ☐   Payment in equal        (e.g., weekly, monthly, quarterly) installments of $        over a period of
             (e.g., months or years), to commence        (e.g., 30 or 60 days) after the date of this judgment; or

**D**   ☐   Payment in equal        (e.g., weekly, monthly, quarterly) installments of $        over a period of
             (e.g., months or years), to commence        (e.g., 30 or 60 days) after release from imprisonment to a
term of supervision; or

**E**   ☐   Payment during the term of supervised release will commence within        (e.g., 30 or 60 days) after release from
imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay.

**F**   **X**   Special instructions regarding the payment of criminal monetary penalties:

    All criminal monetary penalty payments shall be made to the Clerk, United States District Court, Middle District of Alabama, Post
Office Box 711, Montgomery, Alabama 36101.

    The defendant shall pay the balance of any restitution due in this case immediately. Any balance which remains unpaid at the
commencement of supervision shall be paid in monthly installments of not less than $150.00 to commence within the first 30 days
of supervision.

Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes imprisonment, payment of criminal
monetary penalties is be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the
Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐   Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Joint and Several Amount and corresponding
payee, if appropriate.

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

☐   The defendant shall forfeit the defendant's interest in the following property to the United States: