**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **TOBIE MELISSA KIRKLAND,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 2:07cv759-MHT** |
| | ) | **(CR No. 2:03cr264-MHT-DRB)** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

<u>**UNITED STATES'S RESPONSE TO § 2255 MOTION**</u>

COMES NOW the United States of America ("the Government") by and through its

attorneys, Leura G. Canary, United States Attorney, and Sandra J. Stewart, Assistant United

States Attorney, and in compliance with this Court's February 4, 2008 order, responds to

Petitioner Tobie Melissa Kirkland's Motion Under § 2255 To Vacate, Set Aside, Or Correct

Sentence By A Person In Federal Custody, as follows:

**I. PROCEDURAL HISTORY AND RELEVANT FACTS**

**A.    <u>Criminal Trial Proceedings</u>**

On November 20, 2003, Petitioner Tobie Melissa Kirkland ("Kirkland") was charged in a

one-count indictment with bank fraud, in violation of 18 U.S.C. § 1344.  *See* Government's

Exhibit ("GX") A (Doc. 1),[1] the indictment in this case, attached to this response.  Specifically,

the indictment charged that between December 3, 1998 and May 11, 1999, in Montgomery

County, Alabama, within the Middle District of Alabama, Kirkland knowingly and wilfully

---

[1]"Doc." references are to the docketed entries and documents from Kirkland's criminal
case, case number 2:03-cr-00264-MHT-TFM.

executed a scheme to defraud Regions Bank, doing business as Regions Mortgage, a financial institution whose deposits were insured by the United States Government, and to obtain approximately $17,732.58 owned and under the custody and control of Regions Bank, by means of false and fraudulent pretenses, representations, and promises. *See* GX A at 1. The indictment further charged that Kirkland's scheme to defraud involved the use of her position as an employee to request unpaid interest and overpaid interest checks in the names of customers of the mortgage business of Regions Bank and then to endorse the checks and deposit them into her personal account at Regions Bank, and to thereafter expend those funds from her personal account. *Id*.

After initially entering a plea of not guilty to the charge (Doc. 7), Kirkland, represented by counsel, Joseph Peter Van Heest, filed a notice of intent to change plea and consented to that plea being taken before a magistrate judge. (Doc. 12) Kirkland's plea of guilty was pursuant to a negotiated plea agreement with the Government. *See* GX B (Doc. 18), a copy of the plea agreement, attached to this response. In exchange for Kirkland's plea of guilty to an information charging her with theft of $17,732.58 from Regions Bank, doing business as Regions Mortgage, in violation of 18 U.S.C. § 2113(b)[2], *see* GX C (Doc. 15), the Government agreed (1) to recommend that Kirkland receive maximum credit for acceptance of responsibility to which she

---

[2]"(b)  Whoever takes and carries away, with intent to steal or purloin, any property or money or any other thing of value exceeding $1,000 belonging to, or in the care, custody, control, management, or possession of any bank, credit union, or any savings and loan association, shall be fined under this title or imprisoned not more than ten years, or both; or

Whoever takes and carries away, with intent to steal or purloin, any property or money or any other thing of value not exceeding $1,000 belonging to, or in the care, custody, control, management, or possession of any bank, credit union, or any savings and loan association, shall be fined under this title or imprisoned not more than ten years, or both." 18 U.S.C. § 2113(b).

was entitled under the Sentencing Guidelines, either two or three points; (2) to recommend that her sentence not include a period of incarceration in a federal penitentiary; and (3) to dismiss the indictment pending against Kirkland.  *See* GX B at 2-3.  Kirkland, in addition to agreeing to plead guilty to the information, agreed to waive all appeals and her right to attack her sentence pursuant to 28 U.S.C. § 2255, except for the right to raise any argument based on the ineffective assistance of her counsel or to file an appeal of her sentence based on any upward departure from the Sentencing Guidelines.  *Id*. at 3.  She also agreed to continue to provide the Government with substantial assistance, and she agreed that the amount of the loss from her offense was $17,732.58.  *Id*. at 4.

Kirkland pled guilty pursuant to the plea agreement (Doc. 19), and that plea was accepted by the District Court (Doc. 22).  She was sentenced on April 20, 2004 to five years' probation, subject to standard and special conditions.  *See* GX D (Doc. 26), a copy of the final judgment in this case, attached to this response.  Included in those conditions of probation were that Kirkland "not commit another federal, state or local crime," and that she "shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court."  *See* GX D at 2.  Kirkland was also ordered to make restitution to Regions Financial Corporation in the amount of $18,312.20, at the rate of $150 a month, *id*. at 4-5, and to pay a special assessment fee of $100, *id*. at 4.

**B.      Probation Revocation Proceedings**

On August 22, 2005, the United States Probation Office filed a Request for Modifying the

Conditions or Term of Supervision with Consent of the Offender in this Court.  *See* GX E (Doc.

27), the Request for Modifying the Conditions or Term of Supervision with Consent of the

Offender, attached to this response.  The request asked the Court to modify the terms of

Kirkland's supervision to require her to serve four consecutive weekends at a jail facility to be

designated by the Federal Bureau of Prisons.  *Id*. at 1.  The basis of this request was Kirkland's

violation of several terms of her probation, including her failure of a drug screen, as well as the

probation officer's discovery that Kirkland had committed other criminal offenses, albeit before

she was sentenced in this case.  Specifically, the cause for the request was as follows:

> In June 2005, Kirkland was indicted by the Montgomery County Grand Jury for
> Theft of Property 1st degree.  It was determined this offense occurred prior to the
> defendant being sentenced to probation for Bank Theft.  At the present time, the
> probation officer has been unable to get further details of the offense.  While this
> new indictment is not a violation of Kirkland's probation, she has violated several
> other conditions of supervision.  These include not paying her restitution for three
> months, submitting several late monthly reports, and failing to notify to the
> probation officer prior to changing employment and residence.  When these
> violations occurred and the probation officer became aware of them, Kirkland was
> instructed to report to the probation office.  On August 15, 2005, Kirkland then
> submitted to a drug screen which tested presumptive positive for marijuana;
> however, she denied using marijuana.  The specimen was sent to Scientific
> Laboratories for further testing and the results have not yet been received.  If the
> drug screen is positive, Kirkland will submit to increased drug testing.  Due to
> these violations, Kirkland has agreed to the above modification and signed the
> attached waiver.  It should be noted that Kirkland is currently experiencing marital
> problems and is separated from her husband and child.  Due to this issue, the
> probation officer has assisted her in seeking counseling at the Family Sunshine
> Center.  The probation officer believes the above modification is appropriate and
> should address the violations that have occurred while on supervision.

*Id*.  The Court ordered the modification of the conditions as requested.  *See* GX F (Doc. 28), a

copy of the Court's order modifying the conditions of probation, attached to this response.

Next, on November 29, 2005, the U.S. Probation Office filed a Report on Offender Under

Supervision which contained a Noncompliance Summary.  *See* GX G (Doc. 29), a copy of the November 29, 2005 noncompliance summary, attached to this response.  In that noncompliance summary, the probation officer represented that Kirkland had violated the conditions of her supervision in that, on November 14, 2005, she submitted a drug screen that tested presumptively positive for cocaine.  *Id*. at 1.  Subsequently, on November 18, 2005, Scientific Laboratories confirmed the earlier test result that Kirkland's drug screen was positive for cocaine.  *Id*.  The probation officer represented that this latest positive test for cocaine was the fourth positive sample given by Kirkland within the past year .  *Id*.

On December 9, 2005, the U.S. Probation Office filed an additional Report on Offender Under Supervision containing a Noncompliance Summary related to Kirkland's supervised release.  *See* GX H (Doc. 32), the December 9, 2005 noncompliance summary, attached to this response.  In that noncompliance summary, the probation officer represented that Kirkland had further violated the conditions of her supervision in that, on November 29, 2005, she submitted another drug screen that tested presumptively positive for cocaine.  *Id*. at 1.  Subsequently, on December 7, 2005, Scientific Laboratories confirmed the earlier test result that Kirkland's drug screen was positive for cocaine.  *Id*.  This was the fifth positive sample given by Kirkland within the past year.  *Id*.

A probation revocation hearing was held on April 4, 2006.  (Doc. 40)  After that hearing, the Court ordered that Kirkland be continued on her term of probation.  *See* GX I (Doc. 41), a copy of the Court's order continuing Kirkland's probation, attached to this response.

While the November 29th and December 9, 2005 non-compliance summaries did not result in the revocation of Kirkland's probation, her subsequent state convictions for second

degree criminal possession of a forged instrument and first degree theft by deception did.  On April 25, 2006, the U.S. Probation Office filed a Petition For Warrant Or Summons for Offender Under Supervision in which it petitioned the Court to issue a warrant of arrest for Kirkland and asked that her term of supervision be revoked because, on April 18, 2006, Kirkland was arrested by the Montgomery Police Department for second degree criminal possession of a forged instrument and first degree theft by deception.  *See* GX J (Doc. 42), a copy of the petition for offender under supervision, attached to this response.  That petition for a warrant was granted by the Court on April 27, 2006 (Doc. 44), and a probation revocation hearing was set (Doc. 45).

A hearing was held on whether to revoke Kirkland's probation on July 6, 2006.  (Doc. 53)  Kirkland appeared at the hearing, represented by counsel, Kevin Butler (Doc. 49).  At the conclusion of that hearing, Kirkland was found guilty of having committed another federal, state, or local crime, and her probation on the bank theft charge was revoked.  *See* GX K (Doc. 55), a copy of the Amended Judgment In A Criminal Case (For Revocation of Probation or Supervised Release), attached to this response.  The Court sentenced Kirkland to 24 months in prison, to be followed by three years of supervised release, subject to standard and special conditions.  *Id.* at 2-4.  She was also assessed a fee of $100 and ordered to pay restitution in the amount of $51,786.39 to the victims.  *Id.* at 5-6.

A final judgment on the revocation of probation was entered on July 6, 2006 (Doc. 54), but that final judgment was amended on July 26, 2006, *see* GX K (Doc. 55).  Kirkland did not appeal this final judgment.[3]

_____

[3]The record reflects that Kirkland did file a notice of appeal on November 26, 2007 (Doc. 63), but that notice of appeal was from the district court's order denying Kirkland's motion to have her state and federal sentences run concurrent (Doc. 62), not from the final judgment

**C.**    **Kirkland's § 2255 Motion And Her Other Attempts To Have A Court**
        **Order That Her Federal Sentence And Her State Sentence Be Served Concurrently**

On August 20, 2007, Kirkland filed *pro se* her motion pursuant to 28 U.S.C. § 2255 in

which she alleges that her attorney in the federal probation revocation proceedings was

ineffective because he failed to ensure that her five-year state sentence was run concurrently with

her two-year federal sentence imposed on her revocation of probation.  Thereafter she sent a

letter to the Court in which she asked the Court to agree to have her federal sentence run

concurrent with her state sentence.  *See* GX L (Doc. 58), October 12, 2007 letter from Kirkland

to the Clerk of Court, attached to this response.  In that letter, Kirkland represented the facts to be

as follows:

> On July 26, 2006, the Honorable Myron H. Thompson sentenced me to 24 months
> to serve with the Federal Bureau of Prisons.  I have been incarcerated since April
> 16, 2006.  I was returned to the custody of the state of Alabama and sentence to 5
> years with Department of Corrections to run concurrent with my federal sentence.
>
> On May 21, 2007, I was released from state custody to federal custody.  I mailed a
> motion under 28 U.S.C. 2255 to vacate, set aside, or correct sentence by a person
> in federal custody on August 21, 2007.  I have not received a response from your
> court.  Judge Thurman [sic.] Hobbs, Jr. ran my federal sentence concurrent with
> my state sentence on October 12, 2006.  The Federal Bureau of Prisons is
> requesting that I contact my federal judge to agree to this concurrent sentence.
>
> My attorney, Mr. Kevin Butler, was ineffective in representing me in my federal
> and state sentencing hearing.  Mr. Butler assured me that he would have my
> sentence ran concurrent.  Mr. Butler assured me that once I was sentenced with
> the federal courts that the state of Alabama would drop my pending case since I
> already had a federal sentence.  Mr. Butler explained to me that the federal
> sentence would supersede my state sentence.

*Id*. at 1.  Attached to Kirkland's letter was a copy of the judgment in her state case indicating that

the state judge, Truman M. Hobbs, Jr., ordered her five-year sentence in that case to be served

---

entered on her probation revocation conviction and sentence.

concurrent with her "federal case."[4]  *Id*.  Kirkland also filed a *pro se* Motion For Jail Credit Nunc Pro Tunc on October 17, 2007 in which she requested she be credited for the time she spent in state custody.  *See* GX M (Doc. 59), a copy of Kirkland's nunc pro tunc motion, attached to this response.

The Court ordered the Government to show cause why Kirkland was not entitled to the relief she sought (Doc. 60), which the Government did, *see* GX N (Doc. 61), United States' Response To Show Cause Order (Doc. 60) And Defendant's Pro Se Motion To Run Sentence Concurrently (Doc. 58), And Motion For Jail Credit (Doc. 59), attached to this response.  After hearing from the Government, the Court denied both Kirkland's motion to run her federal sentence concurrently with her state sentence, and her motion for fail-time credit.  *See* GX O (Doc. 62), the Court's order on the two motions, attached to this response.

On November 16, 2007, the Federal Bureau of Prisons wrote a letter to Judge Thompson, the sentencing judge in this case, asking Judge Thompson to state his position with respect to whether Kirkland should be given credit toward her federal sentence for the time she spent in state custody and whether her sentence should be concurrent with her state sentence.  *See* GX P (Doc. 66), a copy of the November 16, 2007 letter from the Bureau of Prisons, attached to this response.  While the Bureau of Prisons would not be bound by the Court's position, the Bureau noted it was the preference of the Bureau to give the sentencing court an opportunity to state its position before granting a prisoner's request for a "retroactive (concurrent) designation," such as Kirkland's.  *Id*.  After receiving the letter, Judge Thompson issued an order requesting input from

---

[4]The state court did not, as Kirkland represented in her letter, order that the federal sentence run concurrently with her state sentence because, of course, it could not do so.  It instead ordered her state sentence to run concurrently with her federal sentence.

the Government, the U.S. Probation Office, and Kirkland as to why there should not be a

retroactive designation for the sentence imposed on the revocation of probation.  *See* GX Q (Doc.

74), a copy of the Court's January 4, 2008 order asking for input, attached to this response.

The U.S. Probation Office responded to the Court's order for input in a memorandum

dated January 24, 2008.  *See* GX R (Doc. 78), a copy of the January 24, 2008 memorandum in

response to the Court's order for input, attached to this response.  In its response, the probation

office opined "that the federal sentence should be run consecutively to any state sentence,"

basing its opinion on the guidance provided in the United States Sentencing Guidelines at §

7B1.3(f).  *Id*. at 1.  Section 7B1.3(f) provides that "any term of imprisonment imposed upon

revocation of probation of supervised release shall be ordered to be served consecutively to any

sentence of imprisonment that the defendant is serving, whether or not the sentence of

imprisonment being served resulted from the conduct that is the basis for the revocation of

probation or supervised release."  *See* U.S. SENTENCING GUIDELINES MANUAL § 7B1.3(f)

(2003).  The probation office also was of the opinion that granting the designation to run the

sentence concurrent would result in a sentence far more lenient than the Court intended; Kirkland

would only end up serving 21 months of a combined federal and state sentence of 84 months.

*See* GX R at 1-2.  Finally, because at the time she was sentenced for her federal probation

violation, Kirkland had not been sentenced on any state charge that could be run concurrent with

her federal charge, the probation office was of the opinion that to allow the relief Kirkland sought

now would result in an anomaly, requiring a court to speculate on what might happen in the

future when sentencing a defendant.  *Id*. at 2.

The Government also filed a response to the Court's order stating its position that the

retroactive designation would not be appropriate in this case.  *See* GX S (Doc. 79), United States'

Response To Court Order (Doc. No. 74), attached to this response.  Thereafter, on January 29,

2008, the Court entered its Recommendation to the Bureau of Prisons, recommending "that there

NOT be a retroactive designation in this case for the sentence for defendant Tobie Melissa

Kirkland."  *See* GX T (Doc. 80) at 1, a copy of the January 29, 2008 Recommendation, attached

to this response.  The Court explained its reasons as follows:  "It was, and remains, the intent of

the court that defendant Kirkland's federal sentence run consecutively to any state sentence."  *Id.*

at 1-2.  Kirkland's belatedly filed responses to the Court's request for input  – Tobie Kirkland's,

Pro Se, Response To Order (Doc. No. 74), *see* GX U (Doc. 81), attached to this response, and

Amendment To Response Docket 74, *see* GX V (Doc. 82), attached to this response – were

treated as motions for reconsideration, and were denied by the Court, *see* GX W (Doc. 83), a

copy of this Court's January 31, 2008 order denying Kirkland's motions for reconsideration,

attached to this response.

