IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TOBIE MELISSA KIRKLAND, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v | ) | Civil Action No. 2:07cv759-MHT |
| | ) | |
| UNITED STATES OF AMERICA, | ) | (WO) |
| | ) | |
| Respondent. | ) | |

**O R D E R**

Pursuant to the orders of this court, the United States has filed a response (Doc.. No. 10) addressing the merits of, and applicability of the period of limitation to, the motion to vacate under 28 U.S.C. § 2255 filed on August 20, 2007, by petitioner Tobie Melissa Kirkland ("Kirkland"). In its response, the government argues, *inter alia*, that Kirkland's § 2255 motion is barred by the one-year limitation period applicable to § 2255 motions because the judgment revoking Kirkland's federal probation and imposing a 24-month imprisonment sentence upon her became final more than a year before Kirkland filed her § 2255 motion challenging that judgment. *See* § 105 of the Antiterrorism and Effective Death Penalty Act ("AEDPA").[1]  In addition, the government argues that the claims presented in Kirkland's § 2255 are meritless. (Doc. No. 10 at 11-16.)

Paragraph 6 of 28 U.S.C. § 2255 specifies that the one-year period of limitation begins

---

[1] "Section 105 amended 28 U.S.C. § 2255, establishing a one-year 'period of limitation' for motions filed pursuant to § 2255." *Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998). This section became effective on April 24, 1996.

from the latest date of

>(1) the date on which the judgment of conviction becomes final;
>
>(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Kirkland's federal probation was revoked on July 6, 2006, and on July 26, 2006, the district court entered a final amended judgment under which Kirkland was sentenced to 24 months in prison, to be followed by three years' supervised release. (*See* Criminal Docket for Case No. 2:03cr264-MHT.) Kirkland did not file an appeal as to that judgment. (*Id.*) By operation of law, then, the judgment became final on August 5, 2006 – 10 days after the district court entered its Judgment.[2] Thus, Kirkland had until August 6, 2007, the first business day after August 5, 2007, to file a timely § 2255 motion. However, she filed her § 2255 motion on August 20, 2007, after expiration of the one-year period of limitation.

It does not appear that any of § 2255's exceptions to application of the period of

---

[2]*See* Fed.R.App.P. 4(b)(1) (defendant's notice of appeal in a criminal case must be filed in the district court within 10 days after entry of the district court's judgment); *Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000) (for a defendant who does not file an appeal, the conviction becomes final ten days after the district court's Judgment is entered); *see also Moshier v. United States*, 402 F.3d 116, 118 (2nd Cir. 2005).

limitation are applicable in this case. Specifically, Kirkland's claims do not rest on an alleged "right [which] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Moreover, the court notes that the government has not prevented Kirkland from filing an earlier motion, nor has Kirkland submitted any grounds for relief that could not have been put forth earlier under the exercise of due diligence such that the limitation period begins to run at a time other than upon the finality of her conviction.

Under the circumstances outlined herein, it appears to the court that the one-year period of limitation of 28 U.S.C. § 2255 expired prior to Kirkland's filing her motion to vacate. Accordingly it is

ORDERED that **on or before March 27, 2008,** Kirkland shall show cause why her 28 U.S.C. § 2255 motion should not be dismissed as it was not filed within the one-year period of limitation established by the AEDPA and for the other reasons stated by the government in its response.

Done this 5th day of March, 2008.

        /s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE