UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

Tobie Melissa Kirkland
Petitioner

v.

United States of America

Civil Action: 2:07CV759MHT

REBUTTAL GOVERNMENTS RESPONSE
TO PETITIONERS MOTION TO CORRECT,
SET ASIDE OR VACATE SENTENCE

Though Petitioner is not highly educated in the field of law (laywoman), Kirkland made great attempts to obtain relief attorney failed to meet a standard (See Exhibits A2) of Honesty Guide CABA 2001 edition compendium of Professional responsibility rules and standards under Rule 8.7 Misconduct states in (c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation from an attorney to their client is absolutely prohibited.

U.S. v. Jefdfers 520 f2d 1256.1263 to show lack of effective assistance of counsel under 6th amendment defendant must establish that her counsel error was so flagrant that the courts can conclude that it resulted from neglect or ignorance rather then unformed delibration Marzullo v. Maryland 1977 MD 561 F 2d 540 Cert den 1978 435 U.S. 1011 56 Led 2d 394 985 Ct 1885.

## INEFFECTIVE ASSISTANCE OF COUNSEL

A defendant cannot never knowinly and intelligently waive a right to appeal or collateral attack a sentence that has not yet been imposed: such waiver is by definition uninformed and inintelligent and cannot be voluntary and knowing. MC Carthy v. U.S. 394 U.S. 458, 89 S. CT. 1166, 1170-71, 22L. Ed 2d 41 (1969).

Furthermore, the sentence that has not been imposed, the defendant has no knowledge as to what will occur at the time of sentencing. The government should not condition a plea agreement on the defendant waiving a right to appeal a sentence that has not yet been imposed - a sentence that may be ultimately illegal, unconstitutional, or otherwise improper. A plea that requires such a waiver of unknown rights cannot comport with Rule 11 or the Constitution. If a court imposes a sentence in volation of the Constitution or laws of the United States, or in excess of the time allowed by law, one is entitled to bring a Section §2255 Motion. U.S. v. Raynor, 989 F. Supp 34 (D.D.C. 1997)

Counsel was unfamiliar with the factors to be considered in imposing a sentence - The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph 2 of the subsection listed in §3553 (a)_ which read as follows:

The court indeterming a particular sentence to be imposed shall consider -

(1) the nature of the circumstances of the offense, and the history and characteristics of the defendant;

(2) the need for the sentence imposed -
(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B) afford adequate deterence to criminal conduct;
(C) to protect the public from further crimes of the defendant; and
(D) provide the defendant with the needed educational and vocational treatment in the most effective manner;
(3) the kinds of sentences available
(4) the kinds of sentence and the sentencing range established for the applicable category of the defendant as set forth in the guidelines that are issued by the Sentencing Commission pursuant to 28 USC 994 (a) (1) and that are in effect on the date the defendant is sentenced;
(5) the need to avoid unwarranted sentence didparities among defendants

   with similar records who have been found guilty of similar conduct; and
(6) the need to provide restitution to any victims of the offense.

Section 3584 (a) vests the district court with discretion as to whether to impose consecutive or concurrent sentences, that section also requires that the court "shall consider" the guidelines. Moreover, 28 USC 994 (a) (1) (d) states that the guidelines are for use of the sentencing court in making "a determination whether multiple sentences to terms of imprisonment should be ordered to run concurrent or consecutively".

Similarly, where sentences are imposed at the same time they are assumed they are concurrent unless the court so indicated otherwise. Where the defendant is serving a term of imprisonment for a state offense, the information available may permit only a rough estimate of the total punishment that would have been imposed under the guidelines. It is not intended that the methodology be applied that unduly complicates or prolongs the sentence.

Further, counsel failed to establish the pattern of drug dependence Kirkland maintained with due cause for the probation violations and urine testing failures. None of these factors were considered by the court due to counsel's omissions of facts and their presentations.

Thus, Kirkland was denied a sentencing decision. There is no indications on the records that show the court or counsel considered this in the imposition of the consecutive sentencing scheme.

