IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TOBIE MELISSA KIRKLAND, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v ) | Civil Action No. 2:07cv759-MHT |
| ) | (WO) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Tobie Melissa Kirkland ("Kirkland"), a federal inmate proceeding *pro se*, brings this action as a motion to vacate, set aside or correct her sentence pursuant to 28 U.S.C. § 2255. Kirkland challenges the revocation of her probation and makes allegations of ineffective assistance of counsel.

## I. PROCEDURAL HISTORY

In April 2004, after pleading guilty to bank theft in violation of 18 U.S.C. § 2113(b), Kirkland was sentenced to five years' federal probation subject to standard and special conditions. In April 2006, the United States initiated proceedings for revocation of Kirkland's probation after she was arrested on state charges of possessing a forged instrument and theft by deception. A revocation hearing was held on July 6, 2006, at the conclusion of which, the district court found Kirkland had violated the conditions of her probation by committing new criminal offenses. The court then revoked Kirkland's probation and imposed a 24-month sentence, to be followed by three years of supervised

release.  A final judgment on the revocation was entered on that same date.  The final judgment was amended on July 26, 2006.  Kirkland did not appeal this final judgment.

On August 20, 2007,[1] Kirkland filed this motion under 28 U.S.C. § 2255 challenging the revocation of her probation.  (Doc. No. 1.)  Kirkland asserts that her counsel in the revocation proceedings rendered ineffective assistance because he failed to ensure that the 24-month federal sentence imposed on the revocation of her probation was ordered to be served concurrently with a five-year state sentence later imposed on Kirkland when she was convicted on state charges.  (*Id.*)  The government filed an answer arguing Kirkland's motion is untimely and is therefore barred by the one-year period of limitation applicable to § 2255 motions. (Doc. No. 10.)  *See* § 105 of the Antiterrorism and Effective Death Penalty Act ("AEDPA").[2]

After due consideration of Kirkland's § 2255 motion, the parties' submissions, and the record in this case, the court concludes that an evidentiary hearing is not required and that, pursuant to Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*, the § 2255 motion should be denied because it is time-barred.

---

[1]Although the § 2255 motion was date-stamped "received" in this court on August 24, 2007, it was signed by Kirkland on August 20, 2007.  Under the "mailbox rule," a *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing, presumptively the date it is signed by the petitioner.  *Houston v. Lack,* 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999).  Under the circumstances, this court deems August 20, 2007, to be the filing date of Kirkland's motion.

[2]"Section 105 amended 28 U.S.C. § 2255, establishing a one-year 'period of limitation' for motions filed pursuant to § 2255." *Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998). This section became effective on April 24, 1996.

## II.   DISCUSSION

*A.   Limitation Period*

Paragraph 6 of 28 U.S.C. § 2255 specifies that the one-year period of limitation begins from the latest date of

> (1)  the date on which the judgment of conviction becomes final;
>
> (2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Although the AEDPA thus describes four different events that could trigger the limitation period, the relevant time, for purposes of Kirkland's claim, is the date on which the district court entered final judgment revoking her probation.

Here, Kirkland's federal probation was revoked on July 6, 2006. (See Criminal Docket, Case No. 2:03cr264-MHT). The district court entered a final amended judgment on July 26, 2006. (*Id.*) Kirkland did not file an appeal as to that judgment. By operation of law, then, the judgment became final on August 5, 2006 – 10 days after the district court entered its judgment.[3] Thus, Kirkland had until August 6, 2007, the first business day after

---

[3] *See* Fed.R.App.P. 4(b)(1) (defendant's notice of appeal in a criminal case must be filed in
(continued...)

August 5, 2007, to file a timely § 2255 motion with claims stemming from the revocation of her probation. However, she filed her § 2255 motion on August 20, 2007, *after* expiration of the one-year period of limitation.

*B.    Statutory Exceptions to Limitation Period*

Kirkland does not demonstrate that any of the exceptions specified in 28 U.S.C. § 2255 ¶ 6 (2)-(4) apply in her case such that the one-year limitation period started to run at some time after his conviction became final, § 2255 ¶ 6 (1). Specifically, there is no indication that a governmental action prevented Kirkland from filing a timely § 2255 motion. *See* § 2255 ¶ 6 (2). Moreover, Kirkland's claim does not rest on an alleged "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." § 2255 ¶ 6 (3). Finally, Kirkland does not submit any grounds for relief that could not have been put forth earlier under the exercise of due diligence. 28 U.S.C. § 2255 ¶ 6 (4).