On February 4, 2008, this Court entered an order directing the Government to file a

response to Kirkland's § 2255 motion within 30 days of the order.

## II.  CLAIM RAISED IN THE § 2255 MOTION

In her § 2255 motion, Kirkland raises a single claim of ineffective assistance of counsel.

Kirkland argues that her federal defender in her revocation proceedings was ineffective because

he failed to ensure that her two-year sentence imposed on her revocation of probation was

ordered served concurrently with her subsequently imposed five-year state sentence.

**A.    Kirkland Has Not Met The One-Year Statute of Limitations Under 28 U.S.C.
        § 2255 And Her § 2255 Motion Should Be Dismissed As Untimely.**

Kirkland's § 2255 motion should be dismissed because she has not filed her motion

raising her ineffective assistance of counsel claim in a timely manner under paragraph six of 28

U.S.C. § 2255, which provides a one-year period of time to seek relief under the rule.  Section

2255 states that a motion be filed within one year from

> (1)  the date on which the judgment of conviction becomes final;
>
> (2)  the date on which the impediment to making a motion created by
> governmental action in violation of the Constitution and laws of the
> United States is removed, if the movant was prevented from making a
> motion by such governmental action;
>
> (3)  the date on which the right asserted was initially recognized by the
> Supreme Court, if that right has been newly recognized by the Supreme
> Court and made retroactively applicable to cases on collateral review; or
>
> (4)  the date on which the facts supporting the claim or claims presented
> could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 ¶ 6.  The relevant date for purposes of Kirkland's § 2255 motion is paragraph

(1), the date on which the judgment of conviction became final.

The final judgment in Kirkland's probation revocation proceeding was entered on July

26, 2006.  *See* GX K (Doc. 55).  She did not appeal her probation revocation to the United States

Court of Appeals for the Eleventh Circuit.  Although not specifically addressing the application

of the statute of limitations to the 10-day notice of appeal requirement, the Eleventh Circuit has

held that a judgment of conviction becomes final for someone who appeals to an appellate court

when the time for seeking certiorari review in the Supreme Court expires.  *See Kaufman v.*

*United States*, 282 F.3d 1336, 1337-39 (11th Cir. 2002).  Likewise, a judgment of conviction

becomes final for someone who does not appeal when the time for seeking that appeal expires.

*See*, *e.g.*, *Ramirez v. United States*, No. 05-10010, 2005 WL 1706142, at *1 (11th Cir. July 22,

2005) (unpub.). Kirkland had 10 days from the July 26, 2006 entry of the amended judgment by

this Court to seek review by the Eleventh Circuit, *see* Fed. R. App. P. 4(b)(1)(A)(i); her

conviction and her sentence became final, therefore, on August 5, 2006. Under § 2255, Kirkland

then had until August 5, 2007 – one year after August 5, 2006 – to file her motion. She filed the

instant motion on August 20, 2007 – 15 days too late. It is, therefore, untimely under the

limitation period in § 2255 ¶ 6(1) and her § 2255 motion should be dismissed.

**B.     Alternatively, Kirkland's Ineffective Assistance Of Counsel Claim Should
        Be Rejected Because She Cannot Demonstrate Prejudice.**

As already noted, Kirkland only raises one claim in her § 2255 motion. She alleges her

counsel at the revocation hearing was ineffective because he failed to ensure that her two-year

federal sentence and her five-year state sentence were ordered to run concurrently. Kirkland is

not entitled to relief on her claim because, even if she can demonstrate that her counsel's

performance was deficient, she cannot prove prejudice.

**1.     The *Strickland* Test For Ineffective Assistance Of Counsel Claims**

To succeed on a claim of ineffective assistance of counsel, a defendant must prove both

that her counsel's performance was deficient and that that deficient performance prejudiced her

case. *Strickland v. Washington,* 466 U.S. 668, 694 (1984); *see also Rompilla v. Beard*, 545 U.S.

374, 380 (2005) ("Ineffective assistance under *Strickland* is deficient performance by counsel

resulting in prejudice."). More specifically, Kirkland must show that: "(1) counsel's

performance was deficient because it fell below an objective standard of reasonableness; and (2)

the deficient performance prejudiced the defense.". *Stewart v. Sec'y, Dep't. Of Corr.*, 476 F.3d 1193, 1209 (11th Cir. 2007).

In reviewing counsel's performance to determine whether it meets constitutional requirements, a reviewing court must engage in a " 'highly deferential' review of counsel's performance and 'indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.' " *Jennings v. McDonough*, 490 F.3d 1230, 1243 (11th Cir. 2007), *citing Strickland v. Washington*, 466 U.S. at 689. "As a result of this presumption, a petitioner must show that no competent counsel would have taken the action that his counsel did take," and where the record is incomplete or unclear about why counsel acted as he did, the reviewing court must "presume that he did what he should have done, and that he exercised reasonable professional judgment." *Jennings v. McDonough*, 490 F.3d at 1243 (internal quotation marks and citations omitted).

The standard for judging counsel's performance is "reasonableness under prevailing professional norms." *Stewart v. Sec'y, Dep't. of Corr.*, 476 F.3d at 1209 (internal quotation marks and citations omitted) ; *see also Rompilla v. Beard*, 545 U.S. at 380. Moreover, the test for whether counsel's actions or inactions were reasonable "is not whether counsel could have done something different; instead, [the court] must consider whether the performance fell within the broad range of reasonable assistance... ." *Id.* "The burden of persuasion is on the petitioner to prove by a preponderance of the evidence that counsel's performance was unreasonable." *Id.*

The Eleventh Circuit has described a defendant's burden with regard to the deficient performance prong of an ineffective assistance of counsel claim as follows:

Because there is such a wide range of constitutionally acceptable performance, a petitioner seeking to rebut the presumption of adequate performance must bear a heavy burden:

> The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. ... We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.
>
> ... Thus, in order to show that counsel's performance was unreasonable, the petitioner must establish that *no competent counsel would have taken the action that his counsel did take....*

*Grayson v. Thompson*, 257 F.3d 1194, 1216 (11th Cir. 2001) (internal citations omitted); *accord*

*Grossman v. McDonough*, 466 F.3d 1325, 1345 (11th Cir. 2006).

To succeed on an ineffective assistance of counsel claim, the defendant must not only show deficient performance, but must also show that, but for counsel's unprofessional errors, the outcome of the proceeding would have been different. *See Jennings v. McDonough*, 490 F.3d at 1243. The Eleventh Circuit has described a defendant's burden in demonstrating that his counsel's deficient performance prejudiced his case as also "high," noting that it is not enough to show that any errors had some conceivable effect on the outcome of the proceeding. *See Stewart v. Sec'y, Dep't. of Corr.*, 476 F.3d at 1209; *Robinson v. Moore*, 300 F.3d 1320, 1343-44 (11th Cir. 2002).

Finally, as the Eleventh Circuit has noted, "[i]t is well established that a habeas petitioner must demonstrate both deficient performance and prejudice, and that a failure to demonstrate either prong constitutes a failure to demonstrate ineffective assistance of counsel." *Bottoson v. Moore*, 234 F.3d 526, 532 (11th Cir. 2000); *accord, Robinson v. Moore*, 300 F.3d at 1343. The

14

reviewing court "can evaluate either the prejudice or the performance prong first and, if either one cannot be met, [the petitioner's] claim must fail." *Dingle v. Sec'y for Dep't. of Corr.*, 480 F.3d 1092, 1099 (11th Cir. 2007).

### 2.    Kirkland Cannot Demonstrate Prejudice On Her Ineffective Assistance Of Counsel Claim

Even if Kirkland's ineffective assistance of counsel claim were properly before this Court because it was timely filed, this Court should reject the claim on the merits, because Kirkland cannot demonstrate prejudice.  The issue of whether Kirkland's federal two-year sentence should have been run concurrently to her subsequently imposed five-year state sentence was an issue for the Court to decide in sentencing Kirkland.  In initially sentencing Kirkland, and after visiting the issue three times thereafter, the Court has not found that a concurrent sentence was warranted. *See* GX O, GX T, and GX W.  This is a clear indication that no matter what counsel had tried to do to attempt to obtain the concurrent sentence in this Court, his actions would not have been successful.  There is no indication in the record before this Court that but for counsel's actions, the result of Kirkland's sentence would have been different.  Because Kirkland cannot demonstrate prejudice, her ineffective assistance of counsel claim fails, even if it had been timely presented to this Court for consideration, which it was not.[5]

### IV.  MISCELLANEOUS

Kirkland has failed to plead facts or present sufficient evidence or argument demonstrating that she is entitled to an evidentiary hearing, and her claims for relief should be

---

[5]Kirkland has also failed to meet her high burden of demonstrating that counsel's performance was deficient in any way.  She does not identify what it is that counsel could have done to ensure that this Court imposed a concurrent sentence in her case.  Her failure to even identify what it is that counsel could have done is fatal to her claim of deficient performance.

denied without such a hearing.  *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977); *see also*

*Gordon v. United States*, 496 F.3d 1270, 1281 (11th Cir. 2007) ("An evidentiary hearing is not

required when 'the motion and the files and records of the case conclusively show that the

prisoner is entitled to no relief.' "), *citing* 28 U.S.C. § 2255.; *Chandler v. McDonough*, 471 F.3d

1360, 1363 (11th Cir. 2006) (Where a defendant fails to proffer any evidence that she would seek

to introduce at a hearing, she is not entitled to an evidentiary hearing).  Should this Court

determine that Kirkland has made any arguments not addressed in this response, the Government

would request the opportunity to further respond to those arguments.

Any facts not specifically admitted in this response are denied, and the arguments made

as to each claim raised are asserted in the alternative.

### V.  CONCLUSION

For the above reasons, Petitioner Tobie Melissa Kirkland has failed to demonstrate that

she is entitled to any relief from this Court, and her § 2255 motion should be dismissed and

denied without an evidentiary hearing.

Respectfully submitted this 5th day of March, 2008.

LEURA G. CANARY
UNITED STATES ATTORNEY


/s/  Sandra J. Stewart
SANDRA J. STEWART
Assistant United States Attorney
131 Clayton Street
Montgomery, AL  36101-0197
(334) 551-1764
(334) 223-7135

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **TOBIE MELISSA KIRKLAND,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 2:07cv759-MHT** |
| | ) | **(CR No. 2:03cr264-MHT-DRB)** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on March 5, 2008, I electronically filed the foregoing response and attachments with the Clerk of the Court using the CM/ECF system and mailed, postage prepaid, a copy of this response to the *pro se* Defendant/Petitioner as follows:

Tobie Melissa Kirkland
Rg. #11338-002
FCI- Tallahassee
501 Capital Circle Northeast
Tallahassee, FL  32301

Respectfully submitted,

LEURA G. CANARY
UNITED STATES ATTORNEY

/s/  Sandra J. Stewart
SANDRA J. STEWART
Assistant United States Attorney
131 Clayton Street
Montgomery, AL  36101-0197
(334) 551-1764
(334) 223-7135

FILED

NOV 20 2003

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

UNITED STATES OF AMERICA    )
                            )
        v.                  )        CR. NO. __03-264-N__
                            )               [18 USC 1344]
TOBIE MELISSA KIRKLAND      )
                            )
                            )        __INDICTMENT__

The Grand Jury charges:

## COUNT 1

That between on or about December 3, 1998, and May 11, 1999, in Montgomery County, Alabama, within the Middle District of Alabama, the defendant,

TOBIE MELISSA KIRKLAND,

did knowingly and willfully execute a scheme to defraud a financial institution, that is, Regions Bank, Montgomery, Alabama, doing business as Regions Mortgage, the deposits of which are insured by the United States Government, and obtain approximately $17,732.58.00, owned by and under the custody and control of Regions Bank, by means of false and fraudulent pretenses, representations and promises. The scheme to defraud involved the use of her position as an employee to request unpaid interest and overpaid interest checks in the names of customers of the mortgage business of Regions Bank and then to endorse the checks and deposit them into her personal account at Regions Bank and thereafter expend the funds from her personal account, all in violation of Title 18, United States Code, Section 1344.

**GOVERNMENT
EXHIBIT**

CASE
NO. 2:07cv759

EXHIBIT
NO.    A

A TRUE BILL:

_____
Foreperson

_____
LEURA GARRETT CANARY
UNITED STATES ATTORNEY

_____
STEPHEN P. FEAGA, SR.
Assistant United States Attorney

**2**

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

UNITED STATES OF AMERICA    )
                            )
        v.                  )    CR. NO. 03-264-N
                            )
TOBIE MELISSA KIRKLAND      )

**PLEA AGREEMENT**

**FILED**

JAN 20 2004

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

DEFENSE COUNSEL:           JOSEPH P. VAN HEEST

ASSISTANT U.S. ATTORNEY:   STEPHEN P. FEAGA

**COUNT AND STATUTE CHARGED IN INDICTMENT:**

COUNT 1      <u>Bank Fraud - 18 U.S.C. 1344</u>
        (a)  The defendant knowingly executed a scheme to
             defraud a financial institution and obtain money
             under the custody and control of a financial
             institution by means of  false or fraudulent
             representations.
        (b)  The defendant did so with intent to defraud and
        (c)  The financial institution was insured by the United
             States Government

**COUNT PLEADING PURSUANT TO PLEA AGREEMENT:**

Count 1 of an Information        18 U.S.C. § 2113(b)

        Whoever, takes, and carries away, with intent to
steal or purloin, . . . any property or money or any other thing of
value belonging to, or in the care, custody, control, management or
possession of , any federally insured bank . . .

**MAXIMUM PENALTY FOR VIOLATION CHARGED IN INFORMATION:**

Count 1      18 U.S.C. § 2113(b)
             NMT 10 Years, a $250,000 fine, or both
             $100 Assessment VWPA

1

**GOVERNMENT
EXHIBIT**

CASE
NO. 2:07cv 759

EXHIBIT
NO.    B

**ELEMENTS OF THE OFFENSE CHARGED IN INFORMATION**:

18 USC § 2113(b)

1. That the Defendant, under false pretenses, took money or property then in the possession of a federally insured credit union or bank as charged.

2. That the value of the property exceeded $1,000.

3. That the Defendant did so knowingly and willfully.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Stephen P. Feaga, Assistant United States Attorney, and Joseph P. Van Heest, attorney for the defendant, pursuant to the provisions of Rule 11(c)(1)(B), Federal Rules of Criminal Procedure, as Amended, have, with the authorization of the undersigned defendant, heretofore entered into discussions with a view towards reaching a pretrial conclusion of the charges pending in the Information herein and a Plea Agreement has been reached by said parties in the following respects:

### GOVERNMENT'S PROVISIONS

1. Upon entering a plea of guilty by the defendant to the offense(s) charged in Count 1 of the Information, the attorney for the Government will do the following:

a. The government agrees to recommend that the defendant will receive the maximum credit for acceptance of responsibility to which she is entitled under the sentencing guidelines of either two or three points. The government agrees to

2

recommend that the defendant's sentence will not include a period of incarceration in a federal penitentiary. The United States agrees to dismiss the indictment pending against the defendant.

b. The United States reserves the right to inform the Court and the Probation Department of all facts pertinent to the sentencing process, including all relevant information concerning the offenses and the defendant's background.

### DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

2. Understanding that 18 U.S.C. § 3742 provides for appeal by a defendant of the sentence under certain circumstances, the defendant expressly waives any and all rights conferred by 18 U.S.C. § 3742 to appeal the sentence. Defendant further expressly waives the right to appeal the sentence on any other ground and waives the right to attack the sentence in any post-conviction proceeding. The defendant does not waive the right to appeal based on ineffective assistance of counsel or prosecutorial misconduct.

Notwithstanding the above, the defendant reserves the right to file a direct appeal for an upward departure from the applicable Guidelines range which the sentencing court specifies at the time of sentencing as having been imposed pursuant to either USSG § 4A1.3 (from criminal history) or §5K2.0 (from offense level). The defendant understands and agrees that this waiver as to all other Guidelines findings would still be in force and effect notwithstanding the appealability of an upward departure.

3

In return for the above waiver by the defendant, the government does not waive its right to appeal the sentence imposed in the instant case. The government does not waive its right to appeal any order dismissing the indictment or information, vacating a sentence, or otherwise terminating the prosecution at any stage of the proceedings. Further, the parties agree that nothing in this agreement shall affect the Government's right and/or duty to appeal as set forth in 18 U.S.C. § 3742(b). However, if the United States appeals the defendant's sentence pursuant to 18 U.S.C. § 3742(b), the defendant is released from this waiver.