A court has the power to depart the guideline range when it determines that "an aggravating or mitigating circumstance exists that was not adequately taken into consideration by the Sentencing Commission in formulating the Sentencing Guidelines" U.S. v Lopez, 875 F2d 1124 1125 (5th Cir. 1989).

Thus, a court must state its reasons however for the departure and the sentence imposed must be reasonable in light of articulated rationale" U.S. v. Salazar - Villarreal, 872 F2d 121-22 (5th Cir. 1989).

(3)

Counsel's failure to find defense for his defendant's cause is ineffective at her sentencing, thus not providing reasoning for departure and order concurrent sentencing. Strickland v. Washington, Prejudice is presumed.

Petitioner had no opportunity to develope facts relating to his counsel's performance and had the same counsel during his direct appeal and his trial. Jackson v. Shanks, 149 F3d 1340 (10th Cir. 1998).

Reconizing also that a claim of ineffective assistance of counsel would not be raised on a direct appeal by counsel against himself who represented the petitioner based on his own incompetence. (Exhibit A2)

> Counsel failed to raise concurrent sentencing factors;
> a defendant can meet prejudice prong of Strickland, by showing he would
> have received a less harsh sentence absent the errors and omissions.
> U.S. v. Acklen, 47 F3d 739 (5th Cir. 1995)

Defendant's attorney failed to present the drug dependency factors Kirkland possessed and evidence of the repeated urine drug testing failures would have supported and establish evidence for the court's consideration in supporting a concurrent sentence. The mitigating and aggravating factors alone establish ineffective assistance of sounsel. Glock v. Singletary, 84 F3d 385 (11th Cir. 1994) Emerson v. Gramley, 91 f3d 898 (7th Cir. 1996) (defense counsel's failure to investigate and present mitigating evidence at sentencing phase); Butler v. Summer, 783 F Supp 519 (D. Nev 1991) (Failure to investigate and present any argument or evidence at sentencing that Wood v. Jahradnick, 611 F2d 1383 (4th Cir. 1980) ( failure to present the defendant was an alcoholic explaining mental status constituted ineffective assistance of counsel).

(4)

Concurrent sentencing functions to mitigate the possibility that fortuity of two separate prosecutions will grossly increase a defendant's sentence. Significant safeguards therefore protect Kirkland against having the length of the sentence multiplied by duplicative considerations of the same criminal conduct (see Witte v. United States, 132 L.Ed 2d, 515 US 351, 115 S.Ct 2208-2209 (1995)

The rules were intended for the treatment of multicount convictions with an eye for eliminating unfair treatment that might flow from manipulation, thus is equally applicable in successive state or federal prosecutions.

Relevant conduct should be considered in accessing a formation of a common scheme or plan. Most state and federal convictions stem from a single factual event involving the same acts.

A common scheme or plan refers to offenses..."substantially connected to each other by at least one common factor (in this case common victims)."

Herein, in the federal system, it is clear Congress intended to authorize a district court to order a federal sentence run concurrently to a state sentence (U.S. v. Fuentes, 107 F3d 1515) (11th Cir. 1997)

Section 5G1.3 of the Sentencing Guidelines attempt to achieve some coordination of sentences imposed in...situations [where the defendant is prosecuted in more than one jurisdiction for the same criminal cause of conduct] with an eye toward having such punishments approximate the total penalty that would have been imposed had the sentences for the different offenses have been imposed at the same time (i.e., had all of the offenses been prosecuted in a single proceeding) U.S.S.G. Section 5G1.3

For the reasons stated above, petitioner, Tobie Melissa Kirkland had demonstrated that she is entitled to any relief from this court, and her §2255 motion should be granted and a evidentiary hearing scheduled.

Respectfully Submitted this 13th Day of April, 2008.