*C.    Equitable Tolling of Limitation Period*

The limitation period may be equitably tolled on grounds apart from those specified in § 2255 ¶ 6 (2)-(4) "when a movant untimely files because of extraordinary circumstances

---

³(...continued)
the district court within 10 days after entry of the district court's judgment); *Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000) (for defendant who does not file a direct appeal, the conviction becomes final ten days after the district court's judgment is entered); *see also Moshier v. United States*, 402 F.3d 116, 118 (2nd Cir. 2005).

that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (1999); *see also Wade v. Battle*, 379 F.3d 1254, 1264-65 (11th Cir. 2004). An inmate bears the difficult burden of showing specific facts to support his claim of extraordinary circumstances and due diligence. *See Akins v. United States*, 204 F.3d 1086, 1089-90 (11th Cir. 2000).

Kirkland argues that she is entitled to equitable tolling excusing the untimely filing of her § 2255 motion because she was in state custody, without access to a law library with information about federal law and unaware of the status of her federal sentence, for part of the time during which the one-year limitation period ran, and because she was "in transit" to a federal facility and "not in a stable detention" during a later part of the one-year period. (Doc. No. 16.) Specifically, Kirkland asserts that she was (1) in the custody of the Alabama Department of Corrections from April 18, 2006, to May 21, 2007, and (2) in the custody of U.S. Marshals, in transit to a federal penitentiary, "from May 21, 2007 until June 2007." (Doc. No. 16 at p. 1.) According to Kirkland, it was not until June 2007, upon her arrival at F.C.I. Tallahassee, Florida, that she became "aware of computation data." (*Id*.) The court surmises that by "computation data," Kirkland is referring to the status of her federal sentence and/or information regarding the limitation period for the filing of her § 2255 motion.

A prerequisite to equitable tolling is the exercise of due diligence by the petitioner. *See Sandvik*, 177 F.3d at 1271. Kirkland does not allege any diligent action on her part to

5

find out when to timely file her § 2255 motion.  Nor does she establish the exercise of due diligence in ascertaining the status of her federal sentence following revocation of her probation or in waiting until August 20, 2007, after the limitation period expired, to file her § 2255 motion when, by her own admission, she was "aware of computation data" regarding her federal sentence and the limitation period *in June 2007*, over a month before the limitation period expired – and when none of the complained-of impediments existed.

Moreover, the mere alleged inadequacy of the state law library does not toll the statute of limitations.  *Akins*, 204 F.3d at 1090; *see Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).  *See also Lewis v. Casey*, 518 U.S. 343, 351 (1996) (because inmates have no "freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by" challenging the adequacy of the prison's law library or legal assistance program).  To show diligence, a petitioner claiming deficiencies in the prison law library must provide details of the specific actions taken toward filing the petition.  *Helton v. Secretary for the Dep't of Corr.*, 259 F.3d 1310, 1314 (11th Cir. 2001).  He must show "when he found out about the library's alleged deficiency," must "state any independent efforts he made to determine when the relevant limitations period began to run," and must demonstrate how the prison "thwarted his efforts."  *Id*.  Absent such evidence, the connection between the petitioner's untimely filing and any alleged inadequacies in the library is insufficient.  *Id*.  Kirkland does none of this.

Moreover, a petitioner's *pro se* status and ignorance of the law does not justify

equitable tolling. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004). *See also Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 96 (1990); *Miller*, 141 F.3d at 978 (not knowing about the period of limitation until too late is not ground for equitable tolling); *Godoski v. United States*, 304 F.3d 761, 762 (7th Cir. 2002) (ignorance of the law does not justify an extension of the one-year period to commence a collateral attack upon a criminal sentence). Finally, Kirkland does not establish that circumstances beyond her control prevented her from learning the status of her federal sentence and then taking steps to file a timely § 2255 motion. *See Rainey v. Secretary for the Department of Corrections*, 443 F.3d 1323, 1330 (11th Cir. 2006). For all these reasons, Kirkland is not entitled to equitable tolling.

Because Kirkland is not entitled to tolling, statutory or equitable, her § 2255 motion is time-barred, and it is unnecessary to address the merits of the claim she raises in the motion**.**

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the motion to vacate pursuant to 28 U.S.C. § 2255 be denied as time-barred and that this case be dismissed with prejudice. It is further

ORDERED that the parties shall file any objections to this Recommendation on or before April 8, 2009. A party must specifically identify the findings in the Recommendation

to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

     Done this 27th day of March, 2009.


                                      /s/Terry F. Moorer
                                      TERRY F. MOORER
                                      UNITED STATES MAGISTRATE JUDGE