## DEFENDANT'S PROVISIONS

3.    The defendant agrees to the following:

To plead guilty to Count 1 of the Information, continue providing substantial assistance, and that the amount of the loss involved in her offense is approximately $17,732.58.

## FACTUAL BASIS

4.    The defendant understands the nature of the charges to which the plea is offered involves proof as to Count 1 of the Information. With respect to Count 1:

That between on or about December 3, 1998, and May 11, 1999, in Montgomery County, Alabama, within the Middle District of Alabama, the defendant,

### TOBIE MELISSA KIRKLAND,

did take and carry away, with intent to steal or purloin, property

4

and money of a value of approximately $17,732.58, belonging to, and in the care, custody, control, management and possession of Regions Bank, Montgomery, Alabama, doing business as Regions Mortgage, the deposits of which were then insured by the Federal Deposit Insurance Corporation in violation of Title 18, United States Code, Section 2113(b).

### DEFENDANT'S UNDERSTANDING AND ACKNOWLEDGMENT

5.    The defendant, before entering a plea of guilty to Count 1 of the Information as provided for herein by said Plea Agreement, advises the Court that:

a.    The discussions between the attorney for the Government and the attorney for the defendant towards reaching an agreed plea in this case have taken place with the defendant's authorization and consent.

b.    The defendant further understands that pursuant to Title 18, United States Code, Section 3013, a $100 assessment is to be paid by the defendant on the date of sentencing and that if a fine and/or restitution is imposed by the Court at sentencing, the defendant shall meet with a member of the Financial Litigation Section of the United States Attorney's Office on the day of sentencing and complete a written personal financial statement setting forth the defendant's assets and liabilities as of the date of the offense.    The defendant will make an honest, good faith effort to pay the said fine and/or restitution as directed by the

5

Financial Litigation Section of the United States Attorney's Office. The defendant further understands that by completing the financial statement, the defendant is representing that it is true and accurate to the best of the defendant's information, knowledge, and belief.

c. The defendant understands that the defendant has a right to be represented by an attorney at every stage of the proceedings against the defendant herein and is represented by the defendant's undersigned attorney.

d. The defendant understands that the defendant has the right to plead not guilty and has the right to be tried by a jury and, at a trial thereof, has the right to the assistance of counsel, the right to confront and cross-examine witnesses against the defendant, the right to call witnesses in the defendant's own behalf, and the right not to be compelled to incriminate the defendant, and that if the defendant enters a plea of guilty herein, there will not be a further trial of any kind and that by the entry of such a plea, the defendant waives the right to a trial by jury or to a trial before the Court.

e. The defendant further understands that in entering a plea of guilty herein, the Court may ask questions about the offense to which the plea is entered and further understands that if the defendant answers these questions under oath, on the record, and in the presence of counsel, which questions and answers would

6

be recorded, that the answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

f.    Defendant further understands and advises the Court that the plea agreement as set forth herein and the plea to be entered by the defendant as a result thereof is voluntary on the defendant's part and is not the result of any force or threats or of any promises apart from the aforesaid Plea Agreement.    The defendant further advises the Court that the Plea Agreement set forth herein is the result of prior discussions between the attorney for the Government and the attorney for the defendant, all conducted with the defendant's authorization, knowledge and consent.

g.    The defendant further advises the Court that the defendant's understanding of this Plea Agreement is as set forth in this document.

h.    The defendant further advises the Court that it is understood that the Government can only make a recommendation which is not binding on the Court, and that the defendant understands that after the entry of the guilty plea, the defendant may not withdraw the plea. ~~unless the court imposes a sentence which includes a period of confinement other than probation or the United States does not dismiss the remaining count of the indictment currently pending against her at sentencing.~~

i.      The defendant further advises the Court that the defendant understands and has been advised that evidence of a plea of guilty, later withdrawn or an offer to plead guilty to the crime charged in the Information herein, or of statements made in connection with and relevant to said plea or offer to plead, shall not be admissible in any civil or criminal proceedings against the defendant. However, the defendant does understand that evidence of a statement made in connection with and relevant to a plea of guilty, later withdrawn, or an offer to plead guilty to the crimes charged in the Information herein, is admissible in a criminal proceeding for perjury or false statement when the statement was made by the defendant under oath, on the court record, and in the presence of counsel.

j.      The Defendant is satisfied that defense counsel has been competent and effective in representing defendant.

6.      The undersigned attorneys for the Government and for the defendant represent to the Court that the foregoing Plea Agreement is the agreement of the parties that has been reached pursuant to the Plea Agreement procedure provided for in Rule 11(c)(1)(B), Federal Rules of Criminal Procedure, as amended. The attorney for the defendant further advises the Court that the defendant has been advised of the nature of the charge to which the foregoing described plea is to be offered, and that the defendant has been advised of the defendant's right to plead not guilty and to be

8

tried by a jury on all issues herein; of the maximum possible penalty provided by law; that by the entering of a plea of guilty as aforesaid, the defendant waives the right to be tried by a jury or by the Court, waives the right to confront and cross-examine witnesses against the defendant and the right not to be compelled to incriminate the defendant; and that if the defendant pleads guilty, there will not be a further trial of any kind. Further, the defendant has been advised that if the defendant pleads guilty, the Court may ask questions about the offense to which the defendant has pleaded and that if the plea is rejected or later withdrawn, that the answers to such questions may not be used against the defendant in a civil or criminal proceeding, but that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

7.    The defendant understands that the U.S. Probation Office will prepare a presentence investigation report for the Court. The Probation Officer will consider defendant's conduct related to the offense to which the plea is offered, as well as the defendant's criminal history. The offense level or criminal history category, as calculated by the Probation Officer and determined by the Court may differ from that projected by defendant's counsel or the U.S. Attorney. In the event that the Court determines defendant's offense level or criminal history category to be higher than

9

defendant anticipated, the defendant will have no right to withdraw

the plea accept as previously stated.

This __16th__ day of January, 2004.

Respectfully submitted,

LEURA GARRETT CANARY
UNITED STATES ATTORNEY

Louis V. Franklin, Sr.
Assistant United States Attorney

Stephen P. Feaga
Assistant United States Attorney

10

I have read the foregoing Plea Agreement, understand the same, and the matters and facts set forth therein accurately and correctly state the representations that have been made to me and accurately set forth the conditions of the Plea Agreement that has been reached.

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE AND CORRECT AND THAT I AM SATISFIED THAT I HAVE RECEIVED COMPETENT ADVICE AND REPRESENTATION FROM MY DEFENSE COUNSEL, JOSEPH P. VAN HEEST.

_____
Tobie Melissa Kirkland
Defendant

_____01/20/04_____
Date

_____
Joseph P. Van Heest
Attorney for the Defendant

_____1/20/2004_____
Date

11

FILED

RECEIVED IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

2004 JAN 16 P 4: 25

JAN 16 2004

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

UNITED STATES OF AMERICA          )
                                  )
v.                                )     CR. NO. __03-264-N__
                                  )          [18 USC 2113(b)]
TOBIE MELISSA KIRKLAND            )

INFORMATION

The United States Attorney charges:

COUNT 1

That between on or about December 3, 1998, and May 11, 1999,
in Montgomery County, Alabama, within the Middle District of
Alabama, the defendant,

TOBIE MELISSA KIRKLAND,

did take and carry away, with intent to steal or purloin, property
and money of a value of approximately $17,732.58, belonging to, and
in the care, custody, control, management and possession of Regions
Bank, Montgomery, Alabama, doing business as Regions Mortgage, the
deposits of which were then insured by the Federal Deposit
Insurance Corporation in violation of Title 18, United States Code,
Section 2113(b).

STEPHEN P. FEAGA, SR
Assistant United States Attorney

GOVERNMENT
EXHIBIT

CASE
NO. 2:07cv 759

EXHIBIT
NO.    C

AO 245B    (Rev. 12/03) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

<table>
<tr><td>MIDDLE</td><td>District of</td><td>ALABAMA</td></tr>
</table>

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| **V.** | |
| TOBIE MELISSA KIRKLAND | Case Number:  2:03-cr-00264-T |
| | USM Number:  11338-002 |
| | Joseph Van Heest |
| | Defendant's Attorney |

## THE DEFENDANT:

X pleaded guilty to count(s)    1s of the Superseding Information on January 20, 2004

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18:2113(b) | Bank Theft | 05/11/1999 | 1s |

The defendant is sentenced as provided in pages 2 through    5    of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

X Count(s)    1 of the original indictment    X is    ☐ are  dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

April 20, 2004
Date of Imposition of Judgment

_____
Signature of Judge

ATTEST: A True Copy
Certified to    April 26    , 20 04 .
Clerk, U.S. District Court,
Middle District of Alabama

BY _____
Deputy Clerk

MYRON H. THOMPSON, UNITED STATES DISTRICT JUDGE
Name and Title of Judge

4/26/2004
Date

GOVERNMENT EXHIBIT
CASE NO. 2:07cv 759
EXHIBIT NO. D

DEFENDANT:        TOBIE MELISSA KIRKLAND
CASE NUMBER:      2:03-cr-00264-T

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall provide the probation officer any requested financial information.

2. The defendant shall not obtain new credit without approval of the probation officer unless in compliance with the payment schedule.

3. The defendant shall participate in drug testing and/or treatment as directed by the probation officer. She shall contribute to the cost of any treatment based on ability to pay and availability of third party payments.

4. The defendant shall participate in a mental health treatment program as directed by the probation officer. She shall contribute to the cost of any treatment based on ability to pay and availability of third party payments.

5. The defendant shall participate in the Home Confinement Program for a period of four (4) months as directed by the probation officer. She shall pay the costs of electronic monitoring as directed by the probation officer.

| | | Judgment — Page | 4 | of | 5 |

DEFENDANT:    TOBIE MELISSA KIRKLAND
CASE NUMBER:  2:03-cr-00264-T

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100 | $ 0 | $ 18,312.20 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

X  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss\*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| Regions Financial Corporation | | 18,312.20 | |
| ATTN L. R. Smith | | | |
| Security Department | | | |
| 25 Washington Avenue | | | |
| Second Floor | | | |
| Montgomery, AL 36104 | | | |

| **TOTALS** | $ _____ | $ 18,312.20 _____ | |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

X  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the  ☐ fine  ☐ restitution.

☐ the interest requirement for the  ☐ fine  ☐ restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Judgment — Page __4__ of __5__

DEFENDANT:        TOBIE MELISSA KIRKLAND
CASE NUMBER:        2:03-cr-00264-T

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100 | $ 0 | $ 18,312.20 |

☐   The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

X    The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss\*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| Regions Financial Corporation<br>ATTN L. R. Smith<br>  Security Department<br>25 Washington Avenue<br>Second Floor<br>Montgomery, AL 36104 |  | 18,312.20 |  |

| **TOTALS** | $ _____ | $ 18,312.20 _____ | |

☐   Restitution amount ordered pursuant to plea agreement  $ _____

X    The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐   The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐   the interest requirement is waived for the    ☐  fine    ☐  restitution.

☐   the interest requirement for the    ☐  fine    ☐  restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT:        TOBIE MELISSA KIRKLAND
CASE NUMBER:      2:03-cr-00264-T

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A    X    Lump sum payment of $ ___18,412.20___ due immediately, balance due

        ☐  not later than _____ , or
        X  in accordance      ☐ C,    ☐ D,    ☐ E, or    X  F below; or

B    ☐    Payment to begin immediately (may be combined with    ☐ C,      ☐ D, or      ☐ F below); or

C    ☐    Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
_____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D    ☐    Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
_____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
term of supervision; or

E    ☐    Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F    X    Special instructions regarding the payment of criminal monetary penalties:

All criminal monetary penalty payments shall be made to the Clerk, United States District Court, Middle Alabama, Post Office
Box 711, Montgomery, Alabama 36101, except those payments made through the Bureau of Prisons' Inmate Financial
Responsibility Program. Any balance remaining at the start of supervision shall be paid at the rate of $150 per month.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during
imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial
Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐    Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount,
and corresponding payee, if appropriate.

☐    The defendant shall pay the cost of prosecution.

☐    The defendant shall pay the following court cost(s):

☐    The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal,
(5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

PROB 12B
(7/93)

# United States District Court

### for

### Middle District of Alabama



GOVERNMENT
EXHIBIT

CASE
NO. 2:07cv759

EXHIBIT
NO. E

### Request for Modifying the Conditions or Term of Supervision
### with Consent of the Offender
**(Probation Form 49, Waiver of Hearing is Attached)**

Name of Offender: Tobie Melissa Kirkland                         Case Number: 2:03-cr-00264-T

Name of Sentencing Judicial Officer: Honorable Myron H. Thompson, U.S. District Judge

Date of Original Sentence: April 20, 2004

Original Offense: Bank Theft

Original Sentence: 5 years probation

Type of Supervision: Probation                         Date Supervision Commenced: April 20, 2004

## PETITIONING THE COURT

[ ]      To extend the term of supervision for __ years, for a total term of __ years.
[X]      To modify the conditions of supervision as follows:

The defendant shall serve four (4) consecutive weekends at a jail facility to be designated by the Federal Bureau of Prisons. The defendant shall surrender for service of this term each Friday, no later than 6:00 p.m., and the defendant shall be released each Sunday, at 6:00 p.m. Failure to report on time for service of this sentence each weekend will be considered a violation of supervision and will subject the defendant to further penalties, including revocation of supervision.

## CAUSE

In June 2005, Kirkland was indicted by the Montgomery County Grand Jury for Theft of Property 1st degree. It was determined this offense occurred prior to the defendant being sentenced to probation for Bank Theft. At the present time, the probation officer has been unable to get further details of the offense. While this new indictment is not a violation of Kirkland's probation, she has violated several other conditions of supervision. These include not paying her restitution for three months, submitting several late monthly reports, and failing to notify to the probation officer prior to changing employment and residence. When these violations occurred and the probation officer became aware of them, Kirkland was instructed to report to the probation office. On August 15, 2005, Kirkland then submitted to a drug screen which tested presumptive positive for marijuana; however, she denied using marijuana. The specimen was sent to Scientific Laboratories for further testing and the results have not yet been received. If the drug screen is positive, Kirkland will submit to increased drug testing. Due to these violations, Kirkland has agreed to the above modification and signed the attached waiver. It should be noted that Kirkland is currently experiencing marital problems and is separated from her husband and child. Due to this issue, the probation officer has assisted in her seeking counseling at the Family Sunshine Center. The probation officer believes the above modification is appropriate and should address the violations that have occurred while on supervision.

**PROB 12B**
(7/93)

2

Respectfully submitted,

 /s/ Kevin Poole

Kevin Poole
U.S. Probation Officer
Date: August 22, 2005

Reviewed and approved:____/s/ Scott Wright_____
                              Supervising U.S. Probation Officer

THE COURT ORDERS:

[ ]     No Action
[ ]     The Extension of Supervision as Noted Above
[ ]     The Modification of Conditions as Noted Above
[ ]     Other

                                    _____
                                    Signature of Judicial Officer

                                    _____
                                              Date

Tobie Melissa Kirkland
2119 Fairway Court
Montgomery, AL 36116

PROB 12B
(7/93)



GOVERNMENT
EXHIBIT

CASE
NO. 2·07cv 759

EXHIBIT
NO.    F

# United States District Court

## for

## Middle District of Alabama

## Request for Modifying the Conditions or Term of Supervision
## with Consent of the Offender
### (Probation Form 49, Waiver of Hearing is Attached)

Name of Offender: Tobie Melissa Kirkland                    Case Number: 2:03-cr-00264-T

Name of Sentencing Judicial Officer: Honorable Myron H. Thompson, U.S. District Judge

Date of Original Sentence: April 20, 2004

Original Offense: Bank Theft

Original Sentence: 5 years probation

Type of Supervision: Probation                    Date Supervision Commenced: April 20, 2004

## PETITIONING THE COURT

[ ]    To extend the term of supervision for __ years, for a total term of __ years.
[X]    To modify the conditions of supervision as follows:

The defendant shall serve four (4) consecutive weekends at a jail facility to be designated by the
Federal Bureau of Prisons. The defendant shall surrender for service of this term each Friday, no
later than 6:00 p.m., and the defendant shall be released each Sunday, at 6:00 p.m. Failure to report
on time for service of this sentence each weekend will be considered a violation of supervision and
will subject the defendant to further penalties, including revocation of supervision.