*Tobie M. Kirkland*
Tobie M. Kirkland
11338-002
501 Capital Circle N.E.
Tallahassee, Florida  32301

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing on the ~~Honorable Judge Myron Thompson~~ by mailing to:

Response to Kevin Butler
Rebuttal to Motion 2255
Extension to Motion 2255

Office of the Clerk
United States District Court
One Church Street
Montgomery, Alabama 36104

13th day of April, 2008

Respectfully Submitted,

*Tobie M. Kirkland*
Tobie M. Kirkland

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing on the by mailing to:

Response to Kevin Butler
Rebuttal to Motion. 2255
Extension to Motion

Done this 13th Day of April, 2008.

to:
Laura Canary
Asst. U.S. Attorney

Respectfully Submitted,
Tobie Kirkland
Tobie M. Kirkland

```
TOBIE MELISSA KIRKLAND, 11338-002
TALLAHASSEE FCI     UNT: F UNIT     QTR: F04-043L
501 CAPITAL CIRCLE, NE
TALLAHASSEE,   FL 32301
```

Received in Unit and provided
to inmate 4-1-08.

M. West, FCSW

Exhibit A2

**Administrative Remedy Number 470303-A1**
**Part B - Response**

You request credit be applied toward your federal sentence for the period from April 18, 2006, through February 20, 2007.

Our review of this matter reveals both the Warden and Regional Director have adequately addressed your concerns. Review of the record reveals at the time the federal sentence was imposed you were in primary state custody pending prosecution. You had been removed via a writ of habeas corpus for appearance in federal court. You were sentenced on July 26, 2006, in the U.S. District Court for the Middle District of Alabama, to a 24-month term for violation of probation. Following sentencing, you were returned to state custody, and were subsequently sentenced to a 5-year term for Criminal Possession of a Forged Instrument and Theft by Deception. On May 21, 2007, you were paroled to the federal detainer and the federal sentence commenced.

The Bureau of Prisons considers your request to be a request for retroactive (concurrent) designation pursuant to the decision in Barden v. Keohane, 921 F.2d 476 (3rd Cir. 1990). The merits of the request were reviewed in accordance with the factors provided in Title 18, U.S. Code, Section 3621(b).

You were originally sentenced to a five-year term of probation on April 20, 2004. You were subsequently sentenced to a 24-month term on July 26, 2006, when you violated the terms of probation. Your original offense involved defrauding a financial institution of approximately $17,732.58, by depositing checks from bank customers into your own account. Your prior record includes convictions for Negotiating a Worthless Instrument (19 cases), Theft of Property, 3rd Degree (2 cases), Driving under the Influence of Alcohol, and Possession of Marijuana.

In response to our request to the sentencing court for comment regarding your request, The Honorable Myron H. Thompson, United States District Judge, indicated it was the intent of the court that the federal sentence run consecutive to the state term.

Your sentence has been calculated as required by judicial precedent, federal statute, and Program Statement 5880.28, Sentence Computation Manual - CCCA. No additional credit is warranted.

Your appeal is denied.

_March 11, 2008_
Date

Harrell Watts, Administrator
National Inmate Appeals

Exhibit A2

U.S. Department of Justice                Central Office Administrative Remedy Appeal

Federal Bureau of Prisons

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: __Kirkland, Tobie__     __11338-002__     __F - West__     __Tallahassee__
      LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.          UNIT            INSTITUTION

**Part A—REASON FOR APPEAL**

On April 18, 2006, I was arrested by Montgomery County Sheriff Department. I was then picked up on a writ, by the Marshals. On July 26, 2006 I was sentenced to 24 months. I was then returned to the State of alabama. I was then sentenced to 5 years to run concurrent with my federal sentence. I stayed in the custody of the Alabama Department of Corrections u nitil May 17, 2007. I have completed my adminstrative remedies. Attached are the complete copies of my BP9, BP10 and the responses.