## CAUSE

In June 2005, Kirkland was indicted by the Montgomery County Grand Jury for Theft of Property 1st
degree. It was determined this offense occurred prior to the defendant being sentenced to probation
for Bank Theft. At the present time, the probation officer has been unable to get further details of
the offense. While this new indictment is not a violation of Kirkland's probation, she has violated
several other conditions of supervision. These include not paying her restitution for three months,
submitting several late monthly reports, and failing to notify to the probation officer prior to changing
employment and residence. When these violations occurred and the probation officer became
aware of them, Kirkland was instructed to report to the probation office. On August 15, 2005,
Kirkland then submitted to a drug screen which tested presumptive positive for marijuana; however,
she denied using marijuana. The specimen was sent to Scientific Laboratories for further testing and
the results have not yet been received. If the drug screen is positive, Kirkland will submit to
increased drug testing. Due to these violations, Kirkland has agreed to the above modification and
signed the attached waiver. It should be noted that Kirkland is currently experiencing marital

PROB 12B
(7/93)

2

problems and is separated from her husband and child. Due to this issue, the probation officer has assisted in her seeking counseling at the Family Sunshine Center. The probation officer believes the above modification is appropriate and should address the violations that have occurred while on supervision.

Respectfully submitted,

/s/ Kevin Poole

Kevin Poole
U.S. Probation Officer
Date: August 22, 2005

Reviewed and approved: _____ /s/ Scott Wright _____
Supervising U.S. Probation Officer

THE COURT ORDERS:

[ ]    No Action
[ ]    The Extension of Supervision as Noted Above
[x]    The Modification of Conditions as Noted Above
[ ]    Other

/s/ Myron H. Thompson_____
Signature of Judicial Officer

September 19, 2005_____
Date

Tobie Melissa Kirkland
2119 Fairway Court
Montgomery, AL 36116

PROB 12A
(7/93)

RECEIVED

2005 NOV 29 P 3: 29

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

GOVERNMENT
EXHIBIT

CASE
NO. 2:07cv759

EXHIBIT
NO.   G

# United States District Court

## for

## Middle District of Alabama

## Report on Offender Under Supervision

Name of Offender: Tobie Melissa Kirkland          Case Number: 2:03CR00264-T

Name of Sentencing Judicial Officer: The Honorable Myron H. Thompson, U.S. District Judge

Date of Original Sentence: April 20, 2004

Original Offense: Bank Theft

Original Sentence: Five (5) Years Probation

Type of Supervision: Probation                    Date Supervision Commenced: April 20, 2004

## NONCOMPLIANCE SUMMARY

The offender has not complied with the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| **Violation 1, "The defendant shall refrain from any unlawful use of a controlled substance."** | On November 14, 2005, the Kirkland submitted to a drug screen which tested presumptive positive for cocaine. Kirkland denied using cocaine. The specimen was sent to Scientific Testing Laboratories for testing. On November 18, 2005, the test results were received and confirmed that Kirkland's drug screen was positive for cocaine. |

U.S. Probation Officer Action:

This latest positive test for cocaine by Kirkland is the fourth positive sample the defendant has submitted within the last year.  Under Public Law Number 107-273 which became effective on November 2, 2002, 18 USC 3565(b) and 3583(g) was amended to add the following paragraph to the list of violations:

> (4) as part of drug testing, tests positive for illegal controlled substances more than 3 times over the course of 1 year."

The amendment leaves undisturbed the provisions of 18 USC 3563(e) and 3583(d) that allow the court to consider:

> whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception in accordance with the United States Sentencing Commission guidelines from the rule of section 3565(b) (3583(g)) when considering any action against the defendant who fails a drug test.

The amendment allows the Court to continue the offender on supervision without proceeding to a revocation hearing if treatment or other means are going to be tried.  The offender is currently attending an outpatient drug treatment program at CAP(Chemical Addictions Program).  This officer recommends no action at this time be taken against Kirkland.  Kirkland is aware if she continues to use illegal substances or tests positive again it would be recommended to the Court that revocation proceedings be initiated.

PROB 12A
(7/93)

2

Respectfully submitted,

by

Kevin Poole
U.S. Probation Officer
Date: November 28, 2005

Reviewed and approved:
Supervisory U.S. Probation Officer

---

*The Court directs that additional action be taken as follows:*

[ ]     Submit a Request for Modifying the Condition or Term of Supervision
[ ]     Submit a Request for Warrant or Summons
[ ]     Other
[ ]     Concur with Probation Officer's recommendation
[ ]     No action necessary

Signature of Judicial Officer

Date

PROB 12A
(7/93)

GOVERNMENT
EXHIBIT

CASE
NO. 2:07cv759

EXHIBIT
NO.    H

# United States District Court

## for

## Middle District of Alabama

## Report on Offender Under Supervision

Name of Offender: Tobie Melissa Kirkland                Case Number: 2:03CR00264-T

Name of Sentencing Judicial Officer: The Honorable Myron H. Thompson, U.S. District Judge

Date of Original Sentence: April 20, 2004

Original Offense: Bank Theft

Original Sentence: Five (5) Years Probation

Type of Supervision: Probation                Date Supervision Commenced: April 20, 2004

### NONCOMPLIANCE SUMMARY

The offender has not complied with the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| **Violation 1, "** The defendant shall refrain from any unlawful use of a controlled substance." | On November 29, 2005, the Kirkland submitted to a drug screen which tested presumptive positive for cocaine. Kirkland claimed that she met another individual at a gas station and that person gave her a cigarette that must have been laced with cocaine. The specimen was sent to Scientific Testing Laboratories for testing. On December 7, 2005, the test results were received and confirmed that Kirkland's drug screen was positive for cocaine. |

U.S. Probation Officer Action:

This latest positive test for cocaine by Kirkland is the fifth positive sample the defendant has submitted within the last year. The Court has set a hearing on December 21, 2005 in regards to her fourth drug positive. This officer recommends this violation also be addressed at that hearing.

Respectfully submitted,

by

Kevin Poole
U.S. Probation Officer
Date: December 8, 2005

Reviewed and approved:

Supervisory U.S. Probation Officer

PROB 12A
(7/93)

2

*The Court directs that additional action be taken as follows:*

[ ]     Submit a Request for Modifying the Condition or Term of Supervision
[ ]     Submit a Request for Warrant or Summons
[ ]     Other
[ ]     Concur with Probation Officer's recommendation
[ ]     No action necessary

_____
Signature of Judicial Officer

_____
Date

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


UNITED STATES OF AMERICA        )
                                )       CRIMINAL ACTION NO.
        v.                      )          2:03cr264-MHT
                                )
TOBIE MELISSA KIRKLAND          )

## ORDER

Based on the non-compliance summaries (Doc. Nos. 29

& 32) and the representations made in open court on April

4, 2006, it is ORDERED that defendant Tobie Melissa

Kirkland's term of probation is continued.

DONE, this the 4th day of April, 2006.


                    _____/s/ Myron H. Thompson_____
                     UNITED STATES DISTRICT JUDGE



GOVERNMENT
EXHIBIT

CASE
NO. 2:07cv 759

EXHIBIT
NO.    I

Prob 12C
(Rev. 1/05)

# UNITED STATES DISTRICT COURT

RECEIVED

for 2006 APR 25 P 2:59

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

# MIDDLE DISTRICT OF ALABAMA

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Tobie Melissa Kirkland          Case Number:   2:03CR00264-MHT

Name of Sentencing Judicial Officer: Honorable Myron H. Thompson

Date of Original Sentence:       April 20, 2004

Original Offense: Bank Theft (Class C Felony)

Original Sentence: Five(5) years Probation

Type of Supervision:    Probation          Date Supervision:          April 20, 2004

Assistant U.S. Attorney:     Stephen P. Feaga          Defense Attorney: Kevin Butler

---

### PETITIONING THE COURT

| X | To issue a warrant

[ ] To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| **"The defendant shall commit another federal, state or local crime."** | On April 18, 2006, Kirkland was arrested by the Montgomery Police Department for Criminal Possession of a Forged Instrument 2nd degree and Theft by Deception 1st degree. |

U.S. Probation Officer Recommendation:

[ ] The term of supervision should be

    [X] revoked.

    [ ] extended for _____ years, for a total term of _____ years.

[ ] The conditions of supervision should be modified as follows:

GOVERNMENT
EXHIBIT

CASE
NO. 2:07cv759

EXHIBIT
NO.  J

Prob 12C
(Rev. 1/05)

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _April 24, 2006_

_____
U.S. Probation Officer

APPROVED:

_____
Supervisory U. S. Probation Officer

THE COURT ORDERS:

☐ No action.

☐ The issuance of a warrant.

☐ The issuance of a summons.

☐ Other

_____
Signature of Judicial Officer

_____
Date

AO 245D    (Rev. 12/03) Judgment in a Criminal Case for Revocations
Sheet 1

# UNITED STATES DISTRICT COURT

_____ MIDDLE _____  District of _____ ALABAMA _____

UNITED STATES OF AMERICA
v.

TOBIE MELISSA KIRKLAND

### AMENDED JUDGMENT IN A CRIMINAL CASE
(For **Revocation** of Probation or Supervised Release)

Case Number:     2:03-cr-0264-MHT
                 (WO)

USM Number:      11338-002

Kevin L. Butler _____
Defendant's Attorney

**THE DEFENDANT:**

☐  admitted guilt to violation of condition(s) _____ of the term of supervision.

X  was found in violation of condition(s)  1 of the Petition filed 4/25/06.

The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| 1 | The defendant has committed another, federal, state or local crime | 04-18-2006 |

The defendant is sentenced as provided in pages 2 through ____6____ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐  The defendant has not violated condition(s) _____ and is discharged as to such violation(s) condition.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Defendant's Soc. Sec. No.:  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 _____

Defendant's Date of Birth:  1975 _____

Defendant's Residence Address:

Montgomery, Alabama _____

_____

_____

Defendant's Mailing Address:

same as above _____

_____

_____

July 26, 2006 _____
Date of Imposition of Judgment

_____
Signature of Judge

MYRON THOMPSON, UNITED STATES DISTRICT JUDGE
Name and Title of Judge

7/26/2006
Date

GOVERNMENT EXHIBIT

CASE NO. 2:07cv 759

EXHIBIT NO. K

AO 245D    (Rev. 12/03 Judgment in a Criminal Case for Revocations
           Sheet 2 -- Imprisonment

Judgment — Page ___2___ of ____6____

DEFENDANT:        TOBIE MELISSA KIRKLAND
CASE NUMBER:      2:03-cr-0264-MHT

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of :
24 MONTHS. The term of probation imposed on April 20, 2004, is REVOKED.

☐  The court makes the following recommendations to the Bureau of Prisons:

X  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:

    ☐  at  _____  ☐ a.m.  ☐ p.m.  on  _____  .

    ☐  as notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐  before 2 p.m. on  _____  .

    ☐  as notified by the United States Marshal.

    ☐  as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on  _____  to  _____

a _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By  _____
DEPUTY UNITED STATES MARSHAL

AO 245D    (Rev. 12/03) Judgment in a Criminal Case for Revocations
            Sheet 3 — Supervised Release

DEFENDANT:        TOBIE MELISSA KIRKLAND
CASE NUMBER:      2:03-cr-0264-MHT

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :
THREE YEARS

      The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court.

☐  The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of

    future substance abuse. (Check, if applicable.)

X  The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☐  The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐  The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works,

    or is a student, as directed by the probation officer. (Check, if applicable.)

☐  The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

      If this judgment imposes a fine or restitution, it is be a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

      The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)   the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)   the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)   the defendant shall support his or her dependents and meet other family responsibilities;

5)   the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)   the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)   the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)  the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)  the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)  the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)  as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245D    (Rev. 12/03) Judgment in a Criminal Case for Revocations
Sheet 3C — Supervised Release

Judgment—Page    4    of    6

DEFENDANT:        TOBIE MELISSA KIRKLAND
CASE NUMBER:      2:03-cr-0264-MHT

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall participate in a substance abuse treatment program as scheduled by the probation officer. She shall contribute to the cost of any treatment based on ability to pay and availability of third party payments.

2. The defendant shall participate in a mental health treatment program as scheduled by the probation officer. She shall contribute to the cost of any treatment based on her ability to pay and availability of third party payments.

3. The defendant shall submit to a search of her person, residence, office, and vehicle pursuant to the search policy of this Court.

4. The defendant shall provide the probation officer any requested financial information.

5. The defendant shall not incur new credit card accounts or checking accounts unless approved by the probation officer.

6. The defendant shall pay additional restitution in the amount of $33,474.19 as a result of this probation violation as well as any remaining balance of the restitution due as a result of the original offense in this case.

AO 245D    (Rev. 12/03) Judgment in a Criminal Case for Revocations
Sheet 5 — Criminal Monetary Penalties

| | Judgment — Page __5__ of __6__ |
|---|---|

DEFENDANT:        TOBIE MELISSA KIRKLAND
CASE NUMBER:      2:03-cr-0264-MHT

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments set forth on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100 | $ | $ 51,786.39 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Regions Financial Corporation<br>ATTN: L.R. Smith<br>Security Department<br>25 Washington Ave. 2nd FL<br>Montgomery, AL 36104 | | $18,312.20 | |
| A&B Check Cashing<br>2415 East South Boulevard<br>Montgomery AL | | $17,289.74 | |
| Daehan Solutions AL, LLC<br>9101 County Road 26<br>Hope Hull, AL 36043 | | $13,577.25 | |
| Regions Bank<br>25 Washington Ave.<br>Montgomery, AL 36104<br>Re: Chris Hudgins | | $2,607.20 | |
| **TOTALS** | $ _____ | $ 51,786.39 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

X The defendant must pay interest on restitution or a fine more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the    ☐ fine    ☐ restitution.

    ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245D     (Rev. 12/03) Judgment in a Criminal Case for Revocations
            Sheet 6 — Schedule of Payments

Judgment — Page ___6___ of ___6___

DEFENDANT:        TOBIE MELISSA KIRKLAND
CASE NUMBER:      2:03-cr-0264MHT

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A**   X   Lump sum payment of $ ___51,786.39___ due immediately, balance due

      ☐ not later than _____ , or
      ☐ in accordance with  ☐ C,  ☐ D,  ☐ E, or  ☐ F below); or

**B**   ☐   Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

**C**   ☐   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
      _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**   ☐   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
      _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
      term of supervision; or

**E**   ☐   Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
      imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay.

**F**   X   Special instructions regarding the payment of criminal monetary penalties:

      All criminal monetary penalty payments shall be made to the Clerk, United States District Court, Middle District of Alabama, Post
      Office Box 711, Montgomery, Alabama 36101.

      The defendant shall pay the balance of any restitution due in this case immediately. Any balance which remains unpaid at the
      commencement of supervision shall be paid in monthly installments of not less than $150.00 to commence within the first 30 days
      of supervision.

Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes imprisonment, payment of criminal
monetary penalties is be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the
Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐   Joint and Several

      Defendant and Co-Defendant Names and Case Numbers (including defendant number), Joint and Several Amount and corresponding
      payee, if appropriate.

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

☐   The defendant shall forfeit the defendant's interest in the following property to the United States:

October 12, 2007

The Clerk of Court
United States District Court
Middle District of Alabama
One Church Street
Montgomery, Alabama 36104

Re:   **Tobie Melissa Kirkland; 11338-002**
      **Case Number: CR - 0264 - MHT**

Dear Clerk:

On July 26, 2006, the Honorable Myron H. Thompson sentenced me to 24 months to serve with the Federal Bureau of Prisons. I have been incarcerated since April 16, 2006. I was returned to the custody of the state of Alabama and sentenced to 5 years with Department of Corrections to run concurrent with my federal sentence.

On May 21, 2007, I was released from state custody to federal custody. I mailed a motion under 28 U.S.C. 2255 to vacate, set aside, or correct sentence by a person in federal custody on August 21, 2007. I have not received a response from your court. Judge Thurman Hobbs, Jr. ran my federal sentence concurrent with my state sentence on October 12, 2006. The Federal Bureau of Prisons is requesting that I contact my federal judge to agree to this concurrent sentence.

My attorney, Mr. Kevin Butler, was ineffective in representing me in my federal and state sentencing hearing. Mr. Butler assured me that he would have my sentences ran concurrent. Mr. Butler assured me that once I was sentenced with the federal courts that the state of Alabama would drop my pending case since I already had a federal sentence. Mr. Butler explained to me that the federal sentence would supersede my state sentence.

I have attached the judgement of commitment from the state of Alabama running my federal sentence concurrent. I humbly and respectfully ask the court the agree to run my sentence concurrent with the state sentence imposed on 10/12/2006, after my federal sentencing hearing.

Please respond to ensure your receipt of this document.