I humbly ask the Federal Bureau of Prisons to make Julia Tutwiler Prison a designation for service of Federal Sentence. This is in accordance witth the Bureau of Prison's Program Statement 5160.05 - Designation of State Institution of Service of Federal Sentence. My BP10 was forwarded to the DSCC for review anddetermination by the Regional Director.

                                                 Respectfully Submitted,

__01/25/08__                                       __Tobie M. Kirkland__
   DATE                                               SIGNATURE OF REQUESTER

**Part B—RESPONSE**

---

       DATE                                                   GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE                 CASE NUMBER: _____

**Part C—RECEIPT**

                                                            CASE NUMBER: _____

Return to: _____
         LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.        UNIT        INSTITUTION

SUBJECT: _____

*Exhibit A2* (handwritten)

_____                            SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL
    DATE

**U.S. Department of Justice**

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: __Kirkland, Tobie M__  __11338-002__  __D-North__  __Tallahassee__
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A—REASON FOR APPEAL**

I am appealing the decision of BP09 Administrative Remedy No. 47303-F1. Attached is the response for the Warden stating that sentence computation issues cannot be resolved at the institution level. I am requesting that the FBOP would grant my jail credit nunc pro tunc from April 18, 2006 to May 21, 2007. On July 6, 2006 I was sentenced in the Middle District of Alabama to 24 months. On October 12, 2006, I was sentenced by Montgomery County to 5 years to run concurrently with my federal sentence. I remained in state custody until May 21, 2007. I have been incarcerated in the Alabama Department of Corrections from April 18, 2006 to May 21, 2007. Attached is a copy of the judgement of commitment from the Honorable Thurman Hobbs, Jr. on October 12, 2006, running the sentence concurrent. Your consideration is greatly appreciated.

11/20/07
DATE

_Tobie M Kirkland_
SIGNATURE OF REQUESTER

**Part B—RESPONSE**



---

DATE                REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                CASE NUMBER: __470303-R2__

**Part C—RECEIPT**

CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

Exhibit A2

U.S. DEPARTMENT OF JUSTICE                              REQUEST FOR ADMINISTRATIVE REMEDY
Federal Bureau of Prisons

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: __Kirkland, Tobie M.__      __11338-002__      __D-North__      __TALLAHASSEE__
       LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.           UNIT          INSTITUTION

**Part A- INMATE REQUEST**

On April 18, 2006, I was arrested by Montgomery County Sheriff's office. I was then picked up on a writ, by the U.S. Marshal's to be in federal court on July 26, 2006. On July 26, 2006, I was violated on my probation and sentenced to 24 months.

After which, I was returned to the custody of Montgomery county. On October 12, 2006, I was sentenced to 5 years with the Alabama Department of Corrections to run concurrently with my federal sentence.

I am respectfully asking the Bureau for jail credit from April 18, 2006 to the time I was in federal custody. I have attached a copy of my state case action summary. I have been incarcerated in a state institution since the above mentioned date.

10/10/07 -mH -Told by inmate
09-12-07  to hold til this date,
DATE                                         *Tobie M. Kirkland*
                                             SIGNATURE OF REQUESTER

**Part B- RESPONSE**

See attached response

07 OCT 19 AM 10:52
ASSOCIATE WARDEN'S OFFICE

_____                               _____
    DATE                                     WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE                   CASE NUMBER: 470303-F1

                                             CASE NUMBER: _____

**Part C- RECEIPT**

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

Exhibit A2

_____                               _____
    DATE                                     RECIPIENT'S SIGNATURE (STAFF MEMBER)

BP-229(13)

October 9, 2007

United States Department of Justice
Federal Bureau of Prisons
Designation and Sentence Computation Center
Attention: Mr. Jeff Carson; Operations Manager
346 Marine Forces Drive
Grand Prairie, Texas 75051

Re:  **Tobie Melissa Kirkland; 11338-002**
     **Response to your letter dated August 25, 2007**

Dear Mr. Carson;

Thank you for your response to my letter. Upon receipt of your letter, I inquired with my Unit Team and R&D Department. Per Mr. Gary Rickard, if my state judge ordered that my federal sentence be ran concurrent with my state sentence, then the Bureau would have to honor the order. Attached is a certified copy of the judgement of commitment by the State of Alabama - Circuit Court of Montgomery - The Honorable Thruman Hobbs, Jr. The federal sentence being ran concurrent will be updated on the Alabama Judicial Data System in two weeks, per Ms. Judy Shelton - Montgomery County Court Reporter.