**GOVERNMENT EXHIBIT**

CASE NO. 2:07cv759

EXHIBIT NO. L

Sincerely,

*Tobie M. Kirkland*

Tobie M. Kirkland
11338-002
501 Capital Circle Northeast
Tallahassee, Florida 32301


enclosures


cc:    The Honorable Thurman Hobbs, Jr.
       Montgomery County Circuit Courthouse
       P.O. Box 1667
       Montgomery, Alabama 36102

       United States Department of Justice
       Federal Bureau of Prisons
       3800 North Camp Creek Parkway, S.W.
       Atlanta, Georgia 30331-5099

       United States Department of Justice
       Office of the Inspector General
       P.O. Box 27606
       Washington, D.C.  20534

| State of Alabama<br>Unified Judicial System | **CASE ACTION SUMMARY**<br>CONTINUATION | Case Number |
|---|---|---|
| Form C-7   Rev. 2/79 ~~RECEIVED~~ | | CC - 06 - 1093 TMH |

Style: State of Alabama v. *Tobie Kirkland aka Tobie Rush*

2007 OCT 18 A 10:48

Page Number ___ of ___ pages

| Date | ~~DEBRA P. HACKETT~~ ACTIONS, JUDGEMENTS, CASE NOTES |
|---|---|
| 10-12-06 | Court gave ~~considered~~ the sentencing guidelines worksheet. Defendant and attorney ~~Appeared~~ for sentencing. Court asked if he/she had anything to say why sentence should not Now be pronounced, and Defendant has his/her say. |
| | HOA Enhancements Applicable      (Yes)/No<br>Defendant Admits      2              State proves              priors |
| | **IT IS ORDERED:** *All counts* |
| | Sentenced to   5   yrs/ split to serve   0   / 1   yrs   *Review 2/6/07*<br>_____ reverse split postpone _____ mo/year, *Review 2/6/07*<br>Concurrent  05-931  Consecutive _____<br>_____ To be served in Community Corrections. *Concurrent with federal case.* |
| | Suspended YES /(NO, Supervised / Probation _____ years.<br>End of Split Sentence _____ years supervised probation.<br>_____ DOC to give 60 days notice prior to E.O.S. |
| | ENHANCEMENTS:          $1000 / 2000 Enhancement Fine<br>                              Remit portion completion of SAP<br>                              Driver License suspended / revoked<br>                              $100 DFS fee<br>                              _____ years School / _____ years Public Housing<br>                              _____ years Sale under 18 |
| | Boot Camp _____ SAP _____ Review upon completion – YES _____ GED<br>Work Release _____ Community Service _____ hrs.  Trash Pickup _____ hrs.<br>Maintain Employment _____ Aftercare _____ AA/NA _____<br>OTHER: |
| | Restitution $   0   Co-Defendant(s) _____<br>Jointly and Severally liable   Crime Victim $25.00 /($50.00) ✓<br>Court Costs ✓ _____ Attorney Fees $150.00 /) ✓ Fine $ _____<br>Payment $ _____ Mo/Wk  Begin _____, or ½ monies earned while at DOC. |
| | Review/Other |
| | Defendant advised right to appeal. Defendant did/did not reserve issue for appeal or to withdraw the plea. Defendant to be given credit for time served. Appeal Bond set $ _____<br>$ _____ |
| | TRUMAN M. HOBBS, JR.<br>CIRCUIT COURT JUDGE |

| State of Alabama Unified Judicial System | CASE ACTION SUMMARY CONTINUATION | Case Number CC _06-1093_ |
|---|---|---|
| Form C-7    Rev 2/79 | | TDRB |

**Style:** _Tobie M. Rush_

Page Number _____ of _____ Pages

| DATE | ACTIONS, JUDGMENTS, CASE NOTES |
|---|---|

**DATE:** 9/28/06

Y.O.A. GRANTED / DENIED.

States Motion/Nolle Prosse Count(s) _____ Granted

State's Motion To Dismiss Count(s) _____ Granted

State's Motion to Amend Count _____ to

_____ Granted

The Defendant is before the Court and is represented. The Court on record fully explained all Constitutional rights. The Court is convinced that Defendant comes into court voluntarily and understands all his rights. Exhibit A is signed by Defendant and counsel and the record affirmatively shows colloquy between the Judge and Defendant and that Defendant fully and completely understands he is waiving his Constitutional rights and other effects of a guilty plea and the consequences thereof and the sentence that could be imposed. Upon the conclusion of said colloquy the Court accepts the guilty plea and finds Defendant guilty and enters a judgment of guilt to the charge of

_CPFI II x2, TOPI_

Notice of HOA / Drug / Weapon Enhancements given _____

P.S.I. ORDERED / WAIVED

Sentencing date is _Oct. 12_ , 20_06_ at 8:30 a.m.

**TRUMAN M. HOBBS, JR.**
**CIRCUIT JUDGE**

CC-06 - 1093

Jobie Rush

Jdu - 4-18-06

Sent. 10-12-06

13
31
30
31
31
30
12
———
178

ACR359

**ALABAMA JUDICIAL DATA CENTER**
**MONTGOMERY COUNTY**
**TRANSCRIPT OF RECORD**
**CONVICTION REPORT**

CC 2006 001093.00 01
TRUMAN M HOBBS

---

| CIRCUIT COURT OF MONTGOMERY COUNTY | COURT ORI: 003045 J |
|---|---|

---

STATE OF ALABAMA      VS.                    DC NO: GJ 2006 070067.00
RUSH TOBIE MELISSA           ALIAS: TOBIE MELISSA G J:   67
601 WARWICK DRIVE            ALIAS: HORTON TRACY RSSN:   420275686
MONTGOMERY  AL  36116 2760                            SID:   013070370
                                                      AIS:

---

DOB:  03/31/1975   SEX: F   HT: 5 05     WT: 155  HAIR: BLK   EYE: BRO
RACE: ( )W (X)B ( )O   COMPLEXION:        AGE:   FEATURES:

---

DATE OFFENSE: 12/07/2005  ARREST DATE: 04/18/2006  ARREST ORI: 0030100

---

| CHARGES @ CONV | CITES | CT | CL | COURT ACTION | CA DATE |
|---|---|---|---|---|---|
| POSS FORGED INSTR | 13A-009-006 | 01 | C | GUILTY PLEA | 09/28/2006 |
| POSS FORGED INSTR | 13A-009-006 | 01 | C | GUILTY PLEA | 09/28/2006 |
| THEFT OF PROP 1ST | 13A-008-003 | 01 | B | GUILTY PLEA | 09/28/2006 |

---

JUDGE: TRUMAN M HOBBS       PROSECUTOR:

---

PROBATION APPLIED   GRANTED   DATE      REARRESTED DATE  REVOKED   DATE
( )Y( )N           ( )Y( )N _____   ( )Y( )N _____  ( )Y( )N _____

---

15-18-8, CODE OF ALA 1975    IMPOSED    SUSPENDED   TOTAL    JAIL CREDIT
( )Y (X)N   CONFINEMENT:  05 00 000   00 00 000  05 00 000   00 00 178
            PROBATION :  00 00 000   00 00 000  00 00 000
DATE SENTENCED: 10/12/2006    SENTENCE BEGINS: 10/12/2006

---

| PROVISIONS | COSTS/RESTITUTION | DUE | ORDERED |
|---|---|---|---|
| PENITENTIARY | RESTITUTION | $0.00 | $0.00 |
| CONCURR SENT | ATTORNEY FEE | $150.00 | $150.00 |
|  | CRIME VICTIMS | $50.00 | $50.00 |
|  | COST | $263.00 | $263.00 |
|  | FINE | $0.00 | $0.00 |
|  | MUNICIPAL FEES | $0.00 | $0.00 |
|  | DRUG FEES | $0.00 | $0.00 |
|  | ADDTL DEFENDANT | $0.00 | $0.00 |
|  | DA FEES | $0.00 | $0.00 |
|  | COLLECTION ACCT | $0.00 | $0.00 |
|  | JAIL FEES | $0.00 | $0.00 |
|  | **TOTAL** | **$463.00** | **$463.00** |

---

APPEAL DATE      SUSPENDED       AFFIRMED        REARREST
( )Y( )N _____  ( )Y( )N _____  ( )Y( )N _____  ( )Y( )N _____

---

REMARKS:                          THIS IS TO CERTIFY THAT THE
                                  ABOVE INFORMATION WAS EXTRACTED
                                  FROM OFFICIAL COURT RECORDS
                                  AND IS TRUE AND CORRECT.
5 YEARS EACH CT. CTS TO RUN CC WITH EACH OTHER AND CASE TO RUN
  CC WITH 05-931.


                                  MELISSA RITTENOUR(CC)

                                  10/25/2006

---

OPERATOR: REG
PREPARED: 10/25/2006

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA

United States of America, 2007 OCT 23  A 10: 34
Plaintiff,

DEBRA P. HACKETT
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

vs.

Docket No: _____
Case # 2:03-CR-0264-MHT

**Tobie Melissa Kirkland,**
Petitioner.

## Motion for Jail Credit
## Nunc Pro Tunc

COMES NOW, the Petitioner, Tobie Melissa Kirkland, pro se, respectfully shows the court the following:

Petitioner was in custody of the Federal Bureau of Prisons on July 26, 2006 and

sentenced to 24 months, and in custody of the Alabama Department of Corrections

from April 18, 2006 until May 17, 2007. However, the Federal Correctional Institution in

Tallahassee, Florida computation data as of August 14, 2007, does not credit this time.

**(EXHIBIT A)**

Petitioner has already contacted Mr. John Gaither at the South Eastern Regional

Office of the Federal Bureau of Prisons in an attempt to get this matter taken care of.

However, to date nothing has been resolved. **(EXHIBIT B)**

The Records Department here at Tallahassee has advised that filing this motion

is the most efficient way to receive this jail credit as opposed to filing for a sentence

reduction.  Petitioner was sentenced in the State of Alabama to 5 years to run

concurrently with the Federal sentence of 24 months since both matters were related.

**(EXHIBIT C)**



**GOVERNMENT EXHIBIT**

CASE NO. 2:07cv759

EXHIBIT NO. M

The Petitioner ask that the Honorable Court would agree that the rule of comity requires the Court to agree with State's judgement. (see Armas v. United States, 98-0630 S.D. Florida) (see United States v. Eastman, 758 F.2d 1315, 1317 (9TH Cir. 1997) (see United States v. Clayton, 927 F.2d 491, 493 (9th Cir. 1991) This clearly states that allowing a federal sentence to be served consecutively to a yet imposed state sentence would violate the basic principles of comity.

Wherefore, Petitioner, humbly asks this Honorable Court to grant her Motion Nunc Pro Tunc crediting her from April 18, 2006 until May 17, 2007 the date of entering Federal custody.

Respectfully Submitted,

*Tobie M. Kirkland*

Tobie Melissa Kirkland
11338-002
501 Capital Circle Northeast
Tallahassee, Florida 32301

Submitted this 17th day of October 2007.

## CERTIFICATE OF SERVICE

This is to certify that I have served a true and correct copy of the foregoing,

## Motion Nunc Pro Tunc

upon the following addresses, by placing the same in a sealed envelope, bearing sufficient postage for the delivery via United States Mail Service to:

**The Clerk of Court**
**Middle District of Alabama**
**One Church Street**
**Montgomery, Alabama 36104**

and deposited in the postal box provided for inmates on the grounds of the Federal

Correctional Institution Tallahassee, Florida 32301 on this 17th day of October 2007.

*Tobie M. Kirkland*

Tobie M. Kirkland

**Litigation is deemed FILED at the time it was delivered to prison authorities.**

**See: Houston v. Lack, 487 US 266, 101 L Ed 2d 245, 108 S Ct 2379 (1988)**

## EXHIBIT A

```
TALT6   540*23 *                SENTENCE MONITORING            *      08-15-2007
PAGE 001          *             COMPUTATION DATA               *      06:49:43
                                  AS OF 08-15-2007

REGNO..: 11338-002 NAME: KIRKLAND, TOBIE MELISSA


FBI NO...........: 262801DC1           DATE OF BIRTH: 03-31-1975
ARS1.............: TAL/A-DES
UNIT.............: D UNIT               QUARTERS.....: D01-003L
DETAINERS........: NO                   NOTIFICATIONS: NO

PRE-RELEASE PREPARATION DATE: 12-14-2008

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE: 02-14-2009 VIA GCT REL

---------------------CURRENT JUDGMENT/WARRANT NO: 020 ----------------------

COURT OF JURISDICTION...........: ALABAMA, MIDDLE DISTRICT
DOCKET NUMBER...................: 2:03-CR-0264-MHT
JUDGE...........................: THOMPSON
DATE SENTENCED/PROBATION IMPOSED: 04-20-2004
DATE PROBATION REVOKED..........: 07-26-2006
TYPE OF PROBATION REVOKED.......: REG
DATE COMMITTED..................: 05-21-2007
HOW COMMITTED...................: PROBATION VIOL (US OR DC CD)
PROBATION IMPOSED...............: NO

                FELONY ASSESS  MISDMNR ASSESS  FINES          COSTS
NON-COMMITTED.: $100.00        $00.00          $00.00         $00.00

RESTITUTION...: PROPERTY: NO  SERVICES: NO       AMOUNT:  $51,786.39

------------------------CURRENT OBLIGATION NO: 010 ----------------------
OFFENSE CODE....: 156
OFF/CHG: 18:2113(B): BANK THEFT

 SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.: 24 MONTHS
 TERM OF SUPERVISION............: 3 YEARS
 WEEKENDS/OVERNIGHTS INVOLVED...: YES
 DATE OF OFFENSE................: 05-11-1999




G0002      MORE PAGES TO FOLLOW . . .
```

```
   TALT6   540*23 *              SENTENCE MONITORING              *     08-15-2007
PAGE 002 OF 002 *              COMPUTATION DATA                 *     06:49:43
                                AS OF 08-15-2007

REGNO..: 11338-002 NAME: KIRKLAND, TOBIE MELISSA


-----------------------CURRENT COMPUTATION NO: 020 ------------------------

COMPUTATION 020 WAS LAST UPDATED ON 08-14-2007 AT DSC AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 020: 020 010

DATE COMPUTATION BEGAN..........: 05-21-2007
TOTAL TERM IN EFFECT............:    24 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:     2 YEARS
EARLIEST DATE OF OFFENSE........: 05-11-1999

JAIL CREDIT.....................:    FROM DATE       THRU DATE
                                     12-04-2003      12-04-2003

TOTAL PRIOR CREDIT TIME.........: 1
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 94
TOTAL GCT EARNED................: 0
STATUTORY RELEASE DATE PROJECTED: 02-14-2009
SIX MONTH /10% DATE.............: N/A
EXPIRATION FULL TERM DATE.......: 05-19-2009


PROJECTED SATISFACTION DATE.....: 02-14-2009
PROJECTED SATISFACTION METHOD...: GCT REL

REMARKS.......: PROBATION VIOLATOR
```

```
G0000      TRANSACTION SUCCESSFULLY COMPLETED
```

```
 TALT6  542*22 *           SENTENCE MONITORING        *     08-15-2007
PAGE 001 OF 001 *            GOOD TIME DATA           *     06:50:19
                          AS OF  08-15-2007

REGNO...: 11338-002    NAME: KIRKLAND, TOBIE MELISSA
ARS 1...: TAL A-DES                                PLRA
COMPUTATION NUMBER..: 020              FUNC..: PRT   ACT DT:
LAST UPDATED:  DATE.: 08-14-2007       FACL..: DSC     CALC: AUTOMATIC
UNIT................: D UNIT           QUARTERS...........: D01-003L
DATE COMP BEGINS....: 05-21-2007       COMP STATUS........: COMPLETE
TOTAL JAIL CREDIT...: 1                TOTAL INOP TIME....: 0
CURRENT REL DT......: 05-19-2009 TUE   EXPIRES FULL TERM DT: 05-19-2009
PROJ SATISFACT DT...: 02-14-2009 SAT   PROJ SATISF METHOD..: GCT REL
ACTUAL SATISFACT DT.:                  ACTUAL SATISF METHOD:
DAYS REMAINING......:                  FINAL PUBLC LAW DAYS:

------------------------GOOD CONDUCT TIME AMOUNTS------------------------

  START      STOP       MAX POSSIBLE TO    ACTUAL TOTALS     VESTED    VESTED
  DATE       DATE       DIS  FFT        DIS    FFT           AMOUNT    DATE
05-20-2007  05-19-2008   54
05-20-2008  02-14-2009   40

    TOTAL EARNED AMOUNT........................................:       0
    TOTAL EARNED AND PROJECTED AMOUNT..........................:      94
```

G0005      TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED

EXHIBIT B

October 10, 2007

Federal Bureau of Prisons
Mr. John Gaither
Southeast Regional Office
Building 2000
3800 Camp Creek Parkway Southwest
Atlanta, Georgia 30321-6226

Re:    **Tobie Melissa Kirkland; 11338-002**
       **Case Number; 2:03-CR-0264-MHT**

Dear Mr. Gaither:

I have written several letter to you regarding the Honorable Thurman Hobbs, Jr. running my federal sentence concurrent with my state sentence.