Please note in the attachment and in your letter date 08/25/2007, that my state sentence began April 18, 2006.

Thank you for your prompt response and cooperation.

Sincerely,

*Tobie M. Kirkland*

Tobie M. Kirkland
11338-002
501 Capital Circle Northeast
Tallahassee, Florida 32301

enclosure

October 10, 2007

Federal Bureau of Prisons
Mr. John Gaither
Southeast Regional Office
Building 2000
3800 Camp Creek Parkway Southwest
Atlanta, Georgia 30321-6226

Re:   <u>Tobie Melissa Kirkland; 11338-002</u>
      <u>Case Number: 2:03-CR-0264-MHT</u>

Dear Mr. Gaither:

I have written several letter to you regarding the Honorable Thurman Hobbs, Jr. running my federal sentence concurrent with my state sentence.

On April 18, 2006, I was arrested by Montgomery County. I was then picked up by the U.S. Marshal's to be sentenced on July 26, 2006. On July 26, 2006, I was sentenced to 24 months, after which, I was returned to state custody. On October 12, 2006, I was sentenced to 5 years to run concurrently with case 2005-931 and my federal sentence.

While in custody of the Alabama Department of Corrections, my federal sentence was silent. I have submitted a 81/2 and BP9 to clarify this discrepancy. I have spoken with Gary Rickard of the FCI Tallahassee R&D Department, and he stated that indeed the Bureau should grant my jail credit based on the judgement of imprisonment by my state judge. I have attached a copy of the case action summary from the state of Alabama - the Honorable Judge Thurman Hobbs, Jr. - Circuit Court Montgomery County.

I have exhausted all efforts with the institution and I am humbly and respectfully asking the Bureau to grant me my jail credit. Please respond as soon as possible.

Sincerely,

*Tobie M. Kirkland*

Tobie M. Kirkland
11338-002
501 Capital Circle Northeast
Tallahassee, Florida 32301

cc:   United States Department of Justice

Exhibit A2

Executive Office
U.S. Attorney, Alberto Gonzales
950 Pennsylvania Avenue Northwest
Washington, D.C.  20530-001

Exhibit A2

August 9, 2007

Federal Bureau of Prisons
Mr. John Gaither
Southeast Regional Office
Building 2000
3800 Camp Creek Parkway Southwest
Atlanta, Georgia 30321-6226

Re:   Tobie Melissa Kirkland; 11338-002

Dear Mr. Gaither,

In June 2007 and in July 2007, I wrote you a letter regarding my sentence and this letter is a follow-up.  I have written you regarding my sentence of 24 months give to me by the Honorable Myron H. Thompson on July 26, 2006, for probation violation.

After being sentenced , I was returned to the custody of the State of Alabama where I remained in custody unitl May 17, 2007.  I have exhausted all efforts and would respectfully ask the Bureau to grant me jail credit.

I have not received a response from your office for either letter.  Thank you in advance for your prompt attention to this matter.