On April 18, 2006, I was arrested by Montgomery County. I was then picked up by the U.S. Marshal's to be sentenced on July 26, 2006. On July 26, 2006, I was sentenced to 24 months, after which, I was returned to state custody. On October 12, 2006, I was sentenced to 5 years to run concurrently with case 2005-931 and my federal sentence.

While in custody of the Alabama Department of Corrections, my federal sentence was silent. I have submitted a 81/2 and BP9 to clarify this discrepancy. I have spoken with Gary Rickard of the FCI Tallahassee R&D Department, and he stated that indeed the Bureau should grant my jail credit based on the judgement of imprisonment by my state judge. I have attached a copy of the case action summary from the state of Alabama - the Honorable Judge Thurman Hobbs, Jr. - Circuit Court Montgomery County.

I have exhausted all efforts with the institution and I am humbly and respectfully asking the Bureau to grant me my jail credit. Please respond as soon as possible.

Sincerely,

*Tobie M. Kirkland*
Tobie M. Kirkland
11338-002
501 Capital Circle Northeast
Tallahassee, Florida 32301

cc:    United States Department of Justice
       Executive Office
       U.S. Attorney, Alberto Gonzales
       950 Pennsylvania Avenue Northwest
       Washington, D.C.  20530-001

September 11, 2007


Federal Bureau of Prisons
Mr. John Gaither
Southeast Regional Office
Building 2000
3800 Camp Creek Parkway Southwest
Atlanta, Georgia 30321-6226

Re:    Tobie Melissa Kirkland; 11338-002
       Case Number: 2:03-CR-0264-MHT

Dear Mr. Gaither:

On April 18, 2006, I was arrested by Montgomery County for TOPI and possession of a
forged instrument. I was then picked up, on a writ, by the U.S. Marshal's to be in
federal court on July 26, 2006. On July 26, 2006, I was violated and sentenced to 24
months. I was then returned to Montgomery County for my court appearance in State
court. On October 12, 2006, Judge Thurman Hobbs, Jr. sentenced me to 5 years with
the Alabama Department of Corrections to run concurrently with my federal sentence.

I have been incarcerated since April 18, 2006, and was picked up by the U.S. Marshal's
from Alabama Department of Corrections. I have attached documentation of the
judgement from the State of Alabama and my federal computation sheet. I am
respectfully asking the Regional Office to grant me jail credit for my time of
incarceration in the State Institution.

Thank you for your attention to this matter.


Sincerely Yours,

*Tobie M. Kirkland*
Tobie M. Kirkland
11338-002
501 Capital Circle Northeast
Tallahassee, Florida 32301


enclosures

August 9, 2007

Federal Bureau of Prisons
Mr. John Gaither
Southeast Regional Office
Building 2000
3800 Camp Creek Parkway Southwest
Atlanta, Georgia 30321-6226

Re:    Tobie Melissa Kirkland; 11338-002

Dear Mr. Gaither,

In June 2007 and in July 2007, I wrote you a letter regarding my sentence and this letter
is a follow-up.  I have written you regarding my sentence of 24 months give to me by
the Honorable Myron H. Thompson on July 26, 2006, for probation violation.

After being sentenced , I was returned to the custody of the State of Alabama where I
remained in custody unitl May 17, 2007.  I have exhausted all efforts and would
respectfully ask the Bureau to grant me jail credit.

I have not received a response from your office for either letter.  Thank you in advance
for your prompt attention to this matter.


Sincerely,

Tobie M. Kirkland
11338-002
501 Capital Circle Northeast
Tallahassee, Florida 32301

| State of Alabama<br>Unified Judicial System | **CASE ACTION SUMMARY**<br>CONTINUATION | Case Number |
|---|---|---|
| Form C-7   Rev. 2/79 | | CC - 06 - 1093 TMH |

Style: State of Alabama v. *Tobie Kirkland aka Tobie Rush*

Page Number _____ of _____ pages

| Date | ACTIONS, JUDGEMENTS, CASE NOTES |
|---|---|
| 10-12-06 | ~~Court given and considered the sentencing guidelines worksheet.~~ Defendant and attorney<br>Appeared for sentencing. Court asked if he/she had anything to say why sentence should not<br>Now be pronounced, and Defendant has his/her say. |
| | HOA Enhancements Applicable       (Yes)/No<br>Defendant Admits    2          State proves _____ priors |
| | **IT IS ORDERED:** All counts |
| | Sentenced to    5       yrs/ split to serve _____ yrs<br>_____ reverse split postpone _____ mo/year, Review 06-07<br>Concurrent   05-931       Consecutive _____<br>_____ To be served in Community Corrections . Concurrent with federal case. |
| | Suspended YES /(NO) Supervised / Probation _____ years.<br>End of Split Sentence _____ years supervised probation.<br>_____ DOC to give 60 days notice prior to E.O.S. |
| | ENHANCEMENTS:       $1000 / 2000 Enhancement Fine<br>Remit portion completion of SAP<br>_____ Driver License suspended / revoked<br>$100 DFS fee<br>_____ years School / _____ years Public Housing<br>_____ years Sale under 18 |
| | Boot Camp _____ SAP _____ Review upon completion – YES _____ GED _____<br>Work Release _____ Community Service _____ hrs.  Trash Pickup _____ hrs.<br>Maintain Employment _____ Aftercare _____ AA/NA _____<br>OTHER: _____ |
| | Restitution $    0       Co-Defendant(s) _____<br>Jointly and Severally liable  Crime Victim $25.00 /($50.00)<br>Court Costs _____ Attorney Fees $150.00 /) _____ Fine $ _____<br>Payment $ _____ Mo/Wk  Begin _____, or ½ monies earned while at DOC. |
| | Review/Other _____<br>Defendant advised right to appeal. Defendant did/did not reserve issue for appeal or to<br>withdraw the plea. Defendant to be given credit for time served. Appeal Bond set $<br>$ _____<br><br>TRUMAN M. HOBBS, JR.<br>CIRCUIT COURT JUDGE |

| State of Alabama Unified Judicial System | CASE ACTION SUMMARY | Case Number |
|---|---|---|
| Form C-7    Rev 2/79 | CONTINUATION | CC _06-1093_ TMH |

Style: _Tobie M. Rush_

Page Number _____ of _____ Pages

| DATE | ACTIONS, JUDGMENTS, CASE NOTES |
|---|---|
| _9/28/06_ | Y.O.A. GRANTED / DENIED. |

States Motion/Nolle Prosse Count(s) _____ Granted

State's Motion To Dismiss Count(s) _____ Granted

State's Motion to Amend Count _____ to

_____ Granted

The Defendant is before the Court and is represented. The Court on record fully explained all Constitutional rights. The Court is convinced that Defendant comes into court voluntarily and understands all his rights. Exhibit A is signed by Defendant and counsel and the record affirmatively shows colloquy between the Judge and Defendant and that Defendant fully and completely understands he is waiving his Constitutional rights and other effects of a guilty plea and the consequences thereof and the sentence that could be imposed. Upon the conclusion of said colloquy the Court accepts the guilty plea and finds Defendant guilty and enters a judgment of guilt to the charge of

_CPFI II x 2, TOPI_

Notice of HOA / Drug / Weapon Enhancements given _____

P.S.I. ORDERED / WAIVED

Sentencing date is _OCT. 12_ , 20_06_ at 8:30 a.m.

**TRUMAN M. HOBBS, JR.**
**CIRCUIT JUDGE**

CC-06 - 1093

Jobie Rush

Ln - 4-18-06

Sent. 10-12-06

$$
\begin{array}{r}
13 \\
31 \\
30 \\
31 \\
31 \\
30 \\
\underline{12} \\
178
\end{array}
$$

ACR359

ALABAMA JUDICIAL DATA CENTER
MONTGOMERY COUNTY
TRANSCRIPT OF RECORD
CONVICTION REPORT

CC 2006 001093.00 01
TRUMAN M HOBBS

---

| CIRCUIT COURT OF MONTGOMERY COUNTY | COURT ORI: 003045 J |
|---|---|

---

STATE OF ALABAMA       VS.                          DC NO: GJ 2006 070067.00
RUSH TOBIE MELISSA          ALIAS: TOBIE MELISSA G J:  67
601 WARWICK DRIVE           ALIAS: HORTON TRACY RSSN:  420275686
MONTGOMERY   AL  36116 2760              SID:          013070370
                                        AIS:

---

DOB: 03/31/1975  SEX: F  HT: 5 05    WT: 155  HAIR: BLK    EYE: BRO
RACE: ( )W (X)B ( )O  COMPLEXION: _____  AGE: _____  FEATURES: _____

---

DATE OFFENSE: 12/07/2005  ARREST DATE: 04/18/2006  ARREST ORI: 0030100

---

| CHARGES @ CONV | CITES | CT CL COURT ACTION | CA DATE |
|---|---|---|---|
| POSS FORGED INSTR | 13A-009-006 | 01 C  GUILTY PLEA | 09/28/2006 |
| POSS FORGED INSTR | 13A-009-006 | 01 C  GUILTY PLEA | 09/28/2006 |
| THEFT OF PROP 1ST | 13A-008-003 | 01 B  GUILTY PLEA | 09/28/2006 |

---

JUDGE: TRUMAN M HOBBS                    PROSECUTOR:

---

PROBATION APPLIED   GRANTED   DATE        REARRESTED DATE   REVOKED   DATE
( )Y( )N _____  ( )Y( )N _____    ( )Y( )N _____  ( )Y( )N _____

---

15-18-8, CODE OF ALA 1975   IMPOSED    SUSPENDED    TOTAL     JAIL CREDIT
( )Y (X)N   CONFINEMENT: 05 00 000   00 00 000   05 00 000   00 00 178
            PROBATION :  00 00 000               00 00 000
DATE SENTENCED: 10/12/2006    SENTENCE BEGINS: 10/12/2006

---

| PROVISIONS | COSTS/RESTITUTION | DUE | ORDERED |
|---|---|---|---|
| PENITENTIARY | RESTITUTION | $0.00 | $0.00 |
| CONCURR SENT | ATTORNEY FEE | $150.00 | $150.00 |
| | CRIME VICTIMS | $50.00 | $50.00 |
| | COST | $263.00 | $263.00 |
| | FINE | $0.00 | $0.00 |
| | MUNICIPAL FEES | $0.00 | $0.00 |
| | DRUG FEES | $0.00 | $0.00 |
| | ADDT'L DEFENDANT | $0.00 | $0.00 |
| | DA FEES | $0.00 | $0.00 |
| | COLLECTION ACCT | $0.00 | $0.00 |
| | JAIL FEES | $0.00 | $0.00 |
| | TOTAL | $463.00 | $463.00 |

---

APPEAL DATE        SUSPENDED        AFFIRMED           REARREST

( )Y( )N _____  ( )Y( )N _____  ( )Y( )N _____  ( )Y( )N _____

---

REMARKS:                        THIS IS TO CERTIFY THAT THE
                                ABOVE INFORMATION WAS EXTRACTED
                                FROM OFFICIAL COURT RECORDS
                                AND IS TRUE AND CORRECT.
5 YEARS EACH CT. CTS TO RUN CC WITH EACH OTHER AND CASE TO RUN
  CC WITH 05-931.



                                MELISSA RITTENOUR(CC)

                                10/25/2006

---

OPERATOR: REG
PREPARED: 10/25/2006

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:03cr264-MHT |
| | ) | |
| TOBIE MELISSA KIRKLAND | ) | |

UNITED STATES' RESPONSE TO SHOW CAUSE ORDER
(DOC. 60), AND DEFENDANT'S PRO SE MOTION TO RUN SENTENCE
CONCURRENTLY (DOC. 58), AND MOTION FOR JAIL CREDIT (DOC. 59)

Comes now the United States of America by and through Leura G. Canary, United States

Attorney for the Middle District of Alabama and in response to the Court's Order (Doc. 60), the

defendant's Motion to Run Sentence Concurrently (Doc. 58), and Motion for Jail Credit (Doc.

59), submits the following:

PROCEDURAL BACKGROUND AND PERTINENT FACTS

On November 20, 2003, Tobie Melissa Kirkland ("Kirkland") was charged in a one count

indictment in the Middle District of Alabama with bank fraud. The indictment charged that

Kirkland knowingly and willfully executed a scheme to defraud Regions Bank, and obtained

approximately $17,732.58, by means of a false and fraudulent pretenses, in violation of 18

U.S.C. § 1344. Pursuant to a plea negotiation, the government filed an information on January

16, 2004, which charged Kirkland with bank theft. Kirkland pled guilty on January 20, 2004,

before United State Magistrate Judge Delores R. Boyd pursuant to a written plea agreement. In

the plea agreement, the government agreed that the defendant would receive the maximum credit

for acceptance of responsibility and to recommend a sentence that would not include a period of

incarceration in a federal penitentiary. The government also agreed to dismiss the original

indictment pending against Kirkland. The defendant agreed that the amount of the loss was

GOVERNMENT
EXHIBIT

CASE
NO. 2:07cv 759

EXHIBIT
NO. N

approximately $17,732.58 to Regions Bank, and the defendant agreed to waive her right to appeal and collateral attack.

On April 20, 2004, this Honorable Court sentenced Kirkland to five years probation, a $100.00 special assessment and $18,312.20, restitution to Regions Financial Corporation. The defendant was ordered to comply with the standard conditions of probation and special conditions of supervision as outlined by the court. One special condition included that the defendant shall participate in drug testing, drug treatment, and mental health treatment as directed by the probation officer.

Also on April 20, 2004, Kirkland began her probation supervision. On August 22, 2005, and after multiple written and verbal reprimands for non-compliance, a petition was filed with the court to modify Kirkland's conditions of probation to include four (4) consecutive weekends in jail. Kirkland's violations continued with positive drug tests for marijuana and cocaine. Kirkland was enrolled in the outpatient program at CAP. Probation did not file a petition, however the court was notified of the violations.

On December 21, 2005, a hearing was held wherein evidence was presented supporting Kirkland's drug violations. The hearing was continued to February 27, 2006. One day after the hearing, Kirkland tested positive for marijuana. The court was notified and Kirkland was ordered to enter residential treatment at CAP. The case was continued again at the request of Kirkland's defense counsel to allow Kirkland to continue residential treatment. On April 4, 2006, the court advised Kirkland that if she incurred another violation, her probation would be revoked.

2

0029
GARRETT

On April 24, 2006, a petition to revoke probation was filed against Kirkland based upon a new violation. (Doc. 42). The new violation alleged that Kirkland was arrested by the Montgomery Police Department for Criminal Possession of a Forged Instrument Second Degree, and Theft by Deception First Degree. Kirkland admitted that she cashed the checks involved in the charges brought by Montgomery Police Department. On July 6, 2006, Kirkland was revoked and sentenced to twenty-four (24) months in the Federal Bureau of Prisons, to be followed with three (3) years supervised release. Kirkland was also ordered to pay additional restitution in the amount of $33,474.19. (Doc. 54).[1]

On October 18, 2007, Kirkland filed a letter requesting that her state and federal sentences run concurrently. (Doc. 58). Kirkland states that "[o]n July 26, 2006, the Honorable Myron H. Thompson sentenced [her] to 24 months to serve with the Federal Bureau of Prisons." Doc. 58, at 1. Kirkland stated further that she was sentenced to five (5) years with the state Department of Corrections to run concurrently with her federal sentence. Id. Kirkland also filed a motion for jail credit *nunc pro tunc* on October 23, 2007, requesting credit for the time she was in state custody from April 18, 2006 until May 17, 2007. (Doc. 59, at 1). Kirkland refers to Exhibit C of Doc. 59, wherein on October 12, 2006, State Circuit Judge Truman M. Hobbs, Jr. sentenced her to five (5) years based upon her guilty plea to Criminal Possession of a Forged Instrument Second Degree and Theft of Property First Degree. Judge Hobbs ordered that the state sentence run concurrently with Kirkland's federal case.

This Court ordered the government to show cause why Kirkland's pro se motion to run

---

[1]    The judgment of revocation was amended on July 26, 2006. The Court corrected the amount of restitution ordered on page 6 to reflect $51,786.39 (Doc. 55), instead of $51,786.93 (Doc. 55). The only difference was the cents numbers had been transposed.

3

0030
GARRETT

her sentence concurrently and her pro se motion for jail-time credit should not be granted.  (Doc. 60).  This response follows.