Sincerely,

*Tobie M. Kirkland* (signature)

Tobie M. Kirkland
11338-002
501 Capital Circle Northeast
Tallahassee, Florida 32301




Exhibit A2

| State of Alabama<br>Unified Judicial System<br><br>Form C-7   Rev. 2/79 | **CASE ACTION SUMMARY**<br>**CONTINUATION** | Case Number<br>CC - 06 - 1093 TMH |
|---|---|---|

Style: State of Alabama v. *Tobie Kirkland aka Tobie Rush*

Page Number ____ of ____ pages

| Date | ACTIONS, JUDGEMENTS, CASE NOTES |
|---|---|
| 10-12-06 | ~~Court given and considered the sentencing guidelines worksheet. Defendant and attorney~~ Appeared for sentencing. Court asked if he/she had anything to say why sentence should not Now be pronounced, and Defendant has his/her say.<br><br>HOA Enhancements Applicable        (Yes)/No<br>Defendant Admits    2        State proves _____ priors<br><br>**IT IS ORDERED:** All counts<br><br>Sentenced to   5   yrs/ split to serve _____ yrs<br>_____ reverse split postpone _____ mo/year, Review 9-26-07<br>Concurrent  05-931   Consecutive _____<br>_____ To be served in Community Corrections. Concurrent with federal case.<br><br>Suspended YES /(NO), Supervised / Probation _____ years.<br>End of Split Sentence _____ years supervised probation.<br>_____ DOC to give 60 days notice prior to E.O.S.<br><br>ENHANCEMENTS:        $1000 / 2000 Enhancement Fine<br>        _____ Remit portion completion of SAP<br>        _____ Driver License suspended / revoked<br>        _____ $100 DFS fee<br>        _____ years School / _____ years Public Housing<br>        _____ years Sale under 18<br><br>Boot Camp _____ SAP _____ Review upon completion – YES _____ GED _____<br>Work Release _____ Community Service _____ hrs.   Trash Pickup _____ hrs.<br>Maintain Employment _____ Aftercare _____ AA/NA _____<br>OTHER: _____<br><br>Restitution $   0    Co-Defendant(s) _____<br>Jointly and Severally liable   Crime Victim $25.00 /($50.00) ✓<br>Court Costs  ✓        Attorney Fees ($150.00) ✓ _____ Fine $ _____<br>Payment $ _____ Mo/Wk Begin _____, or ½ monies earned while at DOC.<br><br>Review/Other _____<br>Defendant advised right to appeal. Defendant did/did not reserve issue for appeal or to withdraw the plea. Defendant to be given credit for time served. Appeal Bond set $<br>$ _____<br><br>                                    *[signature]*<br>                                    TRUMAN M. HOBBS, JR.<br>                                    CIRCUIT COURT JUDGE |

*Exhibit A-2*

| State of Alabama Unified Judicial System | CASE ACTION SUMMARY CONTINUATION | Case Number CC 06-1093 |
|---|---|---|
| Form C-7   Rev 2/79 | | JMH |

Style: _Tobie M. Rush_

Page Number ____ of ____ Pages

| DATE | ACTIONS, JUDGMENTS, CASE NOTES |
|---|---|
| 9/28/06 | Y.O.A. GRANTED / DENIED. |

States Motion/Nolle Prosse Count(s) _____ Granted

State's Motion To Dismiss Count(s) _____ Granted

State's Motion to Amend Count _____ to

_____ Granted

The Defendant is before the Court and is represented. The Court on record fully explained all Constitutional rights. The Court is convinced that Defendant comes into court voluntarily and understands all his rights. Exhibit A is signed by Defendant and counsel and the record affirmatively shows colloquy between the Judge and Defendant and that Defendant fully and completely understands he is waiving his Constitutional rights and other effects of a guilty plea and the consequences thereof and the sentence that could be imposed. Upon the conclusion of said colloquy the Court accepts the guilty plea and finds Defendant guilty and enters a judgment of guilt to the charge of

_CPFI II x2, TOPI_

Notice of HOA / Drug / Weapon Enhancements given _____

P.S.I. ORDERED / WAIVED

Sentencing date is _Oct. 12_, 20_06_ at 8:30 a.m.

TRUMAN M. HOBBS, JR.
CIRCUIT JUDGE

Exhibit A2

Jolie
Federal
501 Capital Circle
Tallahassee, Fl. 32301





Office of the Court Cle
U.S. District Court
One Church Street
P.O. Box 711
Montgomery, Al. 36101-0