## LEGAL DISCUSSION

The primary focus of Kirkland's motion is that the time she served in state custody be credited to her against the 24 months she is presently serving in federal prison.  The bases of Kirkland's argument is that Circuit Court Judge Truman Hobbs, Jr., ordered that her state sentence run concurrently with her federal sentence.  Notwithstanding Judge Hobbs' Order, Title 18, United States Code, Section 3585, governs the "[c]alculation of a term of imprisonment" for a defendant serving a federal prison term.  The statute provides,

> (a) **Commencement of sentence**. - A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
> (b) **Credit for prior custody.** - A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the senetnce commences-
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

18 U.S.C. § 3585.

While on federal probation, Kirkland was arrested by Montgomery Police Department for Criminal Possession of a Forged Instrument Second Degree and Theft by Deception First Degree. The arrest on the above new charges violated one of the conditions of Kirkland's probation supervision, which states that "[t]he defendant shall not commit another federal, state or local crime."  The arrest on the new offenses also placed Kirkland in state custody.  In addition to the arrest by Montgomery Police Department, Kirkland's federal probation officer filed a Petition for

4

0031
GARRETT

Warrant or Summons for Offender Under Supervision" which generated an arrest warrant. The manner in which a state inmate is transferred from state to federal court is that a detainer is filed with the state agency. A detainer was filed in this case. Next, a Motion for a Writ of Habeas Corpus ad Prosequendum, which in essence borrows the defendant from the state authority for a limited time period, was filed. While Kirkland was in a borrowed status in federal court, she was not in "official detention" and cannot receive federal credit. Moreover, Kirkland did receive state credit for the time she was in borrowed federal status.[2] See United States v. Williams, 425 F.3d 987, 990 (11th Cir. 2005). The Eleventh Circuit, referencing the Supreme Court holding in United States v. Wilson, 503 U.S. 329, 333-35, 112 S.Ct. 1351, 1354-55, (1992), held that "[i]n construing 18 U.S.C. § 3565(b), the Supreme Court has held that the Attorney General through the Bureau of Prisons, as opposed to the district courts, is authorized to compute sentence credit awards after sentencing." As a result, 'a federal prisoner dissatisfied with computation of his sentence must pursue the administrative remedy available through the federal prison system before seeking judicial review of his sentence." United States v. Flanagan, 868 F.2d 1544, 1546 (11th Cir. 1989)." Williams at 990.

Kirkland was approved for parole from her state sentence and was released from Tutwiler state prison for women to the custody of the United States Marshals on May 21, 2007, to commence serving her 24 months sentence which was imposed as a result of her probation revocation. At the time Judge Hobbs ordered Kirkland's state sentence to run concurrently with her federal sentence, Kirkland's federal sentence was not active.

---

[2]    The Montgomery County Transcript of Record Conviction Report credits Kirkland with 178 days jail credit against her five year sentence.

0032
GARRETT

Finally, Kirkland argues that her state sentence and federal sentence should run concurrently because the state Circuit Court judge so ordered. Kirkland is incorrect. Under 7B1.3(f), the advisory United States Sentencing Guidelines, states:

> (f) Any term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.

U.S.S.G., § 7B1.3(f).

There are no indications in the court's Judgment that this Court had the intent to run Kirkland's sentence concurrently with her state sentence.

## CONCLUSION

For the reasons stated above, Kirkland's motion for jail time credit and to have her state and federal sentences run concurrently, should be denied.

Respectfully submitted on this 9th day of November, 2007.

LEURA G. CANARY
UNITED STATES ATTORNEY

/s/ Tommie Brown Hardwick
TOMMIE BROWN HARDWICK
Assistant United States Attorney
131 Clayton Street
Montgomery, Alabama 36104
(334) 223-7280
(334) 223-7135 fax
tommie.hardwick@usdoj.gov

6

0033
GARRETT

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO.  2:03cr264-MHT |
| | ) | |
| TOBIE MELISSA KIRKLAND | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on November 9, 2007, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system and hereby certify that I have mailed by United

States Postal Service the document to the following non-CM/ECF participant: Tobie Melissa

Kirkland, 11338-002, 501 Capital Circle Northeast, Tallahassee, Florida 32301.


LEURA G. CANARY
UNITED STATES ATTORNEY

/s/ Tommie Brown Hardwick
TOMMIE BROWN HARDWICK
Assistant United States Attorney
131 Clayton Street
Montgomery, Alabama 36104
(334) 223-7280
(334) 223-7135 fax
tommie.hardwick@usdoj.gov

7

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


UNITED STATES OF AMERICA    )
                            )    CRIMINAL ACTION NO.
       v.                   )       2:03cr264-MHT
                            )
TOBIE MELISSA KIRKLAND      )

## ORDER

Upon consideration of defendant Tobie Melissa
Kirkland's pro-se motion to run sentence concurrently
(Doc. No. 58) and pro-se motion for jail-time credit
(Doc. No. 59), it is ORDERED that both motions are
denied.

DONE, this the 14th day of November, 2007.


                    /s/ Myron H. Thompson
                 UNITED STATES DISTRICT JUDGE



GOVERNMENT
EXHIBIT

CASE
NO. 2:07cv 759

EXHIBIT
NO.  O

Case 2:03-cr-00264-MHT-TFM    Document 66    Filed 11/30/2007    Page 1 of 2

U.S. Department of Justice

Federal Bureau of Prisons

---

*Designation and Sentence Computation Center*
*346 Marine Forces Drive*
*Grand Prairie, Texas 75051*

November 16, 2007

The Honorable Myron Thompson
Judge of the U.S. District Court
  for the Middle District of Alabama
Frank M. Johnson, Jr. Federal Courthouse Annex
Suite B-110
One Church Street
Montgomery, AL 36104

**Re:  KIRKLAND, Tobie Melissa**
      Reg. No. 11338-002
      Docket No. 2:03-cr-0264MHT

Dear Judge Thompson:

     On July 26, 2006, Tobie Kirkland was sentenced by the Court
to a 24-month term of confinement for a Supervised Release
Violation.  At the time the federal sentence was imposed,
Ms. Kirkland was under the primary jurisdiction of state
authorities in Alabama pending state charges, and in federal
custody pursuant to a Writ.  The respective Judgment and
Commitment Order was silent regarding any relationship with the
forthcoming action in the State of Alabama.  Following
sentencing, Ms. Kirkland was returned to Alabama authorities.
The U.S. District Court Judgment was filed as a detainer with the
State of Alabama.

     Ms. Kirkland was subsequently sentenced in Montgomery
County, Alabama, to a 5-year state term of imprisonment for the
state offense of Criminal Possession of a Forged Instrument and
Theft by Deception, Case Number CC-06-1093TMH.  Ms. Kirkland was
paroled to a federal detainer on May 21, 2007.  She was
subsequently released to the custody of the U.S. Marshals
Service, to commence the service of her federal sentence as
provided by Title 18 U.S.C. § 3585(a).

     Ms. Kirkland now requests credit toward her federal sentence
for time which she spent in state custody.  Title 18, U.S.C.
§ 3585(b), prohibits the application of credit for the time
Ms. Kirkland spent in state custody from July 26, 2006, to
May 20, 2007.  However, as a result of the decision in Barder
Keohane, 921 F.2d 476 (3rd Cir. 1990), the Bureau of Prisons



AC906-C
**GOVERNMENT
EXHIBIT**

CASE
NO. 2:07cv 759

EXHIBIT
NO.  P

considers an inmate's request for credit in such a case as a
request for a retroactive (concurrent) designation.

The Bureau of Prisons strives to administer sentences in
accordance with federal statutes, Bureau policy and the intent of
the Sentencing Court.  A retroactive designation is made only
after the review of all relevant factors under Title 18 U.S.C.
§ 3621(b).

It is the preference of the Bureau of Prisons that the
federal Sentencing Court be given an opportunity to state its
position with respect to a retroactive designation, which, while
not binding, can be helpful in our determination to grant or deny
the request.  Should the designation be granted, the Bureau will
commence Ms. Kirkland's sentence on July 26, 2006, which would
result in her release from custody on or about April 21, 2008.
Should the Bureau of Prisons deny the request, Ms. Kirkland will
continue to a current projected release date of February 14,
2009.  If the Bureau of Prisons makes a decision, based on a
review of all relevant 3621(b) factors, which is contrary to the
Court's stated position, the Court will be notified accordingly.

Please advise us at your earliest convenience, as to the
Court's position on a retroactive designation in this case.
Should additional information be necessary, please contact
Mr. Jeff Carson, Operations Manager, at (972)595-3129.

Sincerely,

for  Delbert G. Sauers
Chief

hms
cc:  Tommie Hardwick, Assistant U.S. Attorney
     Kevin Poole, USPO

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


UNITED STATES OF AMERICA    )
                            )    CRIMINAL ACTION NO.
        v.                  )       2:03cr264-MHT
                            )
TOBIE MELISSA KIRKLAND      )

ORDER

In a letter dated November 16, 2007, and filed on
November 30, 2007 (Doc. No. 66), the Federal Bureau of
Prisons asked that the court advise "as to [its] position
on a retroactive designation in this case" for the
sentence for defendant Tobie Melissa Kirkland, imposed on
July 6, 2006, and entered on July 6, 2006 (Doc. No. 54),
and later amended on July 26, 2006 (Doc. No. 55). The
court being of the opinion that it should receive input
from others, it is ORDERED that the government,
probation, and defendant Tobie Melissa Kirkland show
cause, if any there be, in writing by January 25, 2008,



GOVERNMENT
EXHIBIT

CASE
NO. 2:07cv759

EXHIBIT
NO. Q

as to why there should not be a retroactive designation

for the sentence imposed in this case.

DONE, this the 4th day of January, 2008.


_____/s/ Myron H. Thompson_____
UNITED STATES DISTRICT JUDGE

UNITED STATES GOVERNMENT

# MEMORANDUM

*TO:*       The Honorable Myron H. Thompson
         United States District Judge

*REPLY TO ATTN OF:*  Scott Wright
         Supervisory U.S. Probation Officer

*SUBJECT:*     Tobie Melissa Kirkland
         Docket No. 2:03CR0264-MHT
         Response Regarding Retroactive Designation

*DATE:*      January 24, 2008


   The Court sentenced Tobie Kirkland to 24 months imprisonment after determining that she was guilty of a supervised release violation. At the time the revocation sentence was imposed, she was in state custody and was brought before the Court on a writ. After the revocation, she was returned to state authorities to face state charges. The Bureau of Prisons letter to the Court requesting the Court's guidance regarding retroactive designation correctly states that the Judgement and Commitment Order in this case was silent regarding any relationship with the forthcoming action in the defendant's pending state charges.

   Kirkland was subsequently sentenced in Montgomery County Circuit Court to 5 years for Criminal Possession of a Forged Instrument and Theft by Deception. As is often the case when state authorities find that there exists a federal detainer and an unserved federal sentence, the defendant was paroled to the federal detainer. After this action by state authorities, Kirkland began her federal sentence on May 21, 2007.

   Kirkland is now requesting that the time she spent in state custody be credited toward her federal sentence. The Bureau of Prisons considers this a request for retroactive designation of the place of service of her federal sentence in light of a case decided in the Third Circuit, *Barden v. Keohane, 921 F.2d 476 (3rd Cir. 1990)*. The Bureau of Prisons is requesting that the Court state its position regarding retroactive designation.

   The probation office is of the opinion that the federal sentence should be run consecutively to any state sentence and bases its opinion on the guidance provided by the United States Sentencing Guidelines at U.S.S.G. § 7B1.3(f), which states that "any term of imprisonment imposed upon revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis for the revocation of probation or supervised release."

f Kirkland's request for retroactive designation is granted, she would be scheduled for



AO96B-C

GOVERNMENT
EXHIBIT

CASE
NO. 2:07 cv 759

EXHIBIT
NO. R

release on April 21, 2008.  This means that she would have served less than 21 months of combined federal and state sentences totaling 84 months.

The probation office assumes that the Court's Judgement and Commitment Order imposing the sentence of 24 months for the supervised release revocation did not address whether or not the sentence was to be run consecutively to a state sentence because there was no state sentence to run it consecutively to on May 26, 2006.  The consideration of the defendant's request for retroactive designation implies that the Court will be required to predict the future when sentencing defendants who may possibly face additional charges in another jurisdiction. Hereafter, when a defendant is brought before the Court on a writ and the possibility of a future sentence exists, perhaps the Court will need to state its intention regarding whether or not to run its sentence consecutively to any sentence the defendant may receive in the future.

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

UNITED STATES OF AMERICA    )
                            )
        v.                  )        CR. NO. 2:03cr264-MHT
                            )
TOBIE MELISSA KIRKLAND      )

## UNITED STATES' RESPONSE TO COURT ORDER
## (DOC. NO. 74)

Comes now the United States of America by and through Leura G. Canary, United States

Attorney for the Middle District of Alabama, and in response to the Court's Order (Doc. 61), and

a letter dated November 16, 2007 (Doc. No. 66), from the Federal Bureau of Prisons requesting

the Court's advice on "retroactive designation" in the Court's sentence of Tobie Melissa

Kirkland, submits the following:

### Procedural Background and Pertinent Facts

On July 6, 2006, Tobie Melissa Kirkland's ("Kirkland") federal probation was revoked

based upon a petition filed on April 24, 2006, which stated that Kirkland had a new arrest by the

Montgomery Police Department for Criminal Possession of a Forged Instrument Second Degree,

and Theft by Deception First Degree. Kirkland admitted that she cashed the checks alleged in the

petition. Kirkland was revoked and sentenced to twenty-four (24) months in the Federal Bureau

of Prisons, to be followed with three (3) years supervised release. The judgment clearly states

that "[t]he defendant is hereby committed to the custody of the Untied States Bureau of Prisons

to be imprisoned for a total term of: 24 MONTHS." (Doc. No. 55 as amended No. 56). On

October 18, 2007, Kirkland filed a letter requesting that her state and federal sentences run

concurrently. (Doc. No. 58). Kirkland also filed a motion for jail time credit *nunc pro tur*



AO888-C
GOVERNMENT
EXHIBIT

CASE
NO. 2:07cv759

EXHIBIT
NO. 5

October 23, 2007. (Doc. No. 59).

On November 14, 2007, this Court denied Kirkland's motion to run her federal and state sentences concurrently (Doc. No. 58) and her motion for jail-time credit (Doc. No. 59). (Court Order, Doc. No. 62).

## Discussion

The government's position is that this issue is moot since the Court has denied Kirkland's pro-se motion to run her sentences concurrently and her request for jail time credit. The Bureau of Prisons now request the Court's position regarding retroactive designation. The government views the letter as a request for the Court to changes its mind since the Court has previously stated that Kirkland was committed to the Bureau of Prisons to serve her sentence, and not to the Alabama Department of Corrections. The law has not changed. Title18, United States Code, Section 3585, governs the "[c]alculation of a term of imprisonment" for a defendant serving a federal prison term. The statute provides,

> **Commencement of sentence**. - A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
> (a) **Credit for prior custody.** - A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

18 U.S.C. § 3585.

Notwithstanding this Court's sentence and designation to the Bureau of Prisons, the Bureau has the power to grant relief by designating the state prison where Kirkland served her state sentence "as a place of federal confinement..." See Barden v. Keohane, 921 F.2d 476, 481 (2nd Cir. 1991);

18 U.S.C. § 3621(b).

> Title 18, United States Code, Section 3621(b), provides,
>
> (b) Place of imprisonment. The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering –
>
>> (1) the resources of the facility contemplated;
>> (2) the nature and circumstances of the offense;
>> (3) the history and characteristics of the prisoner;
>> (4) any statement by the court that imposed the sentence ...

18 U.S.C. § 3621(b).

This Court has stated that Kirkland's commitment is to the Bureau of Prisons, that the sentence is not to run concurrently, and that Kirkland should not receive jail credit for the time that she has spent in state custody. Since the Bureau is directed to consider statements from the sentencing court, a retroactive designation of the state facility where Kirkland served her state sentence, would circumvent this Court's consecutive sentence of twenty-four months. Notwithstanding the authority vested with the Bureau of Prisons, the government submits that the legislative intent was not to have the Bureau of Prisons disregard the sentencing court's intentions when the Bureau designates a penal facility. See § 3621(b)(4). Moreover, in Barden v. Keohane, at 481, the court stated that "the legislative history states that the listing of factors in § 3621(b) was not intended to 'restrict or limit the Bureau in the exercise of its existing discretion ...but intends simply to set forth the appropriate factors that the Bureau should consider in making the designations.'" See S. Rep No. 98-225, 98th Cong., 2d Sess. 141, *reprinted in* 1984 U.S. Code Cong. Admin. News 3182, 3325.

## Conclusion

The government submits that the Bureau of Prisons, considering 3621(b)(4), should exercise its authority to deny Kirkland's request to retroactively designate the state facility where Kirkland served her sentence as a federal facility. Denying Kirkland's request will serve two purposes, (1) it demonstrates that the Bureau has considered the factors set out in § 3621(b); and it demonstrates the Bureau's respect for the sentencing judge's previous judgments (Doc. Nos. 55 and 56), and order (Doc. No. 62).

Respectfully submitted on this 25th day of January.

LEURA G. CANARY
UNITED STATES ATTORNEY


/s/Tommie Brown Hardwick
TOMMIE BROWN HARDWICK
Assistant United States Attorney
131 Clayton Street
Montgomery, Alabama 36104
Telephone: 334-223-7280
FAX: 334-223-7135
E-mail: tommie.hardwick@usdoj.gov

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:03cr264-MHT |
| | ) | |
| TOBIE MELISSA KIRKLAND | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on January 25, 2008, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system and hereby certify that I have mailed by United

States Postal Service the document to the following non CM/ECF participant: Tobie Melissa

Kirkland, 11338-002, FCI Tallahassee, 501 Capital Circle Northeast, Tallahassee, Florida 32301.

LEURA G. CANARY
UNITED STATES ATTORNEY


/s/Tommie Brown Hardwick
TOMMIE BROWN HARDWICK
Assistant United States Attorney
131 Clayton Street
Montgomery, Alabama 36104
Telephone: 334-223-7280
FAX: 334-223-7135
E-mail: tommie.hardwick@usdoj.gov

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION



UNITED STATES OF AMERICA    )
                            )    CRIMINAL ACTION NO.
      v.                    )      2:03cr264-MHT
                            )
TOBIE MELISSA KIRKLAND      )

### RECOMMENDATION

In a letter dated November 16, 2007, and filed on
November 30, 2007 (Doc. No. 66), the Federal Bureau of
Prisons asked that the court advise "as to [its] position
on a retroactive designation in this case" for the
sentence for defendant Tobie Melissa Kirkland, imposed on
July 6, 2006, and entered on July 6, 2006 (Doc. No. 54),
and later amended on July 26, 2006 (Doc. No. 55).

Upon consideration of input from all parties, the
court RECOMMENDS to the Bureau of Prisons that there NOT
be a retroactive designation in this case for the
sentence for defendant Tobie Melissa Kirkland.  It was,
and remains, the intent of the court that defendant

Kirkland's federal sentence run consecutively to any state sentence.

The clerk of the court is DIRECTED to furnish a copy of this recommendation to Chief Delbert G. Sauers, Federal Bureau of Prisons, Designation and Sentence Computation Center, 346 Marine Forces Drive, Grand Prairie, TX 75051.

DONE, this the 29th day of January, 2008.


    /s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE

# IN THE DISTRICT COURT OF THE UNITED STATES
## MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

United States of America

Case No. 2:03-CR-0264-MHT

v.

Tobie Melissa Kirkland

## TOBIE KIRKLAND'S, PRO SE,
## RESPONSE TO ORDER (DOC. NO. 74)

COMES NOW, Tobie Melissa Kirkland, pro se, response to the Honorable Court

regarding document number 74.

## ARGUMENT

Based on the Federal Bureau of Prisons' Program Statement 5160.05, Designation of

State Institution for Service of Federal Sentence.



AO88-C
GOVERNMENT
EXHIBIT

CASE
NO. 2:07 cv 759

EXHIBIT
NO. U

## **Procedural Background**

On April 18, 2006, Tobie Melissa Kirkland, petitioner pro se, was arrested by Montgomery County Sheriff's Department for possession of a forged instrument and theft of property. A drug test was administrated at that time by Mr. Kevin Poole, United States Probation, and produced a negative result.

On July 6, 2006, Kirkland was revoked and sentenced to 24 months with the Federal Bureau of Prisons. There was no plea agreement for the state charges at the time of sentencing in the Honorable Court. At the Federal sentencing, the court asked defense counsel, Mr. Kevin Butler, if the pending state charges would be ran concurrent. There are indications noted in the court transcripts that intent was to have Kirkland's state sentence ran concurrent with her Federal sentence. However, it should be noted there was no state sentence imposed at that time. This court is asked to review the Federal sentencing transcript, which is unavailable to her at this waiting for comments of sentencing intent of concurrent time.

On October 12, 2006, Kirkland was sentenced to 5 years with the State of Alabama Department of Corrections and thus, to run concurrently with the Federal sentence. Kirkland was incarcerated at Julia Tutwiler Prison (maximum security).

Petitioner is currently incarcerated at Federal Correctional Institution in Tallahassee, Florida. During this time she maintains clear conduct, no incident reports and mostly satisfactory work reports. **(EXHIBIT A)** Kirkland works in the Safety Department as a One Clerk. Recently the Institution had, what is called here, a Program Review and received "superior" on the review. **(EXHIBIT B)**

Further, Petitioner is an active participant with the Re-entry Program, Career Center Program, Rebuilding Relationships, Seeking Safety Program, Mock Job Fair, and Health Fair. **(EXHIBIT C)** Petitioner is current on FRP payments and restitution payments.

Kirkland has followed the Administrative Remedy process by filing an 81/2 and BP9 and BP10 pending a response. **(EXHIBIT D)**

### Conclusion

Wherefore, Tobie Melissa Kirkland, asks this Honorable Court to advise/order the Federal Bureau of Prisons that there should be a "retroactive designation" for the sentence imposed in this case.

Respectfully Submitted,

*Tobie M. Kirkland*

Tobie M. Kirkland
11338-002
501 Capital Circle Northeast
Tallahassee, Florida 32301

**Done this 18th Day of January 2008.**

January 24, 2008

Ms. Debra Hackett     CASE 2:03CR0264
Clerk of Court                MHT
One Church St.
Montgomery, Al. 36104

RECEIVED
2008 JAN 29 A
DEBRA P. HACKETT
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

## Ammendment to Response
## Docket #74.

Comes, Now, Petitioner, Tobie

Kirkland, adding this document

to (exhibit B) my response to

the order Docket #74. I

Received a copy today.

Done this 24 Day of January 2008

Respectfully Submitted

Tobie Kirkland
11338-002

AO88B-C
GOVERNMENT
EXHIBIT

CASE
NO. 2:07 cv 759

EXHIBIT
NO.     V

Case 2:03-cr-00264-MHT-TFM     Document 82     Filed 01/29/2008     Page 2 of 5

BP-S522.051 **SUPERVISION RELEASE PLAN** CDFRM
SEP 99
**U.S. DEPARTMENT OF JUSTICE**                           **FEDERAL BUREAU OF PRISONS**

| | | Date |
|---|---|---|
| Institution Name: | Federal Correctional Institution | |
| Address: | 501 Capital Circle NE | January 12, 2008 |
| | Tallahassee, Florida 32308 | |
| Phone Number: | (850) 878-2173 | |

Federal Bureau of Prisons
U. S. Department of Justice
Washington, D.C.

Gentlemen:

☒ Supervised Release
Under the law I become eligible for **RELEASE**      ☐ Parole            on <u>February 14, 2009</u>
☐ Mandatory Release          (date)

In accordance therewith I submit the following as my plans for the service of the remainder of my sentence under supervision.  Pursuant to my sentence, I must report in person to the United States Probation Office within 72 hours of my release.
(Type or Print)

**RESIDENCE:** Address: 601 Warwick Drive, Montgomery, Alabama 36116

With Whom: Brenda Traylor

Relationship: Friend

Telephone Number (if available): 334.263.0672

**EMPLOYER** Name:

Address:

Telephone Number (if available):

Nature of Business::

| TO BE COMPLETED BY INSTITUTION STAFF | |
|---|---|
| **SENTENCING DISTRICT** | Middle District of Alabama |
| **DETAINERS** | Inmate Kirkland has no known pending charges or detainers. |
| **SPECIAL CONDITIONS** | According to inmate Kirkland's Judgement and Commitment Order, she is subject to the following special conditions of supervision: 1) she shall participate in a substance abuse treatment program; 2) she shall participate in a program of mental health treatment; 3) she shall submit to a search of her person, residence, office or vehicle; 4) she shall provide the probation office with access to requested financial information; 5) she shall not incur new credit card or checking accounts without approval; 6) she shall pay restitution. |
| **REMARKS** | It is anticipated that inmate Kirkland will be referred for RRC placement on or about September 24, 2008, in order to assist in her transition back into the community. |

| | |
|---|---|
| Printed Name and Signature of Inmate: Tobie Kirkland | Register No. 11338-002 |
| Witness (Case Manager) Printed Name and Signature: Michael West, F1 Case Manager | Date January 12, 2008 |
| Review (Unit Manager) Printed Name and Signature: Mary Henson, F Unit Manager | Date January 12, 2008 |

This form is to be completed by all individuals subject to supervision by the U.S. Probation Office.  This includes Supervised Release, Parole, Mandatory Release, Mandatory Release to Special Parole, Special Parole and Court Designated Parole.
Record Copy - Institution; Copy - U.S. Probation Office; Copy - Inmate
(This form may be replicated via WP)                    This form replaces BP-S522 DTD SEP 95

**UNITED STATES DEPARTMENT OF JUSTICE**
**FEDERAL BUREAU OF PRISONS**

**PROGRESS REPORT**

FCI Tallahassee, Florida                          01/12/2008
**Institution**                                   **Date**

**Inmate Reviewed:**

_Johie M. Kirkland_    _01/12/08_         _[signature]_
**Inmate Signature**       **Date**            **Staff Signature**

| 1. Type of Progress Report | | |
|---|---|---|
| *Initial:* _____ | *Statutory:* _____ | Pre-Release: _XXXXXXX_ |
| *Transfer:* _____ | *Triennial:* _____ | Other (specify): _RRC_ |

| 2. Name | 3. Register Number | 4. Age (DOB) |
|---|---|---|
| KIRKLAND, TOBIE MELISSA | 11338-002 | 32 (03/31/1975) |

| 5. Present Security / Custody Level    LOW/IN |
|---|

| 6. Offense / Violator Offense<br>BANK THEFT; PROBATION VIOLATION |
|---|

| 7. Sentence<br>3559 PLRA SENTENCE: 24 MONTHS; 3 YEARS SUPERVISED RELEASE; $100.00 FELONY ASSESSMENT FEE;<br>$51,786.39 RESTITUTION |
|---|

| 8. Sentence Began | 9. Months Served & JCT | 10. Days GCT/EGT/SGT |
|---|---|---|
| 05/21/2007 | 8 MONTHS  & 1 DAYS JCT | 0/0/0 |

| 11. Days FSGT/WSGT/DGCT | 12. Projected Release | 13. Last USPC Action |
|---|---|---|
| 0/0/0 | 02/14/2009 VIA GCT RELEASE | N/A |

| 14. Detainers/Pending Charges<br><br>INMATE KIRKLAND HAS NO KNOWN DETAINERS OR PENDING CHARGES. |
|---|

| 15. Codefendants<br><br>NOT APPLICABLE. |
|---|

Inmate File
U. S. Probation Office
U. S. Parole Commission (if applicable)
Inmate

| UNITED STATES DEPARTMENT OF JUSTICE<br>FEDERAL BUREAU OF PRISONS | | PROGRESS REPORT<br>(CONTINUED) |
|---|---|---|
| NAME:  KIRKLAND, TOBIE | REGISTER NUMBER:  11338-002 | DATE:   01/12/2008 |

## 16.   _INSTITUTIONAL ADJUSTMENT_:

a.   **Program Plan:**   Inmate Kirkland  was initially designated to FCI Tallahassee, Florida, on June 26, 2007. At her initial classification and subsequent program reviews, she was encouraged to participate in the following programs: the Inmate Financial Responsibility Program, GED classes (or provide proof of diploma), Parenting classes, a vocational training program of interest, Job Seeking Skills, Resumes and Cover Letters, the Residential Drug Abuse Program, and courses designed to satisfy the requirements of the Institution Release Preparation Program. She was also encouraged to maintain clear conduct and seek and retain a full-time work assignment. Inmate Kirkland seemed receptive to these program recommendations.

b.   **Work Assignments:**  After completing the Institution A&O program at FCI Tallahassee, inmate Kirkland was assigned to work for the following job details: Safety and Residential Drug Abuse Program classes. Her detail supervisor indicates the following:

Inmate Kirkland has been employed on the Safety Detail since June 11, 2007.  She has been self-motivated, organized, and a efficient part of this department's inmate detail.  She was hired on the detail as a Grade #3, Inmate Clerk.  Since, she has been promoted to a Grade #1, Clerk which is the highest grade level that can be obtained by an inmate.

During the Safety Department's Program Review, all inmates on the detail were requested to work additional hours.  The department received a "Superior Rating."  This is partly due to the hard work and dedication from the inmate detail.

Inmate Kirkland was responsible for updating the Material Safety Data Sheets for all areas of the institution; updating Personal Protective Equipment Annual Assessment for all areas; assisted in organizing the department's DVD, VHS, etc. resource area.

c.   **Educational/Vocational Participation:**    Inmate Kirkland is presently enrolled in the following courses: Resumes and Job Seeking Skills, Resumes and Cover Letters, and the Residential Drug Abuse Program. According to her Inmate Education Data Transcript, she has participated in, or completed, the following programs during her term of confinement: Anxiety and Fear, Shame and Low Self-Esteem, the Grieving Process, Learning to Trust, Wellness, Reentry Summit, and the Institution Release Preparation Program basic course.

d.   **Counseling Programs:**    Inmate Kirkland receives informal counseling with her unit team at her scheduled program reviews. She is currently enrolled in the Residential Drug Abuse Program and has completed the Anxiety and Fear, Shame and Low Self-Esteem, the Grieving Process, and Learning to Trust groups.

e.   **Incident Reports:**    Inmate Kirkland has not incurred any incident reports.

f.   **Institutional Movement:** Inmate Kirkland was initially designated to FCI Tallahassee, Florida, on June 26, 2007, and has remained at this institution since that date.

Exhibit B

| UNITED STATES DEPARTMENT OF JUSTICE FEDERAL BUREAU OF PRISONS | | PROGRESS REPORT (CONTINUED) |
|---|---|---|
| NAME:  KIRKLAND, TOBIE | REGISTER NUMBER:  11338-002 | DATE:  01/12/2008 |

g.    **Physical and Mental Health:**    Inmate Kirkland can perform regular duty with no medical restrictions. She is classified as a Care Level 2. According to her Psychology Services Intake Screening Summary she reports no history of mental health treatment or concerns. However, she did express an interest in programs and treatment. Inmate Kirkland admits in her PSI to abusing alcohol and marijuana.

h.    **Progress on Financial Responsibility Plan:** When inmate Kirkland was sentenced, the court for the Middle District of Alabama imposed a $100.00 felony assessment fee and $51,786.39 in restitution. She is presently participating in the Inmate Financial Responsibility Program in order to satisfy these obligations. Her next $25.00 monthly payment is due in February 2008 and her current balances are $75.00 and $51,786.39.

## RELEASE PLANNING

**Release Plans**    Inmate Kirkland plans to reside in the Montgomery, Alabama, area upon her release. It is anticipated that she will be referred for placement in a RRC on or about September 24, 2008, in order to assist in her transition back into the community.

a.    **Residence:**        Brenda Traylor, Friend
601 Warwick Drive
Montgomery, Alabama 36116
334.263.0672

b.    **Employment:**      To be secured via RRC placement.

c.    **CUSPO:**            Sentencing District
Leslie Hopek, CUSPO
Middle District of Alabama
United States Probation
Basement Frank M. Johnson, Jr. Federal
Courthouse Annex
One Church Street
Montgomery, Alabama 36104

d.    **Release Preparation Program:** Inmate Kirkland has completed all six Institution Release Preparation Program core topics. This program provided her with information on health and nutrition, employment, personal finance, community resources, release requirements and procedures, and personal growth and development.

This offender is subject to the Notification Provision of 18 U. S. C. 4042(b), due to her prior conviction for a crime of violence.

This offender is subject to DNA testing.

_____            _____
Michael West, F/1 Case Manager            Mary Henson, F/ Unit Manager, acting

Date Typed:   01/12/2008

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


UNITED STATES OF AMERICA    )
                            )    CRIMINAL ACTION NO.
        v.                  )    2:03cr264-MHT
                            )
TOBIE MELISSA KIRKLAND      )

### ORDER

It is ORDERED that defendant Tobie Melissa Kirkland's

responses (Doc. Nos. 81 & 82) are treated as motions for

reconsideration and said motions are denied.

DONE, this the 31st day of January, 2008.


        /s/ Myron H. Thompson
    UNITED STATES DISTRICT JUDGE



GOVERNMENT
EXHIBIT

CASE
NO. 2:07cv 759

EXHIBIT
NO.